LEIGH GODDARD, NV Bar No. 6315
LAURA JACOBSEN, NV Bar No. 13699
McDONALD CARANO WILSON LLP
100 W. Liberty St., 10th Floor
P.O. Box 2670
Reno, Nevada 89505
Telephone: (775) 788-2000
Facsimile:   (775) 788-2020
lgoddard@mcdonaldcarano.com
ljacobsen@mcdonaldcarano.com

*Attorneys for Defendants*
*John Estill and Estill Ranches, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ABEL CÁNTARO CASTILLO; ALCIDES INGA RAMOS, and those similarly situated,<br><br>                          Plaintiffs,<br><br>v.<br><br>WESTERN RANGE ASSOCIATION; MELCHOR GRAGIRENA; EL TEJON SHEEP COMPANY; MOUNTAIN PLAINS AGRICULTURAL SEVICE; ESTILL RANCHES, LLC; and JOHN ESTILL,<br><br>                          Defendants. | Case No.: 3:16-cv-00237-RCJ-VPC<br><br><br>**DEFENDANTS JOHN ESTILL AND ESTILL RANCHES, LLC'S MOTION TO DISMISS** |

        Defendants John Estill ("Estill") and Estill Ranches, LLC ("Estill Ranches") by

and through their counsel, McDonald Carano Wilson LLP, hereby move, pursuant to

Fed. R. Civ. P. 12(b)(1) and 12(b)(6), to dismiss Plaintiffs' Amended Complaint.  This

Motion is based upon the following Memorandum of Points and Authorities, the exhibits

attached hereto, the pleadings and papers on file, and any argument of counsel

entertained by the Court at any hearing on this matter.

                    **MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

        Plaintiffs Abel Cántaro Castillo ("Castillo") and Alcides Ramos Inga ("Inga";

collectively, "Plaintiffs") assert claims for unpaid wages and breach of contract based

upon Nevada law.  However, despite the Amended Complaint's attempts to state

otherwise, this Court does not have jurisdiction to consider their claims.   The Amended Complaint erroneously asserts federal question jurisdiction by relying upon a contract that allegedly incorporates federal regulations, but the mere fact that a state law claim may touch on an issue of federal law is patently insufficient to confer federal question jurisdiction.

The Complaint also attempts to assert diversity jurisdiction under the Class Action Fairness Act ("CAFA"), but fails to allege facts sufficient to satisfy *either* the numerosity or the amount in controversy requirement of CAFA.  Absent both, this Court does not have diversity jurisdiction.

The substance of the claims fares no better.  Only Plaintiff Inga has alleged claims against Estill and Estill Ranches.  First, Inga alleges that he was underpaid pursuant to Nev. Const. Art. 15, § 16 (the "Minimum Wage Amendment"), most recently in February of 2013.  However, by the time he filed this Complaint in October 2016, the two-year statute of limitations applicable to the Minimum Wage Amendment had already run, barring his claims.

Second, Inga alleges that Estill and Estill Ranches are liable for failing to pay him wages due when he abandoned his job at Estill Ranches.   Yet, Inga has no private right of action to enforce the statutory provisions cited in the Complaint.   Because Inga's remedy is administrative, this claim should be dismissed.

The promissory estoppel and unjust enrichment/quantum meruit claims fail.  In order to bring a claim for promissory estoppel in Nevada, a plaintiff must satisfy the heightened pleading standard for fraud found in Rule 9(b) of the Nevada Rules of Civil Procedure.  Inga does not allege the elements necessary for promissory estoppel with the required specificity.  More importantly, promissory estoppel, unjust enrichment and quantum meruit are not available where, as here, there is an express, written contract. Accordingly, Inga's claims fail.

Finally, and as a matter of law, the wage claims fail to the extent they are asserted against John Estill in his individual capacity.  Inga does not make any factual

McDONALD·CARANO·WILSON
100 WEST LIBERTY STREET, 10TH FLOOR • RENO, NEVADA 89501
P.O. BOX 2670 • RENO, NEVADA 89505-2670
PHONE 775-788-2000 • FAX 775-788-2020

allegations that would allow this Court to find that Estill acted as his employer.  At most, giving the allegations the most charitable interpretation, Estill was an agent for Inga's employer, Estill Ranches.  Furthermore, managers of a limited liability company are not liable for the acts of the company.  As such, Estill cannot be held personally liable for Inga's wage claims, even if this Court had jurisdiction over them.

For these reasons, and those discussed below, Defendants Estill and Estill Ranches respectfully request that the Court grant the Motion.

## II.    STATEMENT OF ALLEGED FACTS

In early 2012, a representative of Defendant Mountain Plains Agricultural Service ("MPAS") approached Inga in Peru and recruited him to be a shepherd in the United States.  (*See* ECF No. 45 at ¶ 59.)  Inga signed a written document with the MPAS representative detailing the terms of his employment.  (*Id.* at ¶ 60.)  The MPAS representative assisted Inga in obtaining a visa and preparing to work in the United States.  (*Id.* at ¶ 61.)

Once in the United States, MPAS assigned Inga to work at Estill Ranches.  (*Id.* at ¶ 62.)  After Inga arrived at Estill Ranches, he signed another document prepared by MPAS, which set specific terms of employment.  (*Id.* at ¶ 63.)  Inga began working at Estill Ranches in April 2012.  (*Id.* at ¶ 72.)  Inga abandoned the job without notice in February 2013.  (*Id.* at ¶ 80.)

