# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ABEL CANTARO CASTILLO, et al.,

    Plaintiffs,

vs.

WESTERN RANGE ASSOCIATION, et al.,

    Defendants.

3:16-cv-00237-RJC-VPC

**ORDER**

Pending before the Court is the Joint Motion for Approval of Settlement Agreement and for Dismissal with Prejudice (ECF No. 160). Plaintiff Alcides Inga Ramos ("Inga") and Defendants John Estill and Estill Ranches, LLC (collectively "Estill") and Mountain Plains Agricultural Service ("MPAS"), jointly move for an order approving a settlement agreement and mutual release between Inga, Estill and MPAS, and for dismissal with prejudice. Because this Court lacks subject matter jurisdiction, it cannot approve the proposed settlement agreement. Consequently, the Joint Motion is granted in part and denied in part.

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Accordingly, the presumption is "they are without jurisdiction unless the contrary affirmatively appears." *Meneses v. U-Haul Int'l, Inc.*, No. C-11-03615 DMR, 2012 WL 669518, at *4 (N.D. Cal. Feb. 29, 2012) (citing *Owen*, 437 U.S. at 374). Subject matter jurisdiction is a perquisite requirement that may not be

waived. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Federal courts "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto. For that reason, every federal . . . court has a special obligation to "satisfy itself [that jurisdiction exists]." *Id.* Here, the Court is not satisfied that it has subject matter jurisdiction.

As the parties recognize in their joint Motion, the Court has twice dismissed this action for lack of subject matter jurisdiction. Specifically, this Court held:

> Following Plaintiffs' amendment of their pleading, the Court remains unsatisfied that the requirements of diversity jurisdiction under 28 U.S.C. § 1331(d) (CAFA) are met.
>
> . . .
>
> In its prior order dismissing this case, the Court concluded that it is Plaintiffs' burden to establish the legal possibility that they and their proposed classes might recover more than $5 million. (Order 13–14, ECF No. 107.)
>
> . . .
>
> It is apparent to the Court that Plaintiffs rely on certain unreasonable assumptions and inferences in alleging that the requirements of CAFA are satisfied. Moreover, and more significantly, Defendants have presented evidence in the form of signed declarations which demonstrate the unreasonableness of Plaintiffs' class-wide assumption that every shepherd is entitled to 24/7 compensation for every day of every year, and Plaintiffs have proffered no evidence in response. Under Ninth Circuit precedent, CAFA's requirements should be tested "by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions." Ibarra, 775 F.3d at 1198. Accordingly, Plaintiffs have not persuaded the Court that the requirements of CAFA are met here, and this action must be dismissed for lack of subject matter jurisdiction.

(Order 5:13–5:14, 6:9–6:11, 11:2–11:11, ECF No. 140.) In their present Motion, the parties have not provided any new evidence that this Court possess subject matter jurisdiction. In fact, the parties do not even allege or argue that the Court has jurisdiction. Accordingly, the Court is unable to conclude that subject matter jurisdiction exists here.

Without subject matter jurisdiction, the Court cannot approve the proposed settlement agreement. *See Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 170 (2010) (analyzing the jurisdiction of a district court to approve a settlement); *In re 350 Encinitas Investments, LLC*, 313 F. App'x 70, 72 (9th Cir. 2009) (requiring subject matter jurisdiction for a bankruptcy court to approve a settlement); *Hudson v. Grand Deposit Min. Co.*, 458 F.2d 1202, 1205 (9th Cir. 1972) (stating that a court had authority to approve a settlement agreement because it possessed subject matter jurisdiction and appellants actively participated); *Wright v. Special Logistics Portland, LLC*, No. 3:15-CV-02058-SB, 2018 WL 358497, at *1 (D. Or. Jan. 10, 2018) (denying a joint motion for approval of a settlement agreement where the court lacked subject matter jurisdiction); *Ikuseghan v. Multicare Health Sys.*, No. 3:14-CV-05539-BHS, 2016 WL 3976569, at *5 (W.D. Wash. July 25, 2016) (stating that the court had subject matter jurisdiction over the claims in the complaint to approve the settlement agreement); *Douglas v. Arcadia Health Servs., Inc.*, No. CV-11-03552 SBA, 2012 WL 12953866, at *1 (N.D. Cal. Apr. 17, 2012) (noting that the court had subject matter jurisdiction over the claims in the complaint to approve a settlement); *Villegas v. The Pep Boys Manny Moe & Jack of Cal.*, 551 F. Supp. 2d 982, 993 (C.D. Cal. 2008) (denying a motion for approval of a settlement because the court lacked subject matter jurisdiction). The parties have provided no caselaw or legal authority to the contrary to support the proposition that the Court can approve a settlement without subject matter jurisdiction. Consequently, the Court is unable to approve the joint settlement agreement. No opinion is expressed about the settlement's merits. Per request, the matter is dismissed with prejudice.

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Joint Motion for Approval of Settlement Agreement and for Dismissal with Prejudice (ECF No. 160) is DENIED in part and GRANTED in part. This matter is dismissed with prejudice.

IT IS FURTHER ORDERED that the Joint Motion to Seal (ECF No. 161) is DENIED as moot.

IT IS SO ORDERED.

Dated: This 11th day of March, 2019.

_____
ROBERT C. JONES
United States District Judge