| | |
|---|---|
| 1 | THIERMAN BUCK LLP |
| | MARK R. THIERMAN, ESQ. |
| 2 | Nevada State Bar No. 8285 |
| | mark@thiermanbuck.com |
| 3 | JOSHUA D. BUCK, ESQ. |
| | Nevada State Bar No. 12187 |
| 4 | josh@thiermanbuck.com |
| | LEAH L. JONES, ESQ. |
| 5 | Nevada State Bar No. 13161 |
| | leah@thiermanbuck.com |
| 6 | 7287 Lakeside Drive |
| | Reno, Nevada 89511 |
| 7 | Telephone: (775) 284-1500 |
| | Facsimile: (775) 703-5027 |

CHRISTINE E. WEBBER, ESQ.
(Admitted Pro Hac Vice)
cwebber@cohenmilstein.com
BRIAN CORMAN, ESQ.
(Admitted Pro Hac Vice)
bcorman@sohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave., NW, Ste 500
Washington, DC 20005

TOWARDS JUSTICE
ALEXANDER HOOD, ESQ.
(Admitted Pro Hac Vice)
alex@towardsjustice.org
1535 High Street, Ste. 300
Denver, CO  80218

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ABEL CANTARO CASTILLO on behalf of himself and those similarly situated, | CASE NO. 3:16-cv-00237-RCJ-CLB |
| Plaintiff, | |
| vs. | |
| WESTERN RANGE ASSOCIATION | |
| Defendant. | |

**<u>PLAINTIFF'S MOTION FOR PROTECTIVE ORDER</u>**

Pursuant to Rule 26(c), Plaintiff seeks a protective order postponing the deposition of

1

Plaintiff Abel Cántaro Castillo.  Plaintiff, a citizen of Peru, who resides in Peru, has applied for a visa to travel to the United States to appear for his deposition.  However, he has not yet received his visa.  Counsel for WRA has been kept informed of his visa application progress, and that he has an interview at the consulate on March 11, 2020, which is the next step is the process.  Nonetheless, WRA has refused to re-schedule the deposition of Mr. Cántaro Castillo, which it set for today, February 25, 2020 at 9:00 AM, unless Plaintiff agrees to delay all other depositions until after Mr. Cántaro Castillo's deposition is completed.  Because Plaintiff cannot control when or if the visa will be granted, and there are other deadlines looming which cannot be met while Defendant refuses to produce a WRA representative for deposition, Plaintiffs seek a protective order.

While this action was filed in 2016, briefing on multiple motions to dismiss and an appeal to the Ninth Circuit occupied most of the first three years of the case's history.  Following remand to this Court, Defendant answered the complaint on October 31, 2019, and discovery opened on November 1, 2019.  That same day, Defendant noticed Plaintiff's deposition for January 7, 2020.  Plaintiff's counsel began working on his visa application, learned that his Peruvian passport had expired and that he would need to get a new one, and notified counsel for WRA that this would delay his visa application.  Plaintiff obtained his new Peruvian passport on December 23, 2019, and a copy was provided to WRA, who agreed to remove the January 7 deposition from the calendar.  On January 29, WRA noticed Plaintiff's deposition for February 25, 2020.

In January, Plaintiffs completed the visa application, including consulting with separate immigration counsel to maximize the chance that the visa would be granted.  The visa application was submitted on February 3, and the confirmation of the visa application was produced to counsel for WRA on February 4, 2020.  Plaintiffs counsel have regularly updated counsel for WRA regarding the progress of the visa application process, and counsel for WRA was aware that the visa had not yet been granted.  Plaintiff offered a video deposition on February 25, which WRA refused.  Counsel conferred on February 24 and counsel for WRA stated her intention to proceed with the deposition, while knowing that Plaintiff had been unable to secure a visa yet to enter the United States.  Counsel continued to try to resolve the issue late into the evening of February 24, and with a final exchange this morning.  Since the parties were unable to reach agreement, Plaintiff requests a

protective order be issued, directing that Mr. Cántaro Castillo's deposition not take place until a visa has been issued permitting him to travel to the United States, or that his deposition be taken by video, or in person in Peru if resolution of the visa issue would cause undue delay in the case.

This Court permits issuance of a protective order when "good cause" is shown. *U.S. E.E.O.C. v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006).  This Court has recognized that when a plaintiff's deposition is scheduled for a date when the plaintiff is not physically present in the state, that good cause was shown, and the deposition should be rescheduled. *Hansen v. Invironmentalists Commercial Servs. Co.*, No. 206CV00868BESLRL, 2008 WL 11450899, at *7 (D. Nev. Feb. 27, 2008). That parallels the circumstances here, where Plaintiff clearly cannot simply travel to the United States without a visa.  Moreover, Defendant's attempt to impose conditions on any rescheduling, in which depositions sought by plaintiffs must be delayed until this deposition is completed is inconsistent with Fed. R. Civ. P. 26(d)(2)(B), as courts have recognized. *Houserman v. Comtech Telecommunications Corp.*, No. 2:19-CV-00336-RAJ, 2019 WL 6052407, at *2 (W.D. Wash. Nov. 15, 2019). Here good cause has been shown, as set forth above, and a protective order is appropriate.

A declaration detailing the parties' communications on this issue and Plaintiffs' good faith efforts to resolve it is filed concurrently in support of this motion.

COHEN MILSTEIN SELLERS & TOLL PLLC

 /s/Christine E. Webber
CHRISTINE E. WEBBER, ESQ.
(Admitted Pro Hac Vice)
cwebber@cohenmilstein.com
BRIAN CORMAN, ESQ.
(Admitted Pro Hac Vice)
bcorman@sohenmilstein.com
1100 New York Ave., NW, Ste 500
Washington, DC 20005

THIERMAN BUCK LLP
MARK R. THIERMAN, ESQ.
Nevada State Bar No. 8285
mark@thiermanbuck.com
JOSHUA D. BUCK, ESQ.
Nevada State Bar No. 12187

3

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

josh@thiermanbuck.com  
LEAH L. JONES, ESQ.  
Nevada State Bar No. 13161  
leah@thiermanbuck.com  
7287 Lakeside Drive  
Reno, Nevada 89511  
Telephone: (775) 284-1500  
Facsimile: (775) 703-5027  

TOWARDS JUSTICE  
ALEXANDER HOOD, ESQ.  
(Admitted Pro Hac Vice)  
alex@towardsjustice.org  
1535 High Street, Ste. 300  
Denver, CO  80218  

*Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2020, a true and correct copy of the foregoing was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

By: /s/ Christine E. Webber
Christine E. Webber