UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

ABEL CÁNTARO CASTILLO;
ALCIDES INGA RAMOS, and those similarly situated,

    Plaintiffs,

v.

WESTERN RANGE ASSOCIATION;
MELCHOR GRAGIRENA;
EL TEJON SHEEP COMPANY;
MOUNTAIN PLAINS AGRICULTURAL
SERVICE; ESTILL RANCHES, LLC; and
JOHN ESTILL

Case No.: 3:16-CV-00237-RCJ-CLB

SECOND STIPULATED PROTECTIVE ORDER

THIS MATTER comes before the Court on the Joint Motion for Entry of Stipulated Protective Order submitted by Plaintiff Abel Cántaro Castillo and Defendant Western Range

2203427.1

Association (hereinafter the "Parties"), by which the Parties agree, and the Court finds, pursuant to FRCP 26(c), that good cause exists to support the entry of a protective order over the discovery and dissemination of certain information deemed confidential by one of the Parties. This Second Stipulated Protective Order will expedite the disclosure of information and production of documents protected by privilege or statutes, preserve the confidentiality of such information, protect privacy interests of the Parties and non-parties, and help to avoid potential discovery disputes related to information that is designated confidential. The Court, being fully advised, hereby ORDERS as follows:

## GENERAL PROVISIONS

1. In this action, at least one of the Parties has sought and/or is seeking Confidential Material (as defined in paragraph 5 below). This Protective Order shall apply to all documents, materials, and information that is sought by a party either from other parties to this litigation or from any third party with possession or custody of Confidential Material during discovery, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure. The Parties assert the disclosure of Confidential Material outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests, and could result in significant injury to a third party's privacy interests, as well as significantly erode the attorney-client privilege. The Parties have entered into this Stipulation and request the Court enter this Protective Order for the purpose of preventing the disclosure and use of Confidential Material except as set forth herein.

2. As used in this Protective Order, "document" is defined as designated in FRCP 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

3. This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

4. Nothing in this Protective Order shall prevent any party or other person from seeking modification of this Order, from objecting to discovery that the party or other person believes to be

improper, or from filing a motion with respect to the manner in which Confidential Material shall be treated at trial. Nothing in this Protective Order shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of confidential documents or information sought.

## CONFIDENTIAL MATERIAL

5. "Confidential Material" means those documents or personal identifying information that the designating party believes to be protected by law, including FRCP 26, and is designated by one of the Parties in the manner provided in paragraph 15 below, the disclosure of which the designating party believes may implicate the privacy interests of Plaintiff, Defendant, third parties and/or information contained in confidential business records and communications by the designating party or a third party with possession or custody of such information. Any information designated by a party as confidential will first be reviewed by counsel, and designation will be based on a good faith belief that the information is confidential and entitled to protection under the law, including Rule 26. The documents or information so designated shall be deemed "Confidential Material" subject to this Protective Order. Confidential Material does not include (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

6. Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those pages of a document which qualify as Confidential Material, in order to avoid sweeping an entire document unjustifiably within the ambit of this Order, where only some pages contain Confidential Material. Indiscriminate designations of

confidentiality are inconsistent with this Order. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

7. Confidential Material shall not be disclosed to any person or entity not a party to this lawsuit except as expressly provided herein. Confidential Material shall only be used in this lawsuit between the Parties to this lawsuit only, including any appeal. Confidential Material shall not be disclosed to any person or entity other than the Parties to this suit, counsel who have entered an appearance in this case and their staff, Judges, Magistrates, law clerks and other clerical personnel of the Court before which the action is pending, and other individuals as designated in paragraph 10 of this Protective Order.

8. Any Confidential Material produced during the course of this action shall be used solely for the purposes of this action between the Parties in this suit only, and shall not be disclosed or used for any other purpose including, but not limited to, any business, commercial, competitive, or publicity purpose. All obligations and duties arising under this Protective Order shall survive the termination of this action.

9. Nothing herein shall prevent disclosure beyond the terms of this Order if this Court, after notice to all affected Parties, orders such disclosure.

10. It shall be the responsibility of counsel to take reasonable and proper steps to ensure that this Protective Order and all provisions hereof are made known to any person who shall examine Confidential Material as provided herein. Counsel to the Parties are required to advise, instruct and supervise all associates, staff and employees of documents to keep designated Confidential Material confidential in the strictest possible fashion. Counsel and the Parties also agree to such treatment of the information by themselves, and counsel will appropriately instruct their clients as to the protected nature of the information produced pursuant to this Protective Order and the limitations on its use and disclosure.

