Ellen Jean Winograd, Esq.
Nevada State Bar No. 815
Kelsey E. Gunderson, Esq.
Nevada State Bar No. 15238
WOODBURN AND WEDGE
6100 Neil Road, Suite 500
Reno, Nevada 89511
Tel:  775-688-3000
Fax: 775-688-3088
ewinograd@woodburnandwedge.com
kgunderson@woodburnandwedge.com

*Attorneys for Western Range Association*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ABEL CÁNTARO CASTILLO; ALCIDES INGA RAMOS, and those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WESTERN RANGE ASSOCIATION; MELCHOR GRAGIRENA; EL TEJON SHEEP COMPANY; MOUNTAIN PLAINS AGRICULTURAL SERVICE; ESTILL RANCHES, LLC; and JOHN ESTILL,<br><br>Defendants. | Case No. 3:16-cv-00237-RCJ-VPC<br><br>**WESTERN RANGE ASSOCIATION'S MOTION TO COMPEL PLAINTIFF'S APPEARANCE AT DEPOSITION** |

Defendant WESTERN RANGE ASSOCIATION ("Western Range"), by and through its counsel, WOODBURN AND WEDGE, hereby files WESTERN RANGE ASSOCIATION'S MOTION TO COMPEL PLAINTIFF'S APPEARANCE AT DEPOSITION ("Western Range's Motion").

Western Range's Motion to Compel is supported by the following Points and Authorities, the pleadings and papers on file herein, excerpts of the Record of Non-Appearance of Plaintiff Abel Cántaro Castillo at his duly noticed deposition (and all attachments thereto) and such further oral arguments and testimony as the Court may permit or require. This motion will also be incorporated by reference into Western Range's Opposition to Plaintiff's Motion for Production to be filed this date.

# POINTS AND AUTHORITIES

## I

## INTRODUCTION

The instant action purports to be a "class action" lawsuit brought by Abel Cántaro Castillo ("Castillo"), former Plaintiff Alcides Inga Ramos ("Ramos"), and former Plaintiff Rafael De La Cruz ("De La Cruz") (collectively "Plaintiffs"), on behalf of themselves and "all of those similarly situated." Castillo sued Defendants Western Range, and former Defendants El Tejon Sheep Company ("El Tejon") and Melchor Gragirena ("Gragirena").[1] In the Second Amended Complaint, only Castillo is suing Western Range.[2] Western Range is a California non-profit corporation "involved in recruiting foreign shepherds." [Doc 111, p. 7, ¶16]. The Complaint alleges in several places, that the Plaintiffs were employed through the H-2A program.[3]

Western Range's current Motion to Compel is before this Court, quite simply, because the "Representative" (and only) Plaintiff in this putative class action suit, has <u>failed to appear</u> at deposition. For all intents and purposes, it seems unlikely he will ever be able to appear for deposition (or trial) due to this apparent inability to now obtain a visa to enter the United States.

## II

## PROCEDURAL BACKGROUND

Plaintiffs' Second Amended Complaint ("SAC") asserted 18 causes of action. [Doc 111]. Counts One, Three, Four, Five and Nine were brought by Castillo against Western Range. The alleged Western Range "class" is "All persons whom WRA 'employed' as shepherds through the H-2A program, who worked in Nevada…" [Doc 111, p. 23, ¶ 121, internal quote marks and footnote added]. The alleged "WRA Former 'Employee' Sub-Class" is "All persons whom WRA 'employed'

---

[1] Former Plaintiffs Ramos and De La Cruz sued former Defendants Mountain Plains Agricultural Service ("MPAS") and Estill Ranches, LLC ("Estill Ranches"). [Second Amended Complaint, Doc 111]. Those parties are no longer involved in this litigation.

[2] The other Plaintiffs and Defendants other than Western Range Association appear to have settled or resolved claims between and among themselves, although this Court declined to approve the settlement. [Doc 167].

[3] By definition, H-2A agricultural workers were foreign, non-immigrants who are (or were) legally in the United States <u>only while working for the designated entity, on H-2A visa temporary non-immigrant labor.</u> 20 CFR §655.

as shepherds through the H-2A program, who worked in Nevada…and who are no longer 'employed by the WRA'." [Doc 111, p.23 ¶ 122, internal quote marks added].

