THIERMAN BUCK LLP
MARK R. THIERMAN, ESQ.
Nevada State Bar No. 8285
mark@thiermanbuck.com
JOSHUA D. BUCK, ESQ.
Nevada State Bar No. 12187
josh@thiermanbuck.com
LEAH L. JONES, ESQ.
Nevada State Bar No. 13161
leah@thiermanbuck.com
7287 Lakeside Drive
Reno, Nevada 89511
Telephone: (775) 284-1500
Facsimile: (775) 703-5027

CHRISTINE E. WEBBER, ESQ.
(Admitted Pro Hac Vice)
cwebber@cohenmilstein.com
BRIAN CORMAN, ESQ.
(Admitted Pro Hac Vice)
bcorman@sohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave., NW, Ste 500
Washington, DC 20005

TOWARDS JUSTICE
ALEXANDER HOOD, ESQ.
(Admitted Pro Hac Vice)
alex@towardsjustice.org
1535 High Street, Ste. 300
Denver, CO  80218

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ABEL CANTARO CASTILLO on behalf of himself and those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WESTERN RANGE ASSOCIATION<br>                Defendant. | CASE NO. 3:16-cv-00237-RCJ-CLB |

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

I.      INTRODUCTION

Plaintiff in this case seeks to compel production of documents necessary to support his motion for class certification, and also relevant to the merits of his individual claim that WRA failed to fully compensate him and other herders working under the H-2A program in Nevada as required by the H-2A contractual requirements and the Nevada Constitution minimum wage provision. Discovery in this case began in January, 2017 but was halted in April, 2017 when the case was dismissed for want of jurisdiction. Dkt. 107. After further briefing on a motion to dismiss Plaintiffs' amended complaint, and ultimately an appeal to the Ninth Circuit, discovery in this case resumed on October 31, 2019. Dkt. 174.

To date, WRA produced a total of pages, primarily its file on Plaintiff Abel Cántaro Castillo and copies of monthly herder reports through 2016. *See* Webber Decl. at ¶11. It has resisted providing further discovery, primarily on the grounds that the class is not yet certified, or should not include individuals who worked after the date the complaint was filed, despite the fact that the discovery sought is for the purpose of supporting Plaintiff's planned motion for class certification, and that Plaintiff's class definition has always included sheepherders working post-complaint. The discovery dispute began in 2017, but the case was dismissed prior to the parties' meet and confer. *Id*. at ¶2. That conference was held November 19, 2019. *Id*. at ¶3. After that lengthy discussion, Plaintiff sent several follow up communications seeking to resolve outstanding issues, including requesting a further meet and confer conversation. *Id*. at ¶5. Those efforts were ignored until January 9, 2020, when Defendant's counsel responded, indicating that she was working on supplementing WRA's responses and addressing Plaintiff's November 20, 2019 letter, and asking for an extension of time to respond to Plaintiff's Second discovery requests. *Id*. at ¶5. On December 11, 2019, Plaintiff served his second set of discovery requests. *Id*. at ¶4. Written responses were received (after an extension was granted) on January 31, 2020, however Defendant raised similar objections in refusing to produce the requested information. *Id*. at ¶6. Subsequent to this production, Plaintiff's counsel made numerous attempts to contact Ms. Winograd regarding the failure to respond to Plaintiff's November 20, 2019 letter, requesting a meet and confer. *Id*. at ¶¶6-9. The parties conferred for approximately one hour on February 13, 2020, and again on February 27, 2020, and

1

confirmed that they had reached an impasse on several issues, and that Defendant would supplement production on others. *Id.* at ¶10. Plaintiff waited until March 12, 2020 to receive most of Defendant's supplemental production and confirm that promised documents were produced before pursuing this motion to compel the outstanding documents. *Id.* at ¶12.

## II. BACKGROUND

### A. Factual Background

In this case, Plaintiff Cántaro Castillo seeks to represent a class of individuals who, like him, were brought to work as sheepherders in Nevada under the H-2A visa program by Defendant WRA. Plaintiff contends that WRA obtained certifications and visas through the H-2A program permitting him, and all putative class members, to work as sheepherders subjected to the same job duties, working conditions, and contractual requirements, as mandated by the H-2A regulations. See, Dkt. 77 at 2-3. Pursuant to those same H-2A mandated contractual terms, Plaintiff contends that he and putative class members working as herders in Nevada were all entitled to be paid Nevada's minimum wage for all hours worked, but that instead all herders were paid a monthly salary that amounted to just a few dollars per hour. *Id.* at 19.

### B. Discovery Requests at Issue

Pursuant to Local Rule 26-7(b), Plaintiff sets forth below the full text of the four requests for production of documents and one interrogatory encompassed by this motion, followed by the full text of Defendant WRA's response and supplemental response, and a brief identification of the outstanding issue in dispute.

#### 1. Request for Production No. 5:

All collective bargaining agreements, contracts, or employment agreements of any kind between any defendant and any putative plaintiff class members, related to the terms and conditions of employment of shepherds, including but not limited to recruiting, hiring, placement, job duties or compensation.

Response to Request No. 5:

Western Range objects to this discovery on the grounds that the information sought is over broad, irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving previously asserted objections: see,

2

WRA000004-0000013; WRA000178-000183; WRA000264, produced in Western Range's First Supplemental Disclosure of Documents.

Plaintiffs have defined the Western Range Nevada Class to include all persons whom Western Range employed as shepherds through the H-2A program, who worked in Nevada before the lapse of the applicable statute of limitations. See also, Responses to Requests for Production Nos. 2-4, above.

Discovery in this matter is ongoing. Western Range reserves the right to supplement this discovery response as additional responsive information becomes available.

Outstanding issues

Defendant has produced contracts with Plaintiff Cántaro Castillo, but not contracts for putative class members.  Plaintiff offered to accept a stipulation that the contracts for class members are all identical to the ones for Plaintiff Cántaro Castillo, along with data from any other source reflecting the names, dates of employment, and identification of the member ranch where the class member worked.  Defendant has produced some of the requested data, but ending in 2016.  In response to Requests for Admission, WRA denied that the contracts and other relevant documents that were produced for Cántaro Castillo are substantively identical to the corresponding contracts and documents for putative class members. Thus, WRA must produce the underlying documents.

2.  Request for Production No. 25:

Documents, including but not limited to correspondence, reports, audits, investigations, studies, citations and assessments, by any state or federal governmental agency (such as the Department of Labor, Internal Revenue Service or others) that refer or relate to the extent of your compliance with state or federal minimum wage or overtime laws or laws governing H-2A visas, including but not limited to recording hours worked and compensating shepherds.

Response to Request No. 25:

Western Range objects to this discovery on the grounds that the information sought is over broad and irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving previously asserted objections: see, WRA000738-000815, produced in Western Range's First Supplemental Disclosure of Documents.

Discovery in this matter is ongoing. Western Range reserves the right to supplement this discovery response as additional responsive information becomes available.

Supplemental Response to Request No. 25:

Subject to and without waiver of the foregoing objections and objections and limiting the request only to those responsive information within the limited scope of discovery as to the timeframe, Western Range responds as follows:

See documents for 2019 NV DOLA/VHD audits attached.

Second Supplemental Response to Request No. 25:

Subject to and without waiver of the foregoing objections and limiting the request only to those responsive information within the limited scope of discovery as to the timeframe, Western Range responds as follows:

See Order Approving Consent Findings and Compliance Agreement (Nevada herders only) attached hereto as documents WRA003279 to WRA003326.

In addition, discovery is continuing and documents will be produced.

Outstanding issues:

During the parties' meet and confer, counsel for WRA acknowledged audits by the Department of Labor reportedly finding no issues. Counsel for WRA stated that production of such materials would be limited to audits or investigations concerning herders working in Nevada, on wage issues. Plaintiffs contend that any audits or investigations which were based, in part, on WRA being the joint employer of herders on H-2A visas were relevant to an issue of this litigation, whether the audit concerned wages, housing, or other matters.

3.     Request for Production No. 26

Documents concerning any state or federal lawsuits or administrative complaints against you regarding compensation or treatment of shepherds.

Response to Request No. 26:

Western Range objects to this discovery on the grounds that the information sought is over broad and irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Western Range objects on the grounds that the information sought is public record information that is as available to Plaintiff as it is to Western Range; Western Range is not required to research public records to respond to discovery.

Discovery in this matter is ongoing. Western Range reserves the right to supplement this discovery response as additional responsive information becomes available.

Outstanding issues:

Plaintiffs have not asked Western Range to search public records, but

4

to provide documents and depositions that were part of the record in lawsuits against WRA by other herders raising wage and hour claims. where those documents and depositions are not available on the public record.  In particular, during our meet and confer, Plaintiff requested deposition transcripts and documents from *Ruiz v. Fernandez*, 949 F.Supp.2d 1055 (E.D. Wa. 2013).

In the most recent meet and confer, Western Range indicated that it would limit any production to cases in Nevada, and, regarding state court cases, would limit production to cases identifiable through electronic records available for two counties only. Limiting the production of state and federal cases to Nevada will necessarily exclude *Ruiz v. Fernandez*. This case involved wage claims brought by H-2A shepherds against WRA, in which WRA's status as joint employer was addressed. It is plaintiff's contention that depositions of WRA personnel and documents produced in that litigation related to WRA's role as a joint employer is evidence that is highly relevant to this case, and could make discovery in this case more efficient.

4. <u>Request for Production No. 32</u>:

Any computerized database containing any of the following information regarding herders brought into the US on H-2A visas, who were, at any time from May 3, 2010 through the present assigned to work either at a ranch in Nevada, or assigned to a ranch in California where herders spent part of the year in Nevada, and for reach such person, include the data to the extent it is available:
(a) Name
(b) Any addresses;
(c) Any telephone numbers;
(d) Any email addresses;
(e) beginning and end dates for each contract/certification;
(f) dates of any leave taken from job to return to home country within contract period;
(g) if the herder left before end of contract, the date of departure, and whether it was it was voluntary or involuntary
(h) name and location of ranch to which herder was assigned, and if more than one ranch, the date of and reason for the change.

<u>Response to Request No. 32</u>:

Western Range specifically objects to this request for production on the grounds the information sought is overly broad and not reasonably tailored to the facts of the instant action. Western Range further objects on the ground the request for production is irrelevant. The use of the term "herders" is overbroad and seeks irrelevant materials because it applies to individuals not appearing in this case, as this action has not been conditionally certified as a class action. Western Range further objects to the Plaintiffs' proposed timeline for the requests. Western Range further objects on the grounds the request is vague, ambiguous, unduly burdensome, and overbroad as phrased as it relates to "any computerized database containing any of the following information (emphasis added)." The request is also overbroad because it seeks confidential, private information of Western Range's current

5

and former employees who are not a party to this case.

Subject to and without waiving said objections, no such database existed prior to 2016; the documents do not currently exist in an electronic database and converting such documents would impose an undue burden for Western Range. As set forth above, the paper documents to whatever extent they exist, are being retrieved from Idaho and Utah and will be made available in Reno, subject to appropriate redactions.

<u>Supplemental Response to Request No. 32</u>:

Subject to and without waiver of the foregoing objections and limiting the request only to those responsive information within the limited scope of discovery as to the timeframe, Western Range responds as follows:

a) The type of computer database that existed prior to 2015 was intended to be migrated into a subsequent system, although not all data are still in existence in electronic form. The computer system currently accessible from 2015-2016 is limited, but hardcopies are accessible, subject to over breath of request. See Monthly Herders List by Member submitted herewith as outlined below:

[WRA001187-WRA003083]

In addition, see documents previously produced WRA001000-001029.

b) To the extent that Nevada herder files are available, same will be provided under separate cover and last known address will be contained therein.

c) To the extent that Nevada herder files are available, same will be provided under separate cover and last known phone number will be contained therein.

d) To the extent that Nevada herder files are available, same will be provided under separate cover and know known email addresses, if any, will be contained within.

e) Certification status of member and herder work order dates may differ per herder. To the extent that Nevada herder files are available, same will be provided under separate cover and work orders, also maintained by members, will be contained within.

f) To the extent that Nevada herder files are available, same will be provided under separate cover and leave, departure and termination information will be contained therein.

g) To the extent that Nevada herder files are available, same will be provided under separate cover. See also Response to R7P No. 32(f), above.

h) To the extent that Nevada herder files are available, same will be provided under separate cover and member ranches assignments and

transfer information, if any, will be contained therein.

In addition, discovery is continuing and documents will be produced.

Outstanding Issue:

After initially objecting to producing all such data, WRA has agreed to produce data through May 2016, but not thereafter, claiming that the class did not extend past the date of filing, or that if it did, discovery past the date of filing was still not required. Plaintiffs seek discovery for the entire class period, which does not have any cut off.

5. Interrogatory No. 2

For the time period from May 3, 2010, through the present, identify every herder WRA has arranged to work in the US under H-2A visa, if the herder was, at any time, assigned to ranch in Nevada, or if the herder was, at any time, assigned to a ranch in California where herders spent part of the year in Nevada, where "identify" means to provide:
    (a) Full name;
    (b) Any available addresses, including home addresses outside the US;
    (c) Any available telephone numbers or email addresses;
    (d) beginning and end dates for each contract or certification;
    (e) dates of any leave taken from work to return to home country;
    (f) if the herder left before end of contract, the date of departure, and whether it was voluntary or involuntary;
    (g) the name and location of the ranch to which the herder was assigned, and if more than one ranch, the date of and reason for the change.

Response to Interrogatory No. 2:

Western Range specifically objects to this interrogatory on the grounds it seeks the production of irrelevant materials. Western Range further objects to the Plaintiffs' proposed timeline for the interrogatory on the grounds it is overbroad because it seeks confidential, private information of Western Range's current and former members' employees who are not a party to this case. Further, Western Range objects to this interrogatory on the grounds that the production of the information requested would be too burdensome for Western Range to produce and such production is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving said objections, Western Range retains lists of herders in all member ranches, however, for the applicable time frame these lists were kept monthly and not yearly. The Plaintiff's request would require Western Range to produce around 72 monthly reports that each average over 30 pages. Further, these lists contain confidential information about Western Range herders and cannot easily be narrowed to only Nevada member ranches. It would be overly burdensome for Western Range to redact all the non-Nevada herder information.

7

> Subject to and without waiver of the foregoing objections, and limiting the request only to those responsive documents within the limited scope of discovery as to the timeline, Western Range provides a sample of a monthly list with the confidential information of non-Nevada herders redacted, for May 2010, see May 2010 Herder by Member list WRA000966-000999.
>
> Outstanding issues:
>
> WRA has now produced monthly reports through May 2016. However, it has continued to withhold any data or documents for the period following May 2016. To the extent the data covered by RFP 32 is not available in database form for production, WRA should provide the information via an interrogatory response, for the reasons set forth above with respect to RFP 32.

## III. ARGUMENT

### A. Standards Governing Discovery Support Requiring WRA to Produce the Requested Documents

The Federal Rules "favor liberal discovery." *Peterson v. Alaska Commc'ns Sys. Grp., Inc.*, No. 3:12-CV-00090-TMB, 2013 WL 12205973, at *1 (D. Alaska Dec. 5, 2013). Rule 26(b)(1), Fed. R. Civ. P., entitles parties to take discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Once a party has satisfied Rule 26(b)'s relevancy requirement, "the party opposing discovery has the burden of showing that the discovery should be prohibited." *Id.* at (b)2(B); *Sansone v. Charter Commc'ns, Inc.*, No. 17-CV-01880-WQH-JLB, 2019 WL 460728, at *3 (S.D. Cal. Feb. 6, 2019). Parties opposing discovery have a "heavy burden" to show why discovery should be denied. *Sansone*, 2019 WL 460728, at *3 (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

As to some of the discovery requests at issue here, Defendant has taken the position that because a class has not yet been certified, and WRA believes a class should not extend past the date the complaint was filed, WRA need not produce the requested material, particularly any documents or data concerning the putative class members. The Ninth Circuit has adopted standards permitting precertification discovery, and this Court has specifically recognized that if a defendant were permitted to withhold materials regarding class action claims, that would unfairly defeat class certification in advance of any briefing, by denying needed class discovery. *Davis v. Westgate Planet Hollywood Las Vegas, LLC*, No. 208CV00722RCJPAL, 2009 WL 10693226, at *4 (D. Nev.

Apr. 1, 2009).

This Court has held that plaintiffs may obtain precertification discovery if they make a *prima facie* showing that they will be able to satisfy Rule 23, or show that discovery is likely to produce information supporting class certification. *Davis*, 2009 WL 10693226, at *4 (citing *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985)); *Peterson*, 2013 WL 12205973, at *2. In *Davis*, the Court recognized that even though class certification may not be granted in the end, that plaintiffs deserve a fair chance to make their case for certification with appropriate discovery. *Davis*, *supra*. Thus, with a *prima facie* showing, plaintiffs are entitled to discovery "sufficiently broad so that the plaintiff has a fair opportunity to obtain evidence that will satisfy the rule 23 requirements." *Id.* at *4; *see also Peterson*, 2013 WL 12205973, at *2; *Sansone*, 2019 WL 460728, at *3-4 (holding denial of discovery needed to establish Rule 23 is satisfied would be abuse of discretion, particularly where the needed information is in the sole possession of defendant) (citing *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977)).

Nor should discovery be denied because it touches on the merits. First, there has been no bifurcation of discovery in this case, and the discovery deadlines – which are rapidly approaching – are applicable to both merits and class certification discovery. Second, courts have recognized that facts relevant to class certification overlap with the facts relevant to the merits, such that they cannot be meaningfully distinguished, and such overlap is not a reason to deny or delay such discovery. *Davis*, *supra* at *5; *Shaw v. Experian Info. Sols., Inc.*, 306 F.R.D. 293, 297 (S.D. Cal. 2015) (citing *Wal–Mart Stores Inc. v. Dukes*, 564 U.S. 338, 351-52 (2011)).

In this case, Plaintiff has made a *prima facie* showing that Rule 23 will be satisfied. Numerosity is supported by the DOL records showing the number of job certifications that WRA has requested for herders to work in Nevada. Dkt. 129 at 8 (from opp MTD). Commonality and typicality will be satisfied because Plaintiff and the putative class were all subject to the same contract terms as required by H-2A regulations, and thus the questions raised by the claims presented regarding what the contract requires for payment will be answered the same way for the entire class. See, e.g., Dkt. 77 at 2-3. Plaintiff and his counsel have diligently and effectively represented the interests of the class to date, and counsel are experienced in handling class cases of this type, so that

adequacy requirements of Rule 23 will be satisfied. Because of the uniformity of the governing contract and other details of the job requirements and working conditions, all of which flow from the H-2A regulations applicable to herders, the common questions will predominate. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000) (summarizing the Rule 23 requirements).

> B. <u>Discovery of Basic Information on Putative Class Members is Routinely Permitted: RFPs 5 & 32; Interrogatory 2</u>

Courts in this circuit routinely permit precertification discovery of basic employment data on putative class members. *Sargant v. HG Staffing, LLC*, No. 3:13-CV-00453-LRH, 2014 WL 1653273, at *3 (D. Nev. Apr. 23, 2014); *Sansone*, 2019 WL 460728, at *6; *Peterson*, 2013 WL 12205973, at *4 (holding putative class members' employment records and general employment information were relevant and discoverable to support class certification in a wage and hour case). In *Davis*, a wage and hour case akin to this one, the Court held that discovery about putative class members was permitted to show "how many employees worked in the same circumstances as the named Plaintiffs and whether such employees would have claims or injuries that were similar to the named Plaintiffs." *Davis*, 2009 WL 10693226, at *5 (affirming order of magistrate judge to produce electronic databases containing payroll and time records). Similarly, in a case challenging a pyramid scheme which allegedly defrauded a class of individuals, defendant was required to produce "unredacted spreadsheets disclosing the names and information of individuals whose wire transfers went through HBUS as an intermediary to Hong Kong," because such individuals were within the scope of the putative class, and such information was appropriate precertification discovery. *Giron v. HSBC Bank USA, N.A.*, No. 2:15-CV-08869-ODW-JCX, 2017 WL 3097256, at *1 (C.D. Cal. July 20, 2017). Finally, in a Fair Credit Reporting Act case, the court compelled production of documents or data showing transmissions to defendant that used a particular code, so that plaintiffs could "analyze when and how consumer credit report disputes were reported to [credit reporting agencies] and transmitted to data furnishers, and how the data furnishers evaluated and responded to those consumer disputes" and ultimately "determine the number and identities of class members, which will demonstrate FRCP 23(a)(1) numerosity and ascertainability." *Shaw v. Experian Info. Sols., Inc.*, 306 F.R.D. 293, 297-98, 300 (S.D. Cal. 2015)

The documents and data Plaintiff seeks – identification of herders who worked in Nevada during the relevant time period, under H-2A visas obtained by WRA, along with the dates they began and ended employment, or were transferred between WRA member ranches – falls squarely within the scope of discovery routinely permitted precertification. In addition, Plaintiff requested copies of the contracts or agreements entered into by the herders who worked in Nevada. RFP 5. WRA produced such agreements only for Plaintiff Cántaro Castillo. Plaintiff offered to forgo the production of agreements for putative class members if WRA agreed to produce names and dates of employment for each putative class member, as described above, and stipulated that the contract terms and other relevant documents relating to putative class members were substantively identical to those produced for Plaintiff. However, in response to Requests for Admission, WRA denied that the contracts or H-2A job certifications and visa applications were identical in substance for all putative class members, and thus production of such documents is appropriate. In addition to producing none of the contracts for class members, WRA has refused to produce basic information like names and date of employment for putative class members after May 2016 when this case was filed.

Defendant objects to producing data or responsive documents about putative class members after the date that the first complaint was filed (May 2016), arguing that the class period ends with the filing of the complaint; but that contention is unsupported. The Second Amended Complaint defines the "WRA Nevada Class" as "All persons whom WRA employed as shepherds through the H-2A program, who worked in Nevada during the applicable statute of limitations." Additionally, the "WRA Former Employee Sub-Class" is defined as "All persons whom WRA employed as shepherds through the H-2A program, who worked in Nevada during the applicable statute of limitations and who are no longer employed by WRA." Crucially, these class definitions do not indicate a cut-off date; individuals who worked for WRA after May 2016 have claims that are timely under the governing statutes of limitations.

Plaintiff has located no cases, and WRA has offered none in the course of the meet and confer, holding that the time period for which class discovery is permitted ends with the filing of a complaint. Moreover, a court in this circuit *has* rejected the argument that discovery should end

11

when the named plaintiff's individual claim ends, where the class definition does not incorporate any end date. *See, e.g., Allen v. Similasan Corp.*, No. 12CV376-BTM JLB, 2014 WL 1672594, at *1–2 (S.D. Cal. Apr. 28, 2014), objections overruled, No. 12-CV-376-BAS JLB, 2014 WL 2212120 (S.D. Cal. May 27, 2014).  Thus, WRA has no basis for withholding the data or documents response to RFPs 5 & 32, and Interrogatory 2.

   C. <u>DOL Audits and Complaints of Suits against WRA (RFPs 25 & 26) Are Discoverable</u>

  Plaintiff requested copies of audits, investigations, or communications from any government agency regarding WRA's compensation of herders in the H-2A program (RFP 25) and copies of documents from lawsuits or administrative complaints against WRA regarding compensation of herders (RFP 26).  Such documents are commonly subject to precertification discovery.  *Peterson*, 2013 WL 12205973, at *4 ("evidence of any wage and hour investigations or communications with government agencies concerning any investigation is relevant to certification."); *Ramirez v. GEO Grp., Inc.*, No. 18CV2136-LAB (MSB), 2019 WL 950328, at *3 (S.D. Cal. Feb. 26, 2019) (permitting discovery of complaints regarding wage and hour issues pre-certification, noting that such complaints would be relevant even to establishing Plaintiff's individual claims).

  While WRA has produced some documents in response to RFP 25, it has not produced all responsive documents, as counsel for WRA have restricted production to audits or investigations concerning herders working in Nevada, on wage issues. However, any audits or investigations which were based, in part, on WRA being the joint employer of herders on H-2A visas are also relevant to an issue in this litigation, whether the audit concerned wages, housing, or other matters.  Thus, there are plainly responsive documents which have not been produced, and which are appropriate for pre-certification discovery.  WRA has objected to producing any documents in response to RFP 26 outside of Nevada, further limiting Nevada state court cases materials to those accessible through an online database in two counties only. Limiting the scope of production to Nevada would necessarily exclude *Ruiz v. Fernandez*, 949 F.Supp.2d 1055 (E.D. Wa. 2013), which involved wage claims brought by H-2A shepherds against WRA, in which WRA's status as joint employer was addressed.  WRA has also argued that responsive documents are in the public record and thus available to Plaintiff.  However, only limited excerpts of relevant documents and deposition transcripts from

other litigation against WRA are in the public record, while WRA has access to the full discovery record. The production of responsive documents such as depositions of WRA personnel and prior document productions from such other litigation could make discovery in this case more efficient.

IV.     CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court order WRA to produce the documents or data responsive to RFP Nos. 5, 25, 26 & 32 and Interrogatory No. 2.

Respectfully submitted,

March 18, 2020

COHEN MILSTEIN SELLERS & TOLL PLLC

  /s/Christine E. Webber_____
CHRISTINE E. WEBBER, ESQ.
(Admitted Pro Hac Vice)
cwebber@cohenmilstein.com
BRIAN CORMAN, ESQ.
(Admitted Pro Hac Vice)
bcorman@sohenmilstein.com
1100 New York Ave., NW, Ste 500
Washington, DC 20005

THIERMAN BUCK LLP
MARK R. THIERMAN, ESQ.
Nevada State Bar No. 8285
mark@thiermanbuck.com
JOSHUA D. BUCK, ESQ.
Nevada State Bar No. 12187
josh@thiermanbuck.com
LEAH L. JONES, ESQ.
Nevada State Bar No. 13161
leah@thiermanbuck.com
7287 Lakeside Drive
Reno, Nevada 89511
Telephone: (775) 284-1500
Facsimile: (775) 703-5027

TOWARDS JUSTICE
ALEXANDER HOOD, ESQ.
(Admitted Pro Hac Vice)
alex@towardsjustice.org
1535 High Street, Ste. 300
Denver, CO  80218

*Attorneys for Plaintiffs*

13

CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2020, a true and correct copy of the foregoing was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

By: */s/ Christine E. Webber*
      Christine E. Webber