Christine E. Webber
(Admitted Pro Hac Vice)
cwebber@cohenmilstein.com
Brian Corman
(Admitted Pro Hac Vice)
bcorman@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave., NW, Suite 500
Washington, D.C. 20005

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ABEL CÁNTARO CASTILLO; ALCIDES INGA RAMOS, RAFAEL DE LA CRUZ, and those similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> WESTERN RANGE ASSOCIATION; EL TEJON SHEEP COMPANY; MELCHOR GRAGIRENA; MOUNTAIN PLAINS AGRICULTURAL SERVICE; and ESTILL RANCHES, LLC, <br><br> Defendants. | CASE NO. 3:16-cv-00237-RCJ-CLB |

**PLAINTIFFS' MOTION TO ADOPT THE PARTIES' JOINT PROPOSED AMENDED SCHEDULING ORDER**
**(First Extension Request)**

Plaintiffs respectfully request the Court adopt the stipulated amended scheduling order submitted jointly by the parties on April 3, 2020.  Dkt. 190.  The Court denied the stipulation without prejudice to it being resubmitted in conformance with Local Rule 26-4.  Plaintiffs promptly began working on a revised draft, and emailed counsel for WRA on April 6, 2020 regarding same.  However, on April 8, 2020, Plaintiffs' counsel learned that lead counsel for WRA was ill (thus explaining the lack of response to the April 6th draft), and that WRA was seeking an extension on pending briefing.  Given the temporary unavailability of counsel for WRA, and the urgency of addressing existing deadlines, Plaintiffs submit this motion in support of the schedule previously submitted as a joint stipulation, in order to address the requirements of Local Rule 26-4.

A.   Discovery Completed to Date

The parties have substantially completed written discovery. On November 1, 2019 WRA served on Plaintiff (a) WRA's Amended Request for Production (21 RFPs); (b) WRA's Interrogatories (15 interrogatories); and (c) WRA's Request for Admissions (15 RFAs). Plaintiff provided his responses to all three on December 23, 2019, and supplemented with additional documents on February 4, 25, and March 9, 2020. Plaintiff produced a total of 87 pages of documents. Defendant has not expressed any concern about the completeness of Plaintiff's responses to written discovery.

On January 18, 2017, Plaintiffs served their First Request for Production (31 RFPs), and First Set of Interrogatories (1) on WRA, which responded on March 10, 2017. The parties had begun to discuss deficiencies in WRA's response when the case was dismissed and discovery did not reopen until October 31, 2019. On December 10, 2019, Plaintiffs served their Second Requests for Production (3 RFPs) and Second Set of Interrogatories (2), which WRA responded to on January 31, 2020. On January 22, 2020, Plaintiffs served their First Requests for Admission (7 RFAs), Third Requests for Production (3 RFPs), and Third Set of Interrogatories (4), to which WRA responded on February 21, 2020. In total, Plaintiffs served 37 requests for documents, 7 interrogatories and 7 requests for admission on WRA. Plaintiffs sent a lengthy series of communications to WRA seeking to resolve disputes over WRA withholding responsive documents and information, as set for in Plaintiffs' Motion to Compel (Dkt. 188). Defendant produced supplemental responses to various requests for production between February 27 and March 6, 2020, and supplemental document production was not received until March 12, 2020. Defendant has produced a total of 3,240 pages of documents to date.

B.   Discovery Remaining to Be Completed

With respect to written discovery, the only remaining discovery is that encompassed by Plaintiffs' motion to compel (Dkt. 188). Defendant's response to that motion was originally due on April 1, 2020, and Plaintiff consented to an extension until April 8, 2020. Defendant has just sought a further, extension on its response, Dkt. 199, which Plaintiffs

1  address separately in their response to that motion.

2  No depositions have been completed as of yet, and that is the most significant
3  discovery remaining. The deposition of plaintiff is the subject of a motion for protective
4  order (Dkt. 182, 186, 187) and a motion to compel (Dkt. 185, 189). Specifically, due to his
5  inability to obtain a visa, Plaintiff proposes that his deposition proceed via video conference,
6  to which Defendant objects. The Rule 30(b)(6) depositions of WRA are also impacted by the
7  pending motions in that Defendant has objected to any deposition of WRA until the
8  deposition of Plaintiff has been completed in person. Defendant has also objected to
9  Plaintiff's proposal to take deposition of WRA's designated witnesses by video conference,
10 although this dispute has not yet been briefed. It is possible that Plaintiffs will wish to take
11 one or two additional depositions, but that is dependent upon the scope of knowledge of
12 WRA's Rule 30(b)(6) designees.

13 Expert work has not yet begun, as it is dependent upon resolution of pending
14 discovery disputes and depositions not yet completed.

15 C.    Reasons for Needing Additional Time and Proposed Amended Schedule

16 Plaintiffs' efforts to resolve the disputes over written discovery are set forth in detail
17 in the pending motion to compel and supporting declaration (Dkt. 188). Despite diligent
18 efforts, counsel for Defendant was not available for necessary meet and confer conversations
19 until February 10 and 13, 2020. Plaintiffs then waited on receipt of supplemental document
20 production which did not arrive until March 12, 2020, to determine whether the documents
21 produced would satisfy outstanding requests. Thus, Plaintiff's motion to compel was filed on
22 March 18, 2020, and has not yet been ruled upon due to Defendant's requests for additional
23 time to respond. In addition, WRA has submitted a declaration stating that it is currently
24 unable to access some responsive documents which are in storage. Dkt. 199-2 at ¶¶17-18.
25 Thus, even after a ruling on the pending motion to compel, if any further production is
26 ordered, it is not clear how soon production could be made.

27 The delay in completing Plaintiff's deposition has been due to the unsuccessful efforts
28 to obtain a visa for him to enter the U.S., and WRA's objection to proceeding with his

1  deposition by video.  The motions related to this deposition have been fully briefed, but for
2  WRA's reply in support of its motion to compel.  If the Court directs that the deposition take
3  place by video conference as Plaintiffs propose, the parties will need some time to make
4  arrangements (Plaintiffs' counsel may ship a laptop computer to Plaintiff for best results).
5      Plaintiffs originally sought to depose WRA on March 12, a date on which counsel for
6  WRA had a conflicting hearing.  Plaintiffs then rescheduled the depositions for April 21-22,
7  and proposed to proceed by video in light of travel restrictions.  WRA objected to proceeding
8  by video deposition, and, moreover, lead counsel for WRA is now unavailable due to illness.
9  Dkt. 199-1.  These depositions will need to be rescheduled when some counsel for WRA is
10 available, and after resolution of the issue of proceeding by video is resolved, or travel
11 restrictions are lifted.
12     Expert work is dependent upon receipt of data and documents that are the subject of
13 the motion to compel, and on information expected to be obtained in deposition.  Thus, the
14 current expert deadline of April 24, 2020 is impossible to meet.
15     Given the pending discovery disputes, the geographically dispersed witnesses and
16 parties, and the additional hurdles imposed by the current pandemic, the parties propose the
17 revised dates below in order to permit completion of discovery, and completion of expert
18 work, which impacts the deadlines for briefing class certification and summary judgment.

| Event | Deadline Date |
|---|---|
| Expert Disclosures Exchanged | November 20, 2020 |
| Rebuttal-Expert Disclosures Exchanged | December 31, 2020 |
| Motion for Class Certification to be Filed | January 15, 2021 |
| Discovery Cut-Off | January 29, 2021 |
| Dispositive Motions to be Filed | February 26, 2021 |
| Pretrial Order to be Filed | June 4, 2021 |

27     The parties further propose Trial Dates of July 5, 2021, July 12, 2021 or July 19, 2021.
28     This request is made in good faith and not for purposes of delay.

|   |   |   |
|---|---|---|
| 1 |  | RESPECTFULLY SUBMITTED, |
| 2 | Dated April 9, 2020 | By: /s/ *Christine E. Webber* |

Mark R. Thierman, Esq.
Joshua D. Buck, Esq.
Leah L. Jones, Esq.
THIERMAN BUCK
7287 Lakeside Drive
Reno, NV 89511

Alexander Hood (*pro hac vice*)
TOWARDS JUSTICE
1535 High Street, Suite 300
Denver, CO 80218

Christine E. Webber (*pro hac vice*)
Brian Corman (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave., NW, Suite 500
Washington, D.C. 20005

*Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2020, a true and correct copy of the foregoing was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

By: /s/ *Christine E. Webber*
Christine E. Webber