On October 13, 2016, Inga was joined as a Plaintiff in this action and asserted claims in the Amended Complaint against MPAS, Estill Ranches, and Estill.[1]  In the Amended Complaint, Inga alleges five claims against Estill Ranches: (1) Count 16, failure to pay minimum wage in violation of the Nevada Constitution; (2) Count 17, breach of contract or quasi contract; (3) Count 18, promissory estoppel; (4) Count 19, unjust enrichment and quantum meruit; and (5) Count 20, failure to pay separated

---

[1]  Plaintiff Castillo asserts claims against defendants Western Range Association ("WRA"), El Tejon Sheep Company ("El Tejon"), and Melchor Gragirena ("Gragirena"), but he does not assert any claims against Estill or Estill Ranches.  Inga does not assert any claims against WRA, El Tejon, or Gragirena.

McDONALD·CARANO·WILSON ᴸᴸᴾ
100 WEST LIBERTY STREET, 10ᵀᴴ FLOOR • RENO, NEVADA 89501
P.O. BOX 2670 • RENO, NEVADA 89505-2670
PHONE 775-788-2000 • FAX 775-788-2020

employees' wages when due.  (ECF No. 45 at ¶¶ 261-87.)  Two of the claims, Counts 16 and 20, are also asserted against Estill in his individual capacity.  (*See id.* at ¶¶ 261-63, 279-87.)

## III.   LEGAL STANDARD

### A.   Standard for Motion to Dismiss Pursuant to FRCP 12(b)(1)

A federal court may dismiss a claim for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  Fed. R. Civ. P. 12(b)(1).  Because the plaintiff is the party invoking the court's jurisdiction, "the plaintiff bears the burden of proving that the case is properly in federal court." *Wright v. Incline Vill. Gen. Imp. Dist.*, 597 F. Supp. 2d 1191, 1198 (D. Nev. 2009) (citing *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001)).  A Rule 12(b)(1) motion may take one of two forms.  *Thornhill Publ'g Co. v. Gen. Tel & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).  It may be a "facial" challenge or it may be a "factual" challenge.  *Id.*  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

If the movant's challenge is a facial one, then the "court must consider the allegations of the complaint to be true and construe them in the light most favorable to the plaintiff." *Nevada ex rel. Colo. River Comm'n of Nev. v. Pioneer Cos.*, 245 F. Supp.2d 1120, 1124 (D. Nev. 2003) (citing *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989)).  If the attack is factual, however, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Thornhill Publ'g Co.*, 594 F.2d at 733 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).  The plaintiff has the burden of establishing that the court possesses subject matter jurisdiction by presenting affidavits or any other necessary

4

1   evidence.  *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).  Indeed, the

2   district court is "free to hear evidence regarding jurisdiction and to rule on that issue

3   prior to trial, resolving factual disputes where necessary." *Augustine v. United States*,

4   704 F.2d 1074, 1077 (9th Cir. 1983) (citing *Thornhill Publ'g Co.*, 594 F.2d at 733).

### B.    Standard for Motion to Dismiss Pursuant to FRCP 12(b)(6)

5   This Court may dismiss the Plaintiffs' Complaint if it "[fails] to state a claim upon

6   which relief can be granted."  FRCP 12(b)(6).  A complaint fails to state a claim upon

7   which relief can be granted if the factual allegations contained in the complaint, taken

8   as true, are insufficient to entitle the plaintiff to legal relief.  *Bell Atl. Corp v. Twombly*,

9   550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief

10  above the speculative level.").  With this standard in mind, to "state a valid claim, a

11  complaint must contain either direct or inferential allegations respecting all the material

12  elements to sustain recovery under some viable legal theory."  *Id.* at 568.  While the

13  Court must accept factual allegations as true, legal conclusions are entitled to no such

14  presumption. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  It is not enough for the

15  Plaintiffs to allege misconduct; they must "[nudge] their claims across the line from

16  conceivable to plausible." *Twombly*, 550 U.S. at 570.  As Plaintiffs' Complaint falls far

17  short of this standard, Estill and Estill Ranches respectfully request that this Court grant

18  the Motion in its entirety.

## IV.   ARGUMENT

### A.    Federal Jurisdiction is Lacking

Plaintiffs allege both federal question jurisdiction under 28 U.S.C. § 1331 and

diversity jurisdiction under CAFA, but neither are sufficient to establish federal

jurisdiction here.  Accordingly, the Complaint must be dismissed.

#### 1.    This Court Lacks Jurisdiction Under 28 U.S.C. § 1331 Because the Claims Do Not Arise Under Federal Law

Federal question jurisdiction can be established under 28 U.S.C. § 1331 if: (1)

authorized by a specific statute, or (2) state law claims are presented that "necessarily

McDONALD·CARANO·WILSON℠
100 WEST LIBERTY STREET, 10TH FLOOR • RENO, NEVADA 89501
P.O. BOX 2670 • RENO, NEVADA 89505-2670
PHONE 775-788-2000 • FAX 775-788-2020

raise a stated federal issue." *See Gunn v. Minton*, 133 S.Ct. 1059, 1064-65 (2013). Here, the Amended Complaint relies upon the latter basis since Plaintiffs fail to allege a federal statute that authorizes § 1331 jurisdiction.

"State-law claims give rise to federal question jurisdiction only where 'a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting [Congress's] federal-state balance.'" *St. Mary's Reg'l Med. Ctr. v. Renown Health*, 35 F. Supp. 3d 1275, 1281 (D. Nev. 2014) (quoting *Gunn*, 133 S.Ct. at 1064-65) (brackets in original).  Here, the Complaint fails to meet any of the four elements necessary to bring a claim originating in state law under § 1331.  Accordingly, this Court lacks federal question jurisdiction.

In this case, the claimed federal issues are not "necessarily raised." "A federal issue is necessarily raised where a state-law claim hinges on its adjudication." *St. Mary's Reg'l Med. Ctr.*, at 1282.  "However, when a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Id.* (internal quotations omitted).

Here, none of Plaintiffs' claims hinge on the adjudication of an issue of federal law.  Plaintiffs allege federal question jurisdiction for the breach of contract claims, and supplemental jurisdiction over the rest. (ECF No. 45 at ¶ 6.)  The Amended Complaint asserts that resolving the breach of contract claims will "require the Court to resolve significant and serious questions of federal law under 8 U.S.C. § 1101(1)(15)(H)(ii)(a) and…20 C.F.R. Part Subpart B." (*Id.*)  Inga's claim is based on his allegation that he had a contract with Estill Ranches that either explicitly or implicitly incorporated federal regulations that required Estill Ranches to pay the minimum wage under the Nevada Constitution. (*See id.* at ¶ 226.)  Even accepting these allegations as true (they are not), there is no jurisdiction under § 1331.  "Inclusion of a federal statute in a private contract does not, of itself, create federal subject matter jurisdiction." *Diven v. Amalgamated Transit Union Int'l & Local 689*, 38 F.3d 598, 602 (D.C. Cir. 1994).  Inga

alleges that Estill Ranches breached a contract by failing to fulfill its contractual obligations under Nevada minimum wage law.  Thus, the breach of contract claims "arise under state law."  *Olson v. Bemis Co.*, 800 F.3d 296, 300 (7th Cir. 2015).  Jurisdiction under § 1331 would therefore only be proper here if resolving Mr. Inga's claims "[hinged] on [the] adjudication" of an issue of federal law.  *See St. Mary's Reg'l Med. Ctr.*, at 1282.  The interpretation of the contract here does not hinge on the adjudication of any issue involving the federal regulations, but may be resolved as a question of Nevada law, i.e. whether Nevada's minimum wage law applies and how.  The contract is the source of Inga's breach of contract claim, not federal regulations, Inga's attempts at bootstrapping federal jurisdiction over breach of contract and Nevada wage law notwithstanding.  *See City of Chicago v. Comcast Cable Holdings, LLC*, 384 F.3d 901, 904-05 (7th Cir. 2004) ("Mentioning a federal issues in a contract, or for that matter a complaint, does not determine the source of the claim itself.").  Accordingly, federal issues are not "necessarily raised" in the Amended Complaint so this Court lacks jurisdiction under § 1331.

Second, while the requirements and applicability of the regulations are disputed, they are not substantial.  The fact that Plaintiffs claim that Defendants violated 20 C.F.R. § 655.210 does not establish federal jurisdiction over state contract and wage law claims, especially where Plaintiffs do not bring federal causes of action.  *Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1292-92 (11th Cir. 2004) ("The fact that a court must apply federal law to a plaintiff's claims or construe federal law to determine whether the plaintiff is entitled to relief will not confer federal subject matter jurisdiction—the implicated federal issue must be *substantial*.").  Nevada's state courts are courts of general jurisdiction and capable of construing and applying the regulations cited by Plaintiffs, to the extent such is necessary.

Finally, the Court finding federal question jurisdiction under these circumstances would tend to disrupt the federal-state balance.  "[A]rising-under jurisdiction to hear a state-law claim always raises the possibility of upsetting the state-federal line

drawn…by Congress." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).  Therefore, "the presence of a disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive." *Id.*  Here, the federal regulations intentionally carve out room for states to act autonomously of the federal government: the face of 20 C.F.R. § 655.210 provides that an employer must pay the highest of the AEWR, agreed-upon collective bargaining wage, state or federal minimum wage. 20 C.F.R. § 655.210(g).  Here, it would be a usurpation of a state's autonomy to determine its own minimum wage to treat an alleged state minimum wage violation in a breach of contract action (otherwise governed by state law) as creating a federal cause of action.

### 2. This Court Lacks Jurisdiction Under 28 U.S.C. § 1332 Because Plaintiffs Cannot Aggregate Claims Against Defendants

The Complaint further claims that this Court has diversity jurisdiction under 28 U.S.C. § 1332 ("§ 1332") pursuant to the Class Action Fairness Act ("CAFA").  CAFA provides alternative amount in controversy requirements and total diversity requirements for class actions.  *See* 29 U.S.C. § 1332(d).  Under CAFA, a federal court has original jurisdiction if the class is minimally diverse from the defendants, there are at least 100 plaintiffs, and the amount in controversy exceeds $5,000,000.  *Id.*  CAFA allows plaintiffs to aggregate their claims against the same defendant to meet the $5,000,000 amount in controversy requirement.  *Id.* § 1332(d)(6).  Because there is a presumption against federal diversity jurisdiction, the burden of proving CAFA's requirements falls on Plaintiffs.  *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) ("[I]t is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (internal quotations and brackets omitted).

Here, in an attempt to achieve the required amount in controversy, Inga has joined with an unrelated plaintiff, Castillo, bringing claims against unrelated defendants. (*See generally* ECF No. 45.)  "In diversity cases, when there are two or more

defendants, plaintiff may aggregate the amount against the defendants to satisfy the amount in controversy requirement only if the defendants are jointly liable." *Middle Tenn. News Co. v. Charnel of Cinncinnati, Inc.*, 250 F.3d 1077, 1081 (7th Cir. 2001). "[I]f the defendants are severally liable, plaintiff must satisfy the amount in controversy requirement against *each individual defendant*." *Id.* (emphasis added).

Here, there is no allegation that the unrelated Defendants are somehow jointly liable for Inga's claims. To the contrary, the classes Inga seeks to represent are defined as those employed by defendant MPAS and those employed by Estill Ranches. (ECF No. 45 ¶¶ 144-45, 161-62.) The classes Plaintiff Castillo seeks to represent are defined as those employed by WRA and those employed by El Tejon. (*Id.* ¶¶ 111-12, 128-29). Thus, the claims against each of the defendants are improperly aggregated.

Without the impermissible aggregation, the amount in controversy and numerosity requirements are not met (and they are not met even if the separate claims against separate defendants are impermissibly aggregated). Specifically, Inga seeks to represent a class of "approximately 27…[who] were underpaid at least two thousand dollars per month for—at the least—a period of over six years,[2] for a total of *over $2 million* in unpaid wages." (*Id.* at ¶ 7 (emphasis added).) Inga clarifies that there were "approximately 27 shepherds employed each year, [and] given that many shepherds did not work all six years, many more individuals are members of the class." (*Id.* at ¶ 7, n.2.) Thus, even if it were possible to assert claims going back six years, the Amended Complaint admits that many of these shepherds worked for multiple years such that a simple calculation of six years multiplied by 27 shepherds each year does not apply.

Accordingly, Inga has failed to allege facts to satisfy either the numerosity requirement or the amount in controversy requirement of CAFA. Inga's allegation that the class is 27 plus "many more individuals" is not sufficient to satisfy CAFA's numerosity requirement. *See* § 1332(d)(5)(B). Inga's alleged amount in controversy of

---

[2] Further, as discussed below, the contract claims should be dismissed and a two-year statute of limitations applies to the wage law claims. Thus, at most, only two years of allegedly unpaid wages and employees are at issue.

"over $2 million" is likewise insufficient to "[nudge] their claims across the line from conceivable to plausible" that the amount in controversy exceeds $5 million.  *See Twombly*, 550 U.S. at 570.  Taking the allegations as true, they are insufficient to establish diversity jurisdiction under CAFA.  This Court therefore does not have jurisdiction under § 1332.

Further, the jurisdictional arguments are defeated by the facts.  First, and as set forth below, the two-year statute of limitation under Nevada's Minimum Wage Amendment applies to bar Inga's claims.  Inga alleges he stopped working in February 2013, and his claims were not filed until October 2016.  Second, even if Inga asserted valid contract claims such that the six-year limitation period for written contracts applies (it does not), there were a total of 40 H-2A workers employed by Estill Ranches, including Inga, since October 2010.  (*See* Decl. of Lani Estill, attached hereto as Exhibit 1, at ¶ 3.)  Thus, CAFA's numerosity requirement is not met.[3]

For the foregoing reasons, there is no basis for federal jurisdiction over this action, and it should be dismissed.

### B.    Inga's Wage Claims Fail as a Matter of Law

Inga bring claims against Estill Ranches and Estill in his individual capacity for failure to pay the state minimum wage and failure to pay separated employee's wages when due.  But the face of the Complaint establishes that both claims are barred by the respective statutes of limitations.  Further, as Nevada does not allow for individual liability for wage claims, the claims against Mr. Estill are barred as a matter of law.

### 1.    The Statutes of Limitations Bar Inga's Wage Claims

Inga's wage claims arising under Nevada law are procedurally barred because they were not brought within the applicable statutory periods.  Inga alleges a claim

---

[3] Even if El Tejon and Estill Ranches' employees could be aggregated for purposes of CAFA jurisdiction (they cannot), there are still only 60 potential plaintiffs, including the named plaintiffs.  (*See* ECF No. 55-1 at p. 8 ¶ 4 (declaring 19 potential opt-in plaintiffs employed by El Tejon besides Plaintiff Castillo during the six-year period preceding the filing of the complaint).)

McDONALD·CARANO·WILSON<sub>LLP</sub>
100 WEST LIBERTY STREET, 10TH FLOOR • RENO, NEVADA 89501
P.O. BOX 2670 • RENO, NEVADA 89505-2670
PHONE 775-788-2000 • FAX 775-788-2020

under the Minimum Wage Amendment to the Nevada Constitution, Nev. Const., Art. 15, § 16.  However, claims brought under the Minimum Wage Amendment are subject to a two-year statute of limitations.  *Perry v. Terrible Herbst, Inc.*, 132 Nev. ___, 383 P.3d 257, 262 (2016) (applying the two-year statute of limitations in N.R.S. 608.260 to claims brought under the Minimum Wage Amendment).

Here, Inga alleges that he left the employ of Estill Ranches in February 2013.  (ECF No. 45 ¶ 80.)   He does not allege that any violation of the Minimum Wage Amendment occurred thereafter.  (*See generally id.*)  Accordingly, Inga was required to bring this claim in or before February 2015.   Yet, Inga did not file his claims until October 2016, more than 18 months after the February 2015 expiration of the two-year statute of limitations.  (*See id.*)  Accepting Inga's allegations as true, his minimum wage claim is barred.

Like Inga's claim under the Minimum Wage Amendment, his claim for "Failure to Pay Separated Employees Wages When Due" is also time-barred.  In Count Twenty, Inga alleges that he was not paid his final paycheck in violation of NRS 608.020 through 608.050.  (*Id.* ¶¶ 279-287.)  The Nevada legislature did not include a specific limitations period for such claims.  *See generally* NRS 608.020 – 608.050.  As a result, the limitations periods set forth in NRS Chapter 11 control.  NRS 11.010.  An "action upon a liability created by statute, other than a penalty or forfeiture" must be brought within three years of the action accruing.  NRS 11.190(3)(a).  Here, to the extent a claim accrued at all,[4] it accrued when Inga abandoned his job in February 2013.  (*See* ECF No. 45 ¶ 80.)  Because Inga is attempting to bring "an action upon a liability created by" NRS 608.020 through 608.050, Inga had three years, or until February 2016, to bring it.  Because Inga did not file his claims until October 2016,

---

[4]   There is no private right of action to enforce NRS 608.020 – 608.050.  *See* Part III(C)(2), *infra*.  Accordingly, Estill and Estill Ranches contend a cause of action here never accrued under the facts pled in the Amended Complaint.

McDONALD·CARANO·WILSON™
100 WEST LIBERTY STREET, 10TH FLOOR • RENO, NEVADA 89501
P.O. BOX 2670 • RENO, NEVADA 89505-2670
PHONE 775-788-2000 • FAX 775-788-2020

1  Inga's claim for failing to pay separate employee's wages when due as set forth in

2  Count Twenty, is time-barred.

3       **2.      There is No Private Right of Action for Failure to Pay Separated**
              **Employees' Wages When Due**

4

5       Even if Count Twenty is not barred, the claim should be dismissed because

6  there is no private right of action.  Inga contends that NRS 608.140 creates a private

7  right of action for unpaid wages under those statutes.   (ECF No. 45 at ¶ 282.)

8  However, the Nevada Legislature has entrusted the enforcement of NRS Chapter 608

9  to the Nevada Labor Commissioner by expressly providing that only the "Labor

10 Commissioner or the representative of the Labor Commissioner shall cause the

11 provisions of NRS 608.005 to 608.195, inclusive, to be enforced."   NRS 608.180;

12 *accord Bask v. Integrity Staffing Solutions, Inc.*, 713 F.3d 525, 533 (9th Cir. 2013), *rev'd*

13 *on other grounds* 135 S.Ct. 513 (2014) (no private action to sue under NRS 608.019

14 because the labor statutes are enforced by the Labor Commissioner) (citing *Baldonado*

15 *v. Wynn Las Vegas, LLC*, 194 P.3d 96, 102 (Nev. 2008) (holding there is no private

16 right of action to enforce NRS 608.160 when the "Legislature has expressly ordered the

17 Labor Commissioner to enforce that statute")).   Thus, there is no private right of action

18 to enforce "NRS 608.005 to 608.195, inclusive."  NRS 608.180.

19       This Court has also held that there is no private right of action to enforce NRS

20 608.005 to 608.195. *See, e.g.*, *Sheffer v. U.S. Airways, Inc*, 107 F.Supp.3d 1074, 1077-

21 78 (D. Nev. 2015) (ruling NRS 608.140 does not create a private right of action for

22 wage claims brought under NRS 608.005 - 608.195); *see also Sargent v. HG Staffing,*

23 *LLC*, No. 3:13-CV-00453-LRH-WGC, 2016 WL 128141, at *2 (D. Nev. Jan. 12, 2016)

24 (dismissing claims for alleged violations of NRS 608.140, 608.016, 608.018, 608.020,

25 608.030, 608.040, 608.050, and 608.100) (citing *Johnson v. Pink Spot Vapors Inc.*, No.

26

27

28

McDONALD·CARANO·WILSON

100 WEST LIBERTY STREET, 10TH FLOOR • RENO, NEVADA 89501
P.O. BOX 2670 • RENO, NEVADA 89505-2670
PHONE 775-788-2000 • FAX 775-788-2020

2:14-CV-1960-JCM-GWF, 2015 WL 433503, at *5 (D. Nev. Feb. 3, 2015) (holding that no private right of action exists under NRS 608.018 or 608.020).[5]

Inga's reference to NRS 608.140 is erroneous, since that section only applies to wage claims brought in an action to enforce an employment contract. *Sheffer*, 107 F. Supp. 3d at 1077-78 (A "claim under NRS 608.020-050 is not privately actionable because NRS 608.140 does not imply a private right of action to enforce NRS 608.006-608.195). Here, Inga has failed to allege any contract provision that grants him such a right of action. (*See generally* ECF No. 45.) To the extent Inga alleges a claim under NRS 608.140 separate from his breach of contract claim, he has failed to state a claim upon which relief should be granted and it should be dismissed.

### 3.   Estill is Not Personally Liable for Any of the Claims

Even if Inga had a cognizable wage claim against Estill Ranches, his claims would still fail against John Estill in his individual capacity. The Minimum Wage Amendment to the Nevada Constitution does not permit individual liability. *See Boucher v. Shaw*, 196 P.3d 959 (Nev. 2008) ("Under Nevada corporate law, individual liability does not extend to officers, directors, or stockholders of a corporation except as otherwise provided by *specific* statute.") (internal quotations omitted) (emphasis in

---

[5] *See also, Miranda v. O-Reilly Auto Stores, Inc.*, No. 2:14-cv-00878-RCJ-PAL, 2014 WL 4231372, at *2 (D. Nev. Aug. 26, 2014) (dismissing NRS 608.018, 608.020-.050, 608.100, 608.106 claims because the private right of action implied under NRS 608.140 extends only to contractual claims); *McDonagh v. Harrah's Las Vegas, Inc.*, No. 2:13-CV-1744-JCM-CWH, 2014 WL 2742874, at *3 (D. Nev. June 17, 2014) (holding that no private right of action exists to enforce labor statute under NRS 608.010 *et seq.* and NRS 608.020 *et seq.* and that NRS 608.140 only provides private rights of action for contractual claims); *Dannenbring v. Wynn Las Vegas, LLC*, 907 F. Supp. 2d 1214, 1219 (D. Nev. 2013) (dismissing NRS 608.018, 608.020, 608.040, 608.140 claims because NRS 608.140 implies a private right of action to recover in contract only); *Descutner v. Newmont USA Ltd.*, No. 3:13-cv-00371-RCJ, VPC, 2012 WL 5387703, at *2 (D. Nev. Nov. 1, 2012) (finding no private right of action under NRS 608.018 or 608.100); *Garcia v. Interstate Plumbing & Air Condition, LLC*, No. 2:10-CV-410-RCJ-RJJ, 2011 WL 468439, at *6 (D. Nev. Feb. 4, 2011) (finding no private right of action under NRS 608.018)); *see also Bask*, 713 F.3d at 523 (affirming dismissal of NRS 608.019 claim because no private right of action exists to enforce it); *Kenny v. Trade Show Fabrications W., Inc.*, No. 2:15-CV-410 JCM (VCF), 2016 WL 697110, at *3 (D. Nev. Feb. 18, 2016) (dismissing claims for violation of NRS 608.016, 608.040, and 608.190 with prejudice because there is "no private right of action to enforce the statutes under NRS Chapter 608").

McDONALD·CARANO·WILSON™
100 WEST LIBERTY STREET, 10TH FLOOR • RENO, NEVADA 89501
P.O. BOX 2670 • RENO, NEVADA 89505-2670
PHONE 775-788-2000 • FAX 775-788-2020

original).  *Boucher* dealt with whether individuals were "employers" under NRS 608.011, and thus subject to liability under the chapter.  *See id.*   The Court held:

> Because the Legislature has not unequivocally indicated its intent to equate managers with "employers" under [NRS] 608.011, we conclude that individual management-level corporate employees, such as respondents, cannot be held liable as employers for the unpaid wages of employees under Nevada's wage and hour laws.

*Boucher*, 196 P.3d at 963; *see also Canada v. Boyd Grp.*, 809 F. Supp. 771, 776, 782 (D. Nev. 1992) (dismissing discrimination claim against employees in their individual capacities brought pursuant NRS 613.330); *Christian v. Nev. Public Works Bd.*, No. 2:09-cv-00161-JCM-RJJ, 2009 WL 1407990, at *2-3 (D. Nev. May 18, 2009) (dismissing claims brought against individual defendants because "individual defendants cannot be held liable under NRS 613.330").  While the *Boucher* Court did not address the Minimum Wage Amendment, the Court's reasoning is applicable.  If the Legislature had intended individual officers to be liable under the Minimum Wage Amendment, it could have easily said so.  Rather, the Legislature defined an employer as "any individual, proprietorship, partnership, joint venture, corporation, limited liability company, trust, association, or other entity *that may employ individuals or enter into contracts of employment.*"  Nev. Const., Art. 15, § 16 (emphasis added).

While Inga alleges John Estill, individually, employed him, that allegation is based upon Estill allegedly "establishing a reasonable degree of oversight over Mr. Inga's work…[using] an agent to direct that Mr. Inga perform specific tasks" and by bringing "Mr. Inga his check on pay days or have an agent perform the same function…" (ECF No. 45 ¶¶ 17, 68-71.)  Thus, Inga confuses conduct by an agent of an employer with conduct by an employer itself.  Even taking the allegations as true, Inga has only alleged Estill Ranches was his employer.[6]  Inga has not properly alleged that Estill *individually* exercised oversight over Inga, or directed him to perform tasks, or

---

[6]  Inga's conclusory statements that Estill employed him are not entitled to a presumption of truth.  *See, e.g., Iqbal*, 556 U.S. at 678.

McDONALD·CARANO·WILSON
100 WEST LIBERTY STREET, 10TH FLOOR • RENO, NEVADA 89501
P.O. BOX 2670 • RENO, NEVADA 89505-2670
PHONE 775-788-2000 • FAX 775-788-2020

paid him. Rather, the alleged facts show that Estill Ranches did these things, through its agent, Estill. If the conduct described in Inga's Amended Complaint was enough to establish Estill's liability as an "employer," then the distinction between employers and their agents, especially agents who manage other employees, would be meaningless. To permit Inga's claims against Estill individually to stand would be to create an unprecedented judicial exception to Nevada limited liability company law and contravene Nevada's interest in protecting limited liability.

Inga's claims against Estill in his personal capacity also fail to the extent Inga seeks to hold Estill responsible as a member or manager of Estill Ranches, LLC, a Nevada limited liability company. Nevada law expressly limits the liability of a statutory manager of a limited liability company. Specifically, unless the articles of incorporation or a signed agreement provide otherwise, a member or manager of a limited liability company formed under Nevada law is not individually liable for the company's debts or liabilities. NRS 86.371; *see also Boucher*, 196 P.3d at 960 n.4 (Nev. 2008) ("NRS 86.371 makes clear that statutory managers of an LLC cannot be held individually liable"). "Nevada law expressly limits the liability of a member [or manager] of a limited liability company; that is the purpose of 'limited liability' in the name of the entity." *In re Giampietro*, 317 B.R. 841, 845 (Bankr. D. Nev. 2004). Inga attempts to hold Estill liable for Estill Ranches' alleged underpayment of wages, but fails to allege the existence of any provision of Estill Ranches operating agreement that would expose Estill to individual liability. Thus, there is no basis to hold Estill liable for Estill Ranches' alleged acts.

Additionally, because Estill is not personally liable for Estill Ranches' alleged failure to pay Inga minimum wage, he is also not liable for Estill Ranches' alleged failure to pay those wages timely. *See Canada*, 809 F. Supp. 771 at 782 (D. Nev. 1992); *Christian*, 2009 WL 1407990, at *2-3. Accordingly, Inga has failed to state a claim against Estill, and Estill should be dismissed from this action with prejudice.

/ / /

**C.    Inga Fails to Allege a Cognizable Claim for Breach of Contract**

Inga alleges a breach of contract cause of action premised upon Estill Ranches' alleged failure to pay the minimum wage as required by the Minimum Wage Amendment to the Nevada Constitution. (*See* ECF No. 45 ¶¶ 266-67.)   Inga bases his claim for breach of contract on Estill Ranches' alleged failure to comply with the terms of 20 C.F.R. §§ 655.122 and 655.210.   (*See id.*)   Inga's claim must be dismissed because Inga has failed to allege Estill Ranches has breached any express terms of a contract.

There are three elements to a claim for breach of contract in Nevada: "(1) the existence of a valid contract; (2) a breach by the defendant; and (3) damage as a result of the breach." *Calloway v. City of Reno*, 993 P.2d 1259 (Nev. 2000).   Inga argues that Estill Ranches breached an employment agreement with Inga by violating federal regulations allegedly incorporated into the employment agreement. (*See* ECF No. 45 ¶ 266.)   Specifically, Inga is alleging that the employment agreement incorporated 20 C.F.R. §§ 655.122 and 655.210 "through the H-2A Applications and job order" which in turn incorporated Nevada's Minimum Wage Amendment. (*Id.* ¶ 266-67.)   As discussed below, Inga has not asserted a cognizable claim for breach of contract.   Rather, this is a transparent attempt to circumvent Nevada's two-year statute of limitations for claims brought under the Minimum Wage Amendment.

A party generally cannot base a claim for breach of contract on an alleged breach of a federal regulation or state law.   *See Berger v. Home Depot U.S.A., Inc.*, 476 F.Supp. 2d 1174, 1176 (C.D. Cal. 2007) ("[A]n alleged violation of any purportedly applicable law does not constitute a breach of contract.")   Here, Inga would have to show the federal regulations and Minimum Wage Amendment "were intended to provide a basis for a breach of contract action."   *Id.* at 1177.   "Were it otherwise, violations…would create two claims for relief, something that is not provided by the statute."   *See id.*   Inga must "identify a specific contractual provision" that Estill Ranches violated in order to maintain his claim.   *See In re Anthem, Inc. v. Data Breach Litig.*, 162

16

F. Supp. 3d 953, 979 (N.D. Cal. 2016) (dismissing plaintiffs' claims for failing to identify specific contractual provision breached); *In re Worldcom, Inc. v. Sec. Litig.*, 456 F. Supp. 2d 508, 519 (S.D.N.Y. 2006) (finding a claim for breach of the duty of good faith and fair dealing insufficiently pled because plaintiff "[had] not identified any contractual provision concerning his margin account that was breached" despite customer agreement providing it "shall be subject to any applicable constitution, rules, regulations, customs and usages of the exchange or market and its clearinghouse...."). Inga does not so allege.

Inga's remedy was through a timely claim under the Minimum Wage Amendment.  There is nothing distinct in Inga's breach of contract action from his claim under the Minimum Wage Amendment.  Rather, the breach of contract claim constitutes an impermissible attempt to extend the statute of limitations.  He has presented no authority to indicate the Nevada Legislature intended parties to be able to use a breach of contract action to extend the statute of limitations for otherwise ordinary wage claims.  Accordingly, Inga's breach of contract claim should be dismissed.

### D.   The Promissory Estoppel, Unjust Enrichment, and Quantum Meruit Should be Dismissed With Prejudice

Inga asserts claims for promissory estoppel and unjust enrichment/quantum meruit in the alternative to his breach of contract claims.  These claims fail as a matter of law in the face of a valid, written contract.[7]

#### 1.   The Promissory Estoppel Claim Fails as a Matter of Law and Also is Inadequately Pleaded

"The doctrine of promissory estoppel, which embraces the concept of detrimental

_____

[7]   Where neither party disputes the existence of a contract, pleading of alternative theories is not permitted.  *See, e.g., O'Neill v. Kemper Ins. Companies*, 497 F.3d 578, 583 (6th Cir. 2007) (noting that "[i]n Ohio, where the parties have an enforceable contract and merely dispute its terms, scope, or effect, one party cannot recover for promissory estoppel...") (internal quotations omitted).  Here, neither party disputes that there is an enforceable contract.

McDONALD·CARANO·WILSON ℠
100 WEST LIBERTY STREET, 10TH FLOOR • RENO, NEVADA 89501
P.O. BOX 2670 • RENO, NEVADA 89505-2670
PHONE 775-788-2000 • FAX 775-788-2020

reliance, is intended as a substitute for consideration, and not as a substitute for an agreement between the parties." *Vancheri v. GNLV Corp.*, 421, 777 P.2d 366, 369 (1989). Like Inga's unjust enrichment/quantum meruit claim, his claim for promissory estoppel fails in the presence of an express, written contract. *See, e.g., Am. Sav. & Loan Ass'n v. Stanton-Cudahy Lumber Co.*, 455 P.2d 39, 41 (Nev. 1969) (noting that the doctrine of promissory estoppel "provides that in a case *where traditional consideration is lacking*, reliance which is foreseeable, reasonable, and serious will require enforcement if injustice cannot otherwise be avoided.") (emphasis added).

The parties do not dispute the existence of an express, written contract. Further, Inga has not alleged any damage from a failure of consideration. (*See generally* ECF No. 45.) Rather, Inga's promissory estoppel claim rests on the same grounds as his contract claim: Estill Ranches' alleged "promise" to adhere to 20 C.F.R. §§ 655.122 and 655.210. (*See id.* ¶ 271.) To the extent his promissory estoppel claim rests on the same foundation as his breach of contract claim, it fails for the same reasons Inga's breach of contract claim fails. (*See* Part III(D) *supra*.)

Even if Inga could make a claim for promissory estoppel, he has failed to plead facts specific enough to satisfy the heightened pleading standard for promissory estoppel claims. To state a claim for promissory estoppel, Inga is required to plead:

> (1) the party to be estopped must be apprised of the true facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting estoppel has the right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; (4) he must have relied to his detriment on the conduct of the party to be estopped.

*Pink v. Busch*, 691 P.2d 456, 459 (Nev. 1984). Claims for promissory estoppel are subject to the same heightened pleading standards as claims for fraud. *See Blanford v. SunTrust Mortg., Inc.*, No. 2:12-CV-852 JCM RJJ, 2012 WL 4613023, at *4 (D. Nev. Oct. 1, 2012) ("[P]romissory estoppel claims are subject to the heightened pleading standards of Nevada Rule of Civil Procedure 9(b) requiring that the circumstances constituting fraud or mistake shall be stated with particularity.") (internal quotations

omitted); *Hasan v. Ocwen Loan Servicing, LLC*, No. 2:10-CV-00476-RLH, 2010 WL 2757971, at *2 (D. Nev. July 12, 2010) ("Although Rule 9(b) does not expressly apply to promissory estoppel claims, the Court concludes that Rule 9(b)'s heightened pleading standard applies because promissory estoppel involves false statements and conduct amounting to misrepresentation.")  "Compliance with this general rule requires an account of the time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentations." *Branch Banking & Trust Co. v. Iny*, No. 2:13-CV-00469-LRH, 2014 WL 2459525, at *5 (D. Nev. May 30, 2014) (internal quotations omitted).

Here, the Complaint has failed to satisfy the heightened pleading standard for promissory estoppel.  Instead of providing "an account of the time, place and specific content of the false representations," the Complaint alleges only that "Estill Ranches promised [Inga] and the Estill Ranches Class that it would adhere to 20 C.F.R. § 655.122 and 20 C.F.R. § 655.210."  (ECF No. ¶ 271.)  There is no specificity with regard to when the promise was made, where the promise was made, what was specifically promised, and how that promise was false.  Inga has not pled specific facts to allege the elements of promissory estoppel; his allegations are impermissibly conclusory and lack the specificity required under FRCP 9(b).  Accordingly, the claim should be dismissed.

### 2.    The Unjust Enrichment and Quantum Meruit Claims Fail

Inga also raises an "unjust enrichment/quantum meruit" claim.  (*Id.* ¶¶ 275-78.)  This claim also fails due to the existence of an express written contract.  *See Leasepartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 942 P.2d 182, 187 (Nev. 1997) ("An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement."); *Lipshie v. Tracy Inv. Co.*, 566 P.2d 819, 824 (Nev. 1977) ("To permit recovery by quasi-contract where a written agreement exists would constitute a subversion of contractual principles.").  Further, "a claim for quantum meruit

McDONALD·CARANO·WILSON LLP
100 WEST LIBERTY STREET, 10TH FLOOR • RENO, NEVADA 89501
P.O. BOX 2670 • RENO, NEVADA 89505-2670
PHONE 775-788-2000 • FAX 775-788-2020

is not actionable when the claim is based on an express contract." *WuMac, Inc. v. Eagle Canyon Leasing, Inc.*, No. 2:12-CV-0926-LRH-VCF, 2013 WL 593396, at *4 (D. Nev. Feb. 14, 2013).

When pled in conjunction with unjust enrichment, quantum meruit "serves as a remedy." *Risinger v. SOC LLC*, 936 F. Supp. 2d 1235, 1247 (D. Nev. 2013).   Inga alleges quantum meruit in conjunction with unjust enrichment, so if the unjust enrichment claim fails, so too does the quantum meruit claim.   *See id.* (noting the plaintiff could only seek quantum meruit "as a remedy to the extent he can demonstrate unjust enrichment").   As noted above, the unjust enrichment claim fails in the presence of an express contract.   Therefore, the quantum meruit claim cannot stand and should be dismissed.

## V.    CONCLUSION

For the reasons set forth above, Plaintiff Inga's claims should be dismissed because Plaintiff fails to properly invoke either federal question or diversity jurisdiction. Even if this Court had jurisdiction, Inga's claims against Estill as an individual must fail as a matter of Nevada law.   Further, the claims under the Minimum Wage Amendment are barred by the statute of limitations.   The contract claims fail as a result of Inga's failure to alleged the breach of an express term.   Finally, Inga has failed to meet the heightened pleading standard for promissory estoppel, and cannot maintain an action for promissory estoppel, unjust enrichment or quantum meruit in the presence of an express, written contract.   Accordingly, Estill and Estill Ranches respectfully request that this Court to grant this Motion in its entirety.

RESPECTFULLY SUBMITTED this 9th Day of December, 2016.

**McDONALD CARANO WILSON LLP**

By: /s/  Leigh Goddard
Leigh Goddard
Laura Jacobsen

*Attorneys for Defendants*
*John Estill and Estill Ranches, LLC*

## CERTIFICATE OF SERVICE

I hereby certify, under penalty of perjury, that I am an employee of McDonald Carano Wilson LLP and I caused to be electronically filed on this date a true and correct copy of the Defendants John Estill and Estill Ranches, LLC's Motion to Dismiss with the Clerk of the Court using the CM/ECF system, which will automatically e-serve the same on the attorney(s) of record set forth below:

Alexander N. Hood, Esq.
TOWARDS JUSTICE
1535 High Street, Suite 300
Denver, CO  80218

Brian Corman, Esq.
Christine E. Webber, Esq.
COHEN MILSTEIN
SELLER S& TOLL PLLC
1100 New York Avenue NW, Suite 500
Washington, D.C.  20005

Mark R. Thierman, Esq.
Joshua D. Buck, Esq.
Leah L. Jones, Esq.
THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV  89511

J. Larry Stine, Esq.
Elizabeth K. Dorminey, Esq.
WIMBERLY, LAWSON, STECKEL,
SCHNEIDER & STINE, P.C.
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, GA  30326

Anthony L. Hall, Esq.
R. Calder Huntington, Esq.
HOLLAND AND HART LLP
5441 Kietzke Lane, Suite 200
Reno, NV  8511

Paul J. Anderson, Esq.
MAUPIN, COX & LEGOY
P.O. Box 30000
Reno, NV  89520

Ellen Jean Winograd, Esq.
Joshua M. Woodbury, Esq.
WOODBURN AND WEDGE
6100 Neil Road, Suite 500
Reno, NV  89511-1149

DATED this 9th day of December, 2016.

_____/s/ Nancy A. Hoy_____
Nancy A. Hoy

McDONALD·CARANO·WILSON
100 WEST LIBERTY STREET, 10TH FLOOR • RENO, NEVADA 89501
P.O. BOX 2670 • RENO, NEVADA 89505-2670
PHONE 775-788-2000 • FAX 775-788-2020

**LIST OF EXHIBITS**

| EXHIBIT | DESCRIPTION | PAGES |
|---------|-------------|-------|
| 1. | Declaration of Lani Estill | 2 |