11. All Confidential Material including any and all copies thereof shall be kept by counsel in an appropriately safe place, given its confidential status. Except as otherwise provided,

access to any Confidential Material shall be limited solely to the following persons:

   a. Counsel for the Parties and their associates, legal assistants, and other support employees who have a demonstrable need for such disclosure in order to conduct this litigation, and outside vendors retained by counsel for the Parties, including messenger, copy, coding and other clerical services, including document processing and conversion, archiving and database services, electronic data processing firms and personnel, translators and interpreters;

   b. Plaintiff, Defendant, whether third party or otherwise, and any officers, directors, agents, or employees of Plaintiff and Defendant who have a need for such disclosure in order to conduct this litigation;

   c. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

   d. The Court, persons employed by the Court, jury personnel, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action, or any appeal therefrom;

   e. Testifying or non-testifying experts who are not employees of the Parties and are utilized for purposes of this litigation; but only after each such person has read this Protective Order and consented in writing to be bound by the provisions thereof as indicated by execution of the Agreement attached hereto as Exhibit A. If any such expert refuses to sign the Agreement, the question whether the witness shall be shown and questioned about the Confidential Material shall be presented to the Court;

   f. Witnesses in the action to whom disclosure is reasonably necessary during their depositions, and witnesses disclosed by any party pursuant to FRCP 26(a)(1)(A)(i); but only after each such person has been given a copy of this Protective Order and consented in writing to be bound by the provisions thereof as indicated by execution of the Agreement attached hereto as Exhibit A. If any such witness refuses to sign the Agreement, the question whether the witness shall be shown and questioned about the Confidential Material shall be presented to the Court;

   g. Representatives of any insurance company holding a policy believed in good faith

- 5 -
SECOND PROPOSED STIPULATED PROTECTIVE ORDER

2203427.1

by any party to cover any claim in this lawsuit; but prior to disclosure to any insurance representative, the insurance representative must be informed of and agree to be subject to the provisions of this Protective Order requiring that the documents and information be held in confidence, as indicated by execution of the Agreement attached hereto as Exhibit A;

    h.    With the exception of witnesses while testifying at trial, or persons who either authored or previously received Confidential Material, such information may be disclosed to other persons not authorized by this Protective Order only with the mutual agreement in writing between and among counsel for the Parties, in advance of any disclosure to such person, only upon executing the Agreement in Exhibit A.

    12.    Prior to disclosing any Confidential Material to any person listed in paragraphs 11 (a)–(h) above, counsel shall inform such person of this Protective Order and provide such person with a copy of Exhibit A to be signed acknowledging that he or she has knowledge of this Protective Order and agrees to be bound by its provisions. All such signed Agreements shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by counsel.

    13.    All copies, excerpts or summaries made, shown or given to those authorized hereby and according to the provisions hereof shall be stamped to indicate the protected and confidential nature of the disclosed information. Review of Confidential Material by counsel, experts or consultants for the litigation will not constitute any waiver of the confidentiality of the document or of any objections to production. The inadvertent, unintentional or in camera disclosure of Confidential Material shall not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality.

    14.    All Documents submitted to the Court which attach, quote from or refer to Confidential materials shall be electronically filed under seal with reference to this Protective Order to ensure that the Documents are protected as set forth in this Protective Order. Unless otherwise permitted by statute, rule or prior court order, papers filed with the court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall

- 6 -
SECOND PROPOSED STIPULATED PROTECTIVE ORDER

2203427.1

be filed consistent with the court's electronic filing procedures in accordance with Local Rule IA 10-5. Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. *See Kamakana v. City & Cty. of Honolulu*, 447 F.2d 1172 (9th Cir. 2006); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010). In the event the Court refuses to allow the filing under seal of such Information designated as Confidential, a party shall still be permitted to file such Information, but it will continue to be treated as Confidential in all other respects. The Court's ruling shall not preclude the filing of the document, or otherwise affect the confidentiality designation.

15. If, through inadvertence, a party provides any documents or information containing Confidential Material without designating the material as such, the party may subsequently inform the other parties in writing of the Confidential Material status of the documents or information. The parties in receipt of that inadvertently disclosed Confidential Material shall thereafter treat the disclosed material as Confidential Material in accordance with the written notification of the inadvertent disclosure. The Parties in receipt of the inadvertently disclosed Confidential Material shall take reasonable steps to advise persons to whom disclosure was made prior to receipt of a Confidential Material designation of such designation and of this Protective Order, but shall not otherwise be required to retrieve or take any action to protect the confidentiality of information or copies of documents disclosed prior to the receipt of the Confidential Material designation. If a party produces any documents or information that is not designated as Confidential Material and which another party believes is subject to designation as Confidential Material, the receiving party may designate the material as Confidential Material by notifying the other Parties of the designation, and if any other party disagrees with the designation, it may follow the procedure in Paragraph 15. If a party inadvertently produces documents which are subject to the attorney-client privilege or work product protection, the Parties shall follow the procedures of Fed. R. Evid. 502 and FRCP 26(b)(5)(B).

16. Where Confidential Material is produced, provided, or otherwise disclosed by a party

in response to any discovery request, it will be designated in one of the following manners:

   a. By imprinting the word "Confidential" on each Confidential page of any document produced (in a manner that will not interfere with their legibility);

   b. By imprinting the word "Confidential" next to or above any response to a discovery request; and

   c. With respect to transcribed testimony, whenever a deposition involves the disclosure of Confidential Material, the confidential portions thereof shall be designated as Confidential and subject to this Protective Order. Such designation may be made on the record during the deposition, but must also be made by giving written notice to opposing counsel designating by page and line number which portions are "Confidential" no later than 21 calendar days after receipt of the transcribed testimony. During the 21-day period, counsel for the Parties shall treat the entire transcript as if it had been designated as "Confidential."

17. A party may object to the designation of particular documents as Confidential Material by giving written notice to the party designating the disputed information. The written notice shall identify the information to which objection is made. The objection to a designation as Confidential Material may be raised at any time. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

All counsel shall then make a reasonable, good-faith effort to resolve the discovery dispute without the need for judicial intervention in accordance with FRCP 26(c)(1) and FRCP 37(a)(1). If those discussions are not fruitful, it will be the obligation of the party designating the information as Confidential to arrange a telephone conference with the Court in accordance with the Court's Civil Practice Standards. At the conclusion of the court-supervised conference, if the dispute over confidentiality has not been resolved, it will be the obligation of the party designating the information as Confidential to file an appropriate motion within ten additional days after the date of the conference, requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information

shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. In connection with any motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

18. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Material or pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

19. Three years from termination of this litigation, including any appeals, or at the expiration of any longer time required by counsel's insurance or ethical obligations, counsel for any party that has received Confidential Material shall destroy the Confidential Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order

20. This Protective Order is not intended to address the admissibility of evidence at trial. If a party seeks to limit the publication of Confidential Material at the trial or any hearing in this matter, the burden shall be on the party seeking to limit the use of such information to obtain relief from the Court in advance of the trial or hearing.

///
///
///
///
///
///
///

- 9 -

SECOND PROPOSED STIPULATED PROTECTIVE ORDER

2203427.1

21. If documents or information designated as Confidential Material in accordance with the terms of this Protective Order are made exhibits to briefs or pleadings, or if Confidential Material is quoted in a pleading, such exhibit or pleading shall be filed under seal.

DATED this 13th day of February 2020.

Respectfully submitted,

*/s/ Christ E Webber*

MARK R. THIERMAN, Nev. Bar No. 8285
JOSHUA D. BUCK, Nev. Bar No. 12187
LEAH L. JONES, Nev. Bar No. 13161
Thierman Buck LLP
7287 Lakeside Drive
Reno, Nevada 89511
Tel: (775) 284-1500
Fax: (775) 703-5027
Email: mark@thiermanbuck.com
josh@thiermanbuck.com
leah@thiermanbuck.com

ALEXANDER HOOD (*pro hac vice*)
Towards Justice
1535 High St., Suite 300
Denver, CO 80218
Tel: 720-239-2606
Fax: 303-957-2289
Email: alex@towardsjustice.org
alex@towardsjustice.org

CHRISTINE E. WEBBER (*pro hac vice*)
BRIAN CORMAN (*pro hac vice*)
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave., NW, Suite 500
Washington, DC 20005
Tel: 202-408-4600
Fax: 202-408-4699
Email: cwebber@cohenmilstein.com
bcorman@cohenmilstein.com

*Attorneys for Plaintiffs*

*/s/ Ellen Jean Winograd*

ELLEN JEAN WINOGRAD
Woodburn and Wedge
6100 Neil Road, Suite 500
Reno, Nevada 89505
ewinograd@woodburnandwedge.com

*Counsel for Western Range Association, Defendant*

- 10 -

SECOND PROPOSED STIPULATED PROTECTIVE ORDER

2203427.1

The undersigned does hereby affirm pursuant to NRS 239B.030 that the preceding document does not contain the social security number of any person.

By: /s/ Ellen Jean Winograd
Ellen Jean Winograd

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2020, a true and correct copy of the foregoing was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

/s/ Haleigh Valenti
An Employee of Woodburn and Wedge

- 11 -
SECOND PROPOSED STIPULATED PROTECTIVE ORDER

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ABEL CÁNTARO CASTILLO; ALCIDES INGA RAMOS, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WESTERN RANGE ASSOCIATION; MELCHOR GRAGIRENA; EL TEJON SHEEP COMPANY; MOUNTAIN PLAINS AGRICULTURAL SERVICE; ESTILL RANCHES, LLC; and JOHN ESTILL | Case No.: 3:16-cv-00237-MMD-VPC<br><br>**ORDER ADOPTING PROPOSED STIPULATED PROTECTIVE ORDER** |

The attached proposed Stipulated Protective Order is hereby adopted.

**IT IS SO ORDERED.**

_____
ROBERT C. JONES, UNITED STATES DISTRICT JUDGE

DATED: This 2nd day of March, 2020.