The Second Amended Complaint was dismissed for lack of subject matter jurisdiction pursuant to the Action Fairness Act 28 USC § 1332(d) ("CAFA") as was the First Amended Complaint [Docs 45, 111]. Plaintiff's appealed SAC Dismissal to the Ninth Circuit Court of Appeals on March 9, 2018 [Doc 147]. On June 19, 2019, in a 2-1 decision the Ninth Circuit reversed and remanded to this Court. <u>See,</u> Order on Mandate. [Doc 170].

For this Court's convenience, the following is a chronology of salient discovery and litigation events.

| Date | Event | Doc or Exhibit No. |
|---|---|---|
| 5/3/2016 | Plaintiff filed Original Complaint | Doc 1 |
| 10/13/2016 | Plaintiff filed First Amended Complaint | Doc 45 |
| 4/13/2017 | This Court dismissed First Amended Complaint | Doc 107 |
| 5/15/2017 | Plaintiff filed Second Amended Complaint | Doc 111 |
| 2/13/2018 | This Court dismissed Second Amended Complaint | Doc 140 |
| 8/8/2019 | Ninth Circuit Court of Appeals filed a Mandate following reversal of District Court Dismissal; the case was remanded to District Court. | Doc 170 |
| 10/7/2019 | Joint Case Management Report and Proposed Stipulation Discovery Plan was filed by parties and approved by Court. | Doc 174 |
| 10/31/2019 | Defendant filed Answer to Second Amended Complaint | Doc 177 |
| 11/1/2019 | Defendant Western Range scheduled and duly served Notice of Plaintiff's Deposition, setting it for January 7, 2020. | Exhibit 1 & attachments |
| 11/22/2019 | Plaintiff's counsel provided Defendants with an update on Plaintiff's passport and visa application and indicated he would not appear at the duly noticed January 7, 2020 deposition. | Exhibit 1 & attachments |
| 1/6/2020 | Western Range voluntarily took Plaintiff's duly noticed deposition off calendar, at Plaintiff's counsel's request, due to Plaintiff's inability to obtain a visa to appear. | Exhibit 1 & attachments |
| 1/6/2020 | Western Range provided alternative dates for the deposition and received no response. | Exhibit 1 & attachments |
| 1/7/2020 | Plaintiff's counsel indicated Plaintiff obtained a passport (December 23, 2019) and "would be submitting the visa application." | Exhibit 1 & attachments |
| 1/29/2020 | Defendant Western Range scheduled and duly served the Amended Notice of Deposition on Plaintiff setting it for February 25, 2020. | Exhibit 1 & attachments |
| 2/25/2020 | Defendant Western Range appeared at the second scheduled deposition of Plaintiff. When Plaintiff failed to appear, Western Range Counsel made a record of non-appearance. | Exhibit 1 & attachments |

A more comprehensive narrative of the significant events is set forth in full within the excerpts of the Record of Non-Appearance and attachments, filed herewith as Exhibit 1.

### III

### RELIEF SOUGHT

After filing an Answer to Second Amended Complaint on October 31, 2019 [Doc 177], Defendant Western Range Association immediately scheduled and duly noticed Plaintiff's deposition (now twice). Both times, the deposition was scheduled for a video taped deposition with a translator to be present. The first time, Western Range was informed that Plaintiff would not be able to attend because he did not have the proper passport and/or visa for the January 7, 2020 deposition. Defendant then rescheduled the deposition and duly noticed same, once again for a videographer and translator for February 25, 2020 and Plaintiff failed to appear at that. See, Record of Non-Appearance and attachments, filed herewith as Exhibit 1.

This matter is scheduled once again for Plaintiff's deposition to occur on March 26, 2020; this was duly noticed. See, Notice of March 26, 2020 deposition, filed herewith as Exhibit 2. Based upon the sequence of events and Plaintiff's failure to appear at his own deposition, Western Range Association seeks the following relief:

- That this Court compel "Representative" Plaintiff Castillo to appear as noticed, at his March 26, 2020 videotaped deposition in Nevada, the jurisdiction, venue and forum he chose for this class action lawsuit;

- In the event that Plaintiff fails to appear at his duly noticed March 26, 2020 deposition, the third time it has been scheduled, that this matter be dismissed with prejudice.

### IV

### ARGUMENT

**A. The Standard Under FRCP 30**

FRCP Rule 30(a)(1) provides that upon reasonable written notice to the Plaintiff, Defendant may depose him. *Jules Jordan Video, Inc. v. 144942 Can. Inc.*, 617 F.3d 1146, 1158 (9th Cir. 2010) ["a simple notice of deposition is sufficient to compel (a party's) attendance."] "What is 'reasonable' depends on the circumstances of the case, but at least 10 days' notice is customarily expected." See, *In re Stratosphere Corp. Securities Litigation*, 183 F.R.D. 684, 687 (D.Nev.1999).

A District Court has wide discretion to establish the time and place of depositions. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir.1994). "Courts ordinarily presume that a plaintiff may be deposed in the judicial district where the action was brought, **inasmuch as the plaintiff, in selecting the forum, has effectively consented to participation in legal proceedings there.**" *Emphasis added. Rulo v. Ricoh Ams. Corp. (Rulo II)*, 2015 WL 9688060 (N.D.Cal. Nov. 12, 2015); *In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 471 (E.D.Va. 2010). "This general rule applies to class action suits." *Mullins v. Premier Nutrition Corp*, 2014 WL 4058484, at *1 (N.D.Cal. Aug. 15, 2014) [citing *Rolex Employees Ret. Trust v. Mentor Graphics Corp.*, No. CIV. 90-726-FR, 1990 WL 200092, at *1 (D.Or. Dec. 3, 1990)].

To overcome the presumption that a Plaintiff's deposition shall take place in the district in which Plaintiff filed suit, the "plaintiff has the burden of proving that undue hardship or exceptional or compelling circumstances justify his refusal to travel to his chosen forum." *Mullins*, 2014 WL 4058484, at *1; *see also Rulo II*, 2015 WL 9688060 (Plaintiff must "persuasively demonstrate" that traveling to the forum for his deposition "would, for physical and financial reasons, be practically impossible, or that it would otherwise be fundamentally unfair") (*emphasis added*)[4]; *Palma v. Safe Hurricane Shutters*, Inc., No. 07-22913-CIV, 2009 WL 653305, at *4 (S.D.Fla. Mar. 12, 2009).

FRCP Rule 37(a) further provides that a party may move for an Order compelling disclosure or discovery. As the 9th Circuit recognized, Rule 37(a) encompasses an order to attend a deposition. See, *SEC v. Seaboard Corp.*, 666 F.2d 414, 416 (9th Cir. 1982). Under FRCP Rule 37, when the Plaintiff fails to appear at his deposition, the Defendant is entitled to move the Court for an Order compelling Plaintiff to participate in a deposition after being served with proper notice. Fed.R.Civ.P. 37(a)(1). Hence this motion.

As set forth below, Plaintiff has failed to appear at two duly noticed depositions, the only

---

[4] In the instant case, Plaintiff's prior visa and post H-2A visa status (remaining in the United States more than two years after visa nullity and expiration), plus his apparent inability to now qualify for a visa, would shift financial, practical and fundamental fairness burdens onto Western Range, a Defendant non-profit that has done nothing to choose this forum or this lawsuit. Similarly, with the necessity of a translator, the existence of voluminous documents and the difficult logistics of remote video, Western range simply cannot be required to utilize a video conference to depose Plaintiff, observe and evaluate his demeanor and credibility. After all, Plaintiff must explain the basis upon which he is a "representative" for a class action involving Nevada law.

justification appearing to be that he is unable to obtain a visa to return to the U.S. See, Record of Non-Appearance and attachments, filed herewith as Exhibit 1.

In the instant case, Plaintiff has chosen this forum to bring this litigation and therefore, Western Range requests that the Court order Plaintiff appear for deposition in this forum on March 26, 2020 as noticed. See, Second Amended Notice of Deposition filed herewith as Exhibit 2.

### B. Defendant Western Range is Entitled to Take Plaintiff Castillo's Deposition

It is axiomatic and obvious under FRCP 30, that a Defendant against whom Representative Plaintiff is claiming putative class related unpaid wages, must be allowed to take that Plaintiff's deposition. FRCP 30. More significantly, "Representative Plaintiff" Abel Cántaro Castillo (who bears the burden of proof) will seek class certification and he must prove, *inter alia*, numerosity, typicality and commonality. Plaintiff should welcome the opportunity to give live deposition testimony to support the class claim of damages in excess of $30 million. And yet, Plaintiff has not appeared at duly noticed depositions to attempt to meet his burden of proof.

Accordingly, as set forth herein, taking Plaintiff's live deposition, early in this litigation discovery, is the only way to assure that Western Range has the tools to avoid prejudice. Defendant must be able to assess the quality of Plaintiff's testimony and his overall credibility to defend in discovery and litigation, against Plaintiff's seemingly exorbitant damages claim.

### C. Western Range Has Set and Duly Noticed Plaintiff's Deposition Three Times and Plaintiff Twice Failed to Appear

The original Complaint was filed on May 3, 2016. [Doc 1]. The Second Amended Complaint was filed on May 15, 2017. [Doc 111]. In both of these Complaints, Plaintiff Castillo was named as the Representative of a putative class. It is Western Range's understanding from Plaintiff's counsel that Plaintiff received a new Peruvian passport on or around December 23, 2019. It is also Western Range's understanding that after Castillo received his new Peruvian passport, he waited until February 3, 2020, to apply online for a non-immigrant visa, with the knowledge that Western Range had been trying to set his deposition since November 1, 2019 and then reset his deposition for February 25, 2020. See, Record of Non-Appearance and attachments, filed herewith as Exhibit 1.

After communicating with Plaintiff's counsel regarding Castillo's passport status, Western Range in good faith agreed to take Plaintiff's initially set deposition off calendar. See, Record of Non-Appearance and attachments, filed herewith as Exhibit 1.

On February 25, 2020, Western Range once again duly served a Second Amended Notice of Deposition of Plaintiff Abel Cántaro Castillo resetting the deposition for March 26, 2020.[5]

V

**CONCLUSION**

Based on the foregoing, Defendant Western Range respectfully submits it is entitled to depose Plaintiff in Nevada, the location he chose to bring his "class action" suit. Western Range respectfully requests that this Court enter an Order as follows:

1. That Plaintiff Castillo be required to appear in person in Reno, Nevada, at his March 26, 2020 video deposition; at which an interpreter will (again) be present;

2. That if Plaintiff Castillo fails to appear, Judgment be entered in favor of Defendant Western Range and against Plaintiff and his putative class in this action and that this matter be dismissed with prejudice.

The undersigned does hereby affirm pursuant to NRS 239B.030 that the preceding document does not contain the social security number of any person.

Respectfully submitted

By: /s/ Ellen Jean Winograd    3-10-2020
Ellen Jean Winograd, Esq.
Nevada State Bar No. 815
Kelsey E. Gunderson, Esq.
Nevada State Bar No. 15238
WOODBURN AND WEDGE
6100 Neil Road, Suite 500
Reno, Nevada 89511
Tel: 775-688-3000
Fax: 775-688-3088
ewinograd@woodburnandwedge.com
kgunderson@woodburnandwedge.com
*Attorneys for Western Range Association*

---

[5] It is still unclear why the Plaintiff delayed applying for Castillo's Peruvian passport after the case was remanded. Then again delayed applying online for the visa. Perhaps Plaintiff's inability to timely obtain a visa will be explained in Plaintiff's Opposition, if any, to this motion. It certainly appears that Plaintiff has either delayed timely obtaining a Peruvian passport and a visa or he is unable to obtain a visa.

- 7 -

**CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2020, a true and correct copy of the foregoing was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

_____
An Employee of Woodburn and Wedge

**Exhibit List**

| | | |
|---|---|---|
| Exhibit 1 | Certificate of Non-Appearance Deposition of Abel Cántaro Castillo | 49 pages |
| Exhibit 2 | Western Range's Second Amended Notice of Deposition of Plaintiff | 3 pages |