Ellen Jean Winograd, Esq.
State Bar No. 815
WOODBURN AND WEDGE
6100 Neil Road, Suite 500
Reno, Nevada 89511-1149
Tel: (775) 688-3000
Fax: (775) 688-3088
Email: ewinograd@woodburnandwedge.com

Attorneys for Defendant
WESTERN RANGE ASSOCIATION

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ABEL CÁNTARO CASTILLO; ALCIDES INGA RAMOS; RAFAEL DE LA CRUZ; and those similarly situated, | Case No. 3:16-cv-00237-RCJ-CLB |
| Plaintiffs, | |
| vs. | |
| WESTERN RANGE ASSOCIATION; EL TEJON SHEEP COMPANY; MELCHOR GRAGIRENA; MOUNTAIN PLAINS AGRICULTURAL SERVICE; and ESTILL RANCHES, LLC, | |
| Defendants. | |

## <u>MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1)</u>

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# TABLE OF CONTENTS

I  Summary ...................................................................................................... 1

II  Introduction and Relief Sought ................................................................... 1

**Although the Ninth Circuit Court of Appeals reversed this Court and found there to be Class Action Fairness Act (CAFA) jurisdiction under two of the three requisite CAFA elements addressed, one element, "minimal diversity" was never raised nor addressed; A recent Ninth Circuit case, *King v. Great American Chicken Corp*, 903 F.3d 875 (9th Cir. 2018) <u>now</u> precludes this Court's exercise of CAFA jurisdiction on the "minimal diversity" element never addressed.** ........................ 2

III  Statement of Facts ........................................................................................ 3

IV  Procedural Background ................................................................................. 3

V  Argument ...................................................................................................... 4

    A.  Legal Standard for Dismissal ................................................................. 4

    B.  Legal Standard Under CAFA ................................................................. 7

    C. One component of CAFA jurisdiction, not previously addressed is missing and this Court therefore lacks jurisdiction over this case ................................... 8

        1.  Subject matter jurisdiction cannot and has not been waived ................................... 8

        2.  Two thirds' minimal diversity under CAFA is missing and this Court therefore lacks subject matter jurisdiction over this matter. ................................... 9

        3.  *King v. Great Am. Chicken Corp., Inc., supra* requires this Court to dismiss this matter because the two-thirds "citizens" of Nevada requirement under 28 USC § 1332(d)(4) cannot be met by Plaintiff because his own allegations in the SAC state that all putative class members were non-immigrant H-2A visa holders who were citizens of Nevada for diversity purposes under CAFA ............... 11

VI  Conclusion .................................................................................................... 12

WOODBURN AND WEDGE
6100 Neil Road, Suite 500
Reno, NV 89511
Tel: (775) 688-3000

ii

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*American Fire & Casualty Co. v. Finn*,
   341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951) ...................................................8, 9

*Arbaugh v. Y & H Corp*,
   546 U.S. 500, 126 S.Ct. 1235; 163 L.Ed.2d 1097 (2006) ........................................8

*Ashcroft v. Iqbal*,
   556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) .........................................5

*Augustine v. United States*,
   704 F.2d 1074 (9th Cir. 1983) ..................................................................................8

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) .........................................5

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ..................................................................................................6

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
   135 S. Ct. 547 (2014) ...............................................................................................7

*Evans v. Walter Indus., Inc.*,
   449 F.3d 1159 (11th Cir. 2006) ........................................................................10, 11

*In re Sprint Nextel Corp.*,
   593 F.3d 669 (7th Cir. 2010) ..................................................................................10

*Ins. Corp. of Ireland v. Compagnie des Bauxites*,
   456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982) ...........................................8

*Kanter v. Warner-Lambert Co.*,
   265 F.3d 853 (9th Cir. 2001) ..................................................................................11

*King v. Great American Chicken Corp*,
   903 F.3d 875 (9th Cir. 2018) ...........................................................................passim

*Levitt v. Yelp! Inc.*,
   765 F.3d 1123 (9th Cir. 2014) ..................................................................................5

*Libhart v. Santa Monica Dairy Co.*,
   592 F.2d 1062 (9th Cir. 1979) ..................................................................................9

*Manzarec v. St. Paul Fire & Marine Ins.*,
   519 F.3d 1025 (9th Cir. 2008) ..................................................................................5

WOODBURN AND WEDGE
6100 Neil Road, Suite 500
Reno, NV 89511
Tel: (775) 688-3000

*Mondragon v. Capital One Auto Fin.*,
   736 F.3d 880 (9th Cir. 2013)......................................................................................7, 10

*Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*,
   485 F.3d 793 (5th Cir. 2007).....................................................................................10, 11

*Schultz v. Dept. of the Army*,
   886 F.2d 1157 (9th Cir. 1989)...........................................................................................6

*Serrano v. 180 Connect, Inc.*,
   478 F.3d 1018 (9th Cir. 2007)......................................................................................7, 8

*Soremekun v. Thrifty Payless*, Inc.,
   509 F.3d 978 (9th Cir. 2007)............................................................................................6

*Titus v. Sullivan*,
   4 F.3d 590 (8th Cir. 1993)...............................................................................................7

*Trentacosta v. Frontier Pacific Aircraft*,
   813 F.2d, 1553 (9th Cir. 1987).........................................................................................5

**Statutes**

28 U.S.C. § 1332(d)(4)(A)........................................................................................................7

28 U.S.C. § 1332(d)(4)(A)-(B)..................................................................................................8

28 U.S.C. § 1332(d)(4)(B)....................................................................................................7, 8

28 U.S.C. §§ 1332(d)(4)(A), (B)...............................................................................................7

28 USC § 1332 (d) (CAFA)......................................................................................................9

28 USC § 1332(d).............................................................................................................passim

28 USC § 1332(d)(2)................................................................................................................1

28 USC § 1332(d)(4).........................................................................................................ii, 11

**Rules**

FRCP 12(b)(1)..................................................................................................................passim

FRCP 12(b)(1) & 12(h)(3).........................................................................................................8

FRCP 12(c)...............................................................................................................................6

FRCP 12(d)...............................................................................................................................6

FRCP 12(H)(3)..........................................................................................................................8

FRCP 23.........................................................................................................................7, 9, 12

WOODBURN AND WEDGE
6100 Neil Road, Suite 500
Reno, NV 89511
Tel: (775) 688-3000

iv

FRCP 56(a).................................................................................................................6

**Regulations**

20 CFR 655 ...............................................................................................................2

20 CFR §655 .............................................................................................................3

20 CFR § 655 ...........................................................................................................2

WOODBURN AND  WEDGE
6100 Neil Road, Suite 500
Reno, NV 89511
Tel: (775) 688-3000

# I
## Summary

The only issue before this Court, is whether it has subject matter jurisdiction over this action, where Plaintiff's own pleadings establish lack of diversity under recent case law.  Succinctly stated and as set forth herein, the SAC herein was dismissed by this Court for lack of subject matter jurisdiction under (2 of the 3) Class Action Fairness Act ("CAFA") requirements of 28 USC § 1332(d)(2).[1]  The Ninth Circuit Court of Appeals thereafter reversed and remanded this Court's Dismissal (on the two grounds addressed) and during the pendency of the Ninth Circuit Appeal, the requisite element of CAFA jurisdiction never herein decided by the Ninth Circuit in another case, a manner that now requires this Court to Dismiss this case and/or grant Summary Judgment in favor of Defendant. *King v. Great Am. Chicken Corp., supra*.

# II
## Introduction and Relief Sought

The action now before this Court purports to be a "class action" lawsuit brought by Castillo and former Plaintiffs Alcides Inga Ramos ("Ramos"), and former Plaintiff Rafael De La Cruz ("De La Cruz") (collectively "Plaintiffs"), on behalf of themselves and "all of those similarly situated." Castillo originally sued Defendants Western Range Association ("Western Range"), and former Defendants El Tejon Sheep Company ("El Tejon") and Melchor Gragirena ("Gragirena"); former Plaintiff Ramos sued former Defendants Mountain Plains Agricultural Service ("MPAS") and Estill Ranches, LLC ("Estill Ranches"); and former Plaintiff De La Cruz sued former Defendant MPAS [Second Amended Complaint, Doc #111, p. 23, ¶ 120-p. 32, ¶ 184]. In the Second Amended Complaint, only Castillo sued Western Range.[2]  Western Range is a California non-profit corporation involved in recruiting foreign shepherds [Doc #111, p. 7, ¶16]. Western Range is currently headquartered in Twin Falls, Idaho [Doc #111, p. 7, ¶16].

---

[1] This Court also dismissed the First Amended Complaint ("FAC") for lack of CAFA jurisdiction [Doc #45, #107] but allowed Plaintiff to amend his Complaint for the second time.

[2] Plaintiffs and Defendants other than Western Range Association appear to have settled or resolved claims between and among themselves, although this Court initially declined to approve the settlement because it did not have jurisdiction over the matter [Doc #167]. Defendant Western Range Association is not aware of, nor was it privy to the settlement terms. *See* Defendant Western Range Association's Opposition to Motion for Approval of Settlement Agreement and for Dismissal [Doc #162].

1  Plaintiffs' Second Amended Complaint ("SAC") asserted 18 causes of action [Doc #111].

2  Western Range filed a Motion to Dismiss the SAC pertaining to Counts One, Three, Four, Five and

3  Nine, the claims brought by Castillo against Western Range [Doc #124]. The alleged Western

4  Range "class" is "All persons whom WRA 'employed' as shepherds through the **H-2A[3] program**,

5  who worked in Nevada during the applicable statute of limitations" [Doc #111, p. 23, ¶ 121, internal

6  quote marks, emphasis and footnote added]. The alleged "WRA Former 'Employee' Sub-Class" is

7  "All persons whom WRA 'employed' as shepherds through the **H-2A program**, who worked in

8  Nevada during the applicable statute of limitations and who are no longer 'employed by the WRA'."

9  [Doc #111, p. 23 ¶ 122, internal quote marks and emphasis added].[4]

10  The First and Second Amended Complaints ("FAC", "SAC") were both dismissed for lack

11  of subject matter jurisdiction under the Federal Class Action Fairness Act 28 USC § 1332(d)

12  (hereafter "CAFA") [Docs #45, #111]. In reaching its conclusion, however this Court never

13  addressed the "minimal diversity" requirement, because the leading Ninth Circuit Court of Appeals

14  case, *King v. Great Am. Chicken Corp., supra*, had not yet been decided when the Dismissal Motion

15  was first filed.[5]

16  The SAC is once again before this Court and currently at issue herein. And as set forth

17  below, dismissal for lack of subject matter jurisdiction is proper (on different grounds) and

18  dismissal or Summary Judgment must be entered in favor of Western Range Association as a matter

19  of law.

20  Although the Ninth Circuit Court of Appeals reversed this Court and found there to be Class

21  Action Fairness Act (CAFA) jurisdiction under two of the three requisite CAFA elements

22  addressed, one element, "minimal diversity" was never raised nor addressed; A recent Ninth Circuit

---

[3] By definition, pursuant to 20 CFR § 655, H-2A visas (and therefore H-2A sheepherders) are temporary, non-immigrant agricultural workers with citizenship outside of the United States.

[4] *See* footnote 3, *supra*. Since H-2A visa holders are non-immigrant, temporary agricultural workers, they are clearly citizens of another country. 20 CFR 655; *see also* Plaintiff's SAC [Doc. #111, p. 23 ¶¶ 121, 122].

[5] As set forth herein, subject matter jurisdiction cannot be waived.

1   case, *King v. Great American Chicken Corp*, 903 F.3d 875 (9th Cir. 2018) <u>now</u> precludes this

2   Court's exercise of CAFA jurisdiction on the "minimal diversity" element never addressed.

### III
### Statement of Facts

"Representative" Plaintiff himself alleged that he was a H-2A herder at El Tejon, dividing his time between California and Nevada [Doc #111, p. 7, ¶ 13]. Plaintiff claims to have worked from about October to mid-April (seven plus months out of the year) in California, and from mid-April to September or early October (the remaining five plus months of the year) in Nevada [Doc #111, p. 13, ¶ 47]. Defendant El Tejon, a Western Range member, paid Plaintiff the higher California H-2A rate of $1,422 per month during his course of his employment [Doc #45, p. 16, ¶ 97]. The $1,422 monthly rate paid to Castillo was higher than the prevailing *Nevada* wage rate at the time, in compliance with the then-current Federally Imposed monthly Adverse Effect Wage Rate ("AEWR") [Doc #111, p. 20, ¶ 105]. *See also* 20 CFR §655. This higher $1,422 California rate was paid, despite the fact that Castillo was dividing his time between California and Nevada during his work as a herder [Doc #111, p. 7, ¶¶ 13, 15].[6]

### IV
### Procedural Background

For purposes of the pending motion, Western Range seeks dismissal of the entire SAC, although only Counts One, Three, Four, Five and Nine are against specifically Western Range [Doc #111].

Initially, sole Plaintiff Castillo filed a Fair Labor Standards Act ("FLSA") suit against Western Range, El Tejon and Gragirena on May 3, 2016 [Doc #1]. On September 10, 2016, Western Range, Gragirena and El Tejon all filed Motions to Dismiss [Docs #35, #37]. On October 13, 2016, Castillo, plus newly-named Plaintiff Ramos filed the First Amended Complaint ("FAC"), wherein additional defendants were added. Seventeen (17) new causes of action also appeared [Doc #45]. The FAC omitted the Fair Labor Standards Act ("FLSA") cause of action previously asserted in the original Complaint [Doc #1, pp. 21-22].

---

[6] El Tejon could have prorated between the California AEWR and the lower Nevada AEWR. El Tejon chose not to do so, having paid the higher California AEW for the entire year.

In November of 2016, Co-Defendants El Tejon and Gragirena filed Motions to Dismiss the First Amended Complaint [Doc #55]. On November 15, 2016, Western Range filed a Joinder in El Tejon and Gragirena's Motion to Dismiss and filed its own Motion to Dismiss Counts One, Three, Four, Five and Nine of Plaintiffs' FAC [Docs #65, #66]. On Defendants' Motions, the Court ordered dismissal of Plaintiffs' First Amended Complaint and granted Plaintiffs leave to file a Second Amended Complaint (SAC) [Doc #107].

The SAC was filed on May 15, 2017 [Doc #111], and after oral argument on October 23, 2017, the case was again dismissed by this Court on February 13, 2018 in a second lengthy opinion that addressed <u>two of the three</u> requisite elements of CAFA jurisdiction [Doc #140]. Plaintiffs appealed the Dismissal to Ninth Circuit Court of Appeals on March 9, 2018 [Doc #147] on June 19, 2019. In a 2-1 decision, with a dissenting opinion, the Ninth Circuit Court of Appeals reversed the District Court dismissal and remanded the action to this Court, **significantly noting that CAFA's two-thirds Nevada citizen minimum diversity was not addressed by the District Court below. Nor was it addressed by the Ninth Circuit, which only analyzed CAFA under two of the three criteria before it [Doc #169].. The Court stated in its June 19, 2019 Memorandum:**

> CAFA provides federal jurisdiction over class actions where: (1) the class has more than 100 members; (2) the parties are minimally diverse; and (3) the amount of controversy exceeds $5 million. 28 USC §1332(d). **Minimal diversity is not at issue in this appeal.**

Unpublished Ninth Circuit Memorandum, emphasis added [Doc #169].

Based upon recent case law from the Ninth Circuit Court of Appeals Plaintiff's own allegations [Doc #111, ¶¶ 23, 30, 93, 121, 122] defeat minimum diversity as defined by citizenship. CAFA jurisdiction is absent and this Court must dismiss this action in its entirety. *King v. Great Am. Chicken Corp., supra.*

## V

### Argument

### A.   LEGAL STANDARD FOR DISMISSAL.

As this Court is well aware, pursuant to FRCP 12(b)(1) a party may assert lack of subject matter jurisdiction by motion.  As this Court is also aware, lack of subject matter jurisdiction was

1  previously raised, but one of the bases upon which jurisdiction (now) fails; it was <u>not</u> at issue when

2  Ninth Circuit Court of Appeals decided this matter but it is now.  Since the Ninth Circuit Court

3  briefing herein, the Ninth Circuit dispositively held in another unrelated case, that one requisite

4  element of CAFA jurisdiction "minimal diversity" is missing in the absence of two thirds of the

5  Plaintiffs being *citizens* of the state in which they are bringing suit.  28 USC §1332(d); *King v.*

6  *Great Am. Chicken Corp., supra.*

7      The law and standard for dismissal is well established.  In *Ashcroft v. Iqbal*,  556 U.S. 662,

8  129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127

9  S.Ct. 1955, 167 L.Ed.2d 929 (2007), the United States Supreme Court unambiguously stated that

10  to survive defendant's dismissal motion, Plaintiff's "factual allegations [in the complaint] must

11  suggest that the claim has a plausible chance of success."  *See also Levitt v. Yelp! Inc.,* 765 F.3d

12  1123, 1135 (9th Cir. 2014).  For purposes of a 12(b) motion, the Court accepts factual allegations <u>in</u>

13  <u>the complaint</u> as true, and construes the pleadings in the light most favorable to the nonmoving

14  party.  *Manzarec v. St. Paul Fire & Marine Ins.,* 519 F.3d 1025, 1031 (9th Cir. 2008).  The

15  allegations in the complaint, however, may not simply recite the elements of the cause of action;

16  they must contain sufficient allegations of underlying facts to give fair notice and to enable the

17  opposing party to defend itself.  *Levitt v. Yelp! Inc., supra.*

18      Pursuant to FRCP 12(b)(1), the moving party should prevail if the material jurisdictional

19  facts are not in dispute and the moving party is entitled to prevail as a matter of law.  *Trentacosta*

20  *v. Frontier Pacific Aircraft*, 813 F.2d, 1553, 1558 (9th Cir. 1987).  In the instant case, it is Plaintiff's

21  own allegations that defeat jurisdiction herein based upon *King v. Great Am. Chicken Corp., supra.*

22  Specifically, Plaintiff alleges:

23  **23. This is a case about the H-2A temporary agricultural worker program, which is administered jointly by the Departments of Labor ("USDOL") and Homeland Security. H-2A workers come to the United States on temporary agricultural visas, commonly referred to as H-2A visas.**

24  **24. An agricultural employer in the United States may only employ H-2A workers if the USDOL certifies that: (1) there are insufficient workers available in the United States to perform the work, and (2) the**

**employment of the nonimmigrant temporary aliens will not adversely affect the wages and working conditions of United States workers similarly employed.**

**. . . .**

**121. He brings these claims on behalf of the "WRA Nevada Class," which, pending any modifications necessitated by discovery, is defined as follows:**

**All persons whom WRA employed as shepherds through the H-2A program, who worked in Nevada during the applicable statute of limitations.**

**122. Plaintiff Cántaro defines the "WRA Former Employee Sub-Class" as follows: All persons whom WRA employed as shepherds through the H-2A program, who worked in Nevada during the applicable statute of limitations and who are no longer employed by WRA.**

The SAC [Doc #111],[7] emphasis added.

As discussed herein, Plaintiff cannot meet the applicable standard that is an absolute prerequisite to subject matter jurisdiction, namely that the two-thirds minimal diversity exists. *King v. Great Am. Chicken Corp., supra.*

This Court may also treat this as a motion for judgment on the pleadings pursuant to FRCP 12(c), since Plaintiff's own allegations defeat subject matter jurisdiction based upon recent Ninth Circuit authority.  *King v. Great Am. Chicken Corp., supra.*[8]

In the instant case, the issue before this Court pertains to subject matter jurisdiction which constitutes solely a *legal* issue.  Legal issues that are not fact dependent, or established by plaintiff's own pleading, must be decided in favor of defendant as a matter of law.  *See e.g. Schultz v. Dept. of the Army*, 886 F.2d 1157, 1159 (9th Cir. 1989).  In order to property dismiss for lack of subject

---

[7] Plaintiff filed three complaints in this matter, two of which were amended and dismissed by the Court for lack of jurisdiction, subsequently reversed by the Ninth Circuit Court of Appeals in a two to one decision [Doc. #1, #45, #111, #169].  In other words, Plaintiff has had three opportunities to amend its complaint and only the Second Amended Complaint is herein at issue and is quoted above.  Surely, had Plaintiff been a citizen of the State of Nevada (or of the United States, for that matter), that allegation would have appeared in the Complaint.  To the contrary, Plaintiff himself alleges that he was subject to the temporary guest worker H-2A visa program.

[8] Pursuant to FRCP 56(a), should this court consider matters outside the pleadings, such as Plaintiff's own deposition testimony, the instant motion will be converted to a motion for summary judgment. FRCP 12(d).  As with a dismissal motion, the party seeking summary judgment bears the initial burden of informing the court of the basis for its motion. *See, e.g. Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Soremekun v. Thrifty Payless*, Inc., 509 F.3d 978, 984 (9th Cir. 2007).

matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments.  *See Titus v. Sullivan*, 4 F.3d 590 (8th Cir. 1993).  In a facial attack, the court restricts itself to the face of the pleadings, and all of the factual allegations concerning jurisdiction are presumed to be true.  *Id.*

As set forth herein, there are no fact-dependent issues.  To wit: Plaintiff's own pleadings establish that Plaintiff and those putative class members he seeks to certify pursuant to FRCP 23, are <u>non</u>-citizens of the United States, and Plaintiff can never fulfill one of the three requisite elements of 28 USC § 1332(d), as a matter of law.  FRCP 12(b)(1); 12(c).

**B.  LEGAL STANDARD UNDER CAFA.**

Pursuant to 28 USC §1332(d), Federal courts have jurisdiction under CAFA "if the class has more than 100 members, <u>the parties are minimally diverse</u>, and the amount in controversy exceeds $5 million." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 552 (2014). The statute includes a number of exceptions that require a federal district court to decline jurisdiction even if the above requirements were met. They include what are commonly referred to as the local controversy exception, *see* 28 U.S.C. § 1332(d)(4)(A); *see, e.g., Mondragon v. Capital One Auto Fin*., 736 F.3d 880, 881 (9th Cir. 2013), and the home-state controversy exception, see 28 U.S.C. § 1332(d)(4)(B); s*ee also Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1019 (9th Cir. 2007). These exceptions require the party seeking remand to state court to prove[9], among other things, that greater than two-thirds of proposed class members "are citizens of the State in which the action was originally filed."  28 U.S.C. §§ 1332(d)(4)(A), (B).

Federal courts only have jurisdiction under CAFA "if the class has more than 100 members, the parties are <u>minimally diverse</u>, and the amount in controversy exceeds $5 million." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 552 (2014). The statute includes a number of exceptions that require a Federal District Court to decline jurisdiction even if the above requirements were met. They include what are commonly referred to as the <u>local controversy</u> exception, *see* 28 U.S.C. § 1332(d)(4)(A); *see also Mondragon v. Capital One Auto Fin*., 736 F.3d

---

[9] In the instant case, as there was no removal from state court and no Nevada state court was ever pending herein, there is no "remand" to state court. Western Range Association's remedy is Dismissal.

880, 881 (9th Cir. 2013), and the home-state controversy exception, *see* 28 U.S.C. § 1332(d)(4)(B); *see also Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1019 (9th Cir. 2007). These exceptions require the party seeking remand to state court to prove, among other things, that greater than two-thirds of proposed class members "are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A)-(B).

The Ninth Circuit Court of Appeals has ruled herein that two of the three mandatory CAFA subject matter jurisdiction elements have been met.   The third element, however, was never addressed [Doc. #169].

**C.   ONE COMPONENT OF CAFA JURISDICTION NOT PREVIOUSLY ADDRESSED, WAS ANALYZED IN RECENT NINTH CIRCUIT LAW IS MISSING. THIS COURT THEREFORE LACKS SUBJECT MATTER JURISDICTION OVER THIS CASE.**

**1.   Subject matter jurisdiction cannot and has not been waived.**

As set forth herein, subject matter jurisdiction cannot be waived. FRCP 12(H)(3); *Arbaugh v. Y & H Corp,* 546 U.S. 500, 126 S.Ct. 1235; 163 L.Ed.2d 1097 (2006) [citing FRCP 12(b)(1) & 12(h)(3)].   In the instant case, "Minimal diversity" is now at issue, based upon Plaintiff's own allegations and his testimony that he was never a "citizen" of Nevada or even of the United States. *King v. Great Am. Chicken, supra.*

FRCP 12(h)(3) states: "If the court determines <u>at any time that it lacks subject-matter jurisdiction,</u> the court must dismiss the action" (emphasis added). Lack of subject-matter jurisdiction may be raised <u>at any stage in the litigation,</u> even after trial and the entry of judgment. *Arbaugh v. Y&H Corp*., 546 U.S. 500, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006) [citing FRCP 12(b)(1) & 12(h)(3)]. The defense of lack of subject matter jurisdiction cannot be waived, and the court is under a <u>continuing duty</u> to dismiss an action whenever it appears that the court lacks jurisdiction. *See e.g., Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). Subject matter jurisdiction is a limitation on "federal power" that "cannot be waived" so "a party does not waive the requirement [of subject matter jurisdiction] by failing to challenge jurisdiction early in the proceedings*." Ins. Corp. of Ireland v. Compagnie des Bauxites*, 456 U.S. 694, 702-03, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). *See also, American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 18–19,

71 S.Ct. 534, 542–43, 95 L.Ed. 702 (1951); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979).

As stated by the United States Supreme Court in *Finn, supra,* "The jurisdiction of the federal courts is carefully guarded against expansion by judicial interpretation or by prior action or consent of the parties."

2.    **Two thirds' Nevada minimal diversity under CAFA is missing and this Court therefore lacks subject matter jurisdiction over this matter.**

28 USC § 1332 (d) (CAFA) provides in pertinent part:

(1)    In this subsection—

(A) the term "class" means all of the class members in a class action;

(B)  the term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action;

(C)  the term "class certification order" means an order issued by a court approving the treatment of some or all aspects of a civil action as a class action; and

(D)  the term "class members" means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action.

(2)    The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—

(A) any member of a class of plaintiffs is a citizen of a State different from any defendant;

(B) any member of a class of plaintiffs is a foreign state <u>or a citizen or subject of a foreign state</u> and any defendant is a citizen of a State; or

(C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of foreign state.

* * *

(8)    This subsection shall apply to any class action <u>before or after the entry of a class certification order</u> by the court with respect to that action.

Emphasis added.

On September 6, 2018, unrelated to the instant case, but during its pendency, the Ninth Circuit Court of Appeals issued an opinion in *King v. Great Am. Chicken Corp., Inc.*, *supra*

("King") that factually and legally controls the instant matter and the "citizenship" required.  King (now) defeats subject matter jurisdiction under CAFA and this matter must be dismissed.

In *King v. Great Am. Chicken Corp., Inc., supra*, defendant did business in California as Kentucky Fried Chicken ("KFC"). KFC appealed the District Court's remand of the plaintiff King's putative class action to Los Angeles Superior Court.[10] The question presented in the *King* case was whether the District Court correctly found that King met her burden of proving a factual requirement for remand under the exceptions, specifically whether greater than two-thirds of the putative class members were California **citizens** at the time the case was removed to federal court. The Ninth Circuit Court of Appeals held that the two-thirds citizenship requirement was absent, since the putative plaintiff class was comprised of non-U.S. citizens (and therefore not California **"citizens"**).

In *Mondragon v. Capital One Auto Fin*., 736 F.3d 880, 884 (9th Cir. 2013) the Ninth Circuit joined the Fifth, Seventh, and Eleventh Circuits that have considered the issue. In *Mondragon*, the Court concluded that there must ordinarily be at least some facts in evidence from which the district court may make findings regarding class members' citizenship for purposes of CAFA's local controversy exception. *See In re Sprint Nextel Corp*., 593 F.3d 669, 673–76 (7th Cir. 2010); *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 798–802 (5th Cir. 2007); *Evans v. Walter Indus., Inc.,* 449 F.3d 1159, 1165–66 (11th Cir. 2006). The Court stated that the plaintiff has the burden to "establish that greater than two-thirds of prospective class members were citizens of California as of the date the case became removable." *Mondragon*, 736 F.3d 880 at 883.[11]

In *King v. Great Am. Chicken Corp., supra*, the Court analyzed the local controversy exception in CAFA and held that plaintiff King had to establish that "greater than two-thirds" of the putative class members were citizens [of California]. *Ibid*. The Court also discussed how "[a]

[10] In *King v. Am. Chicken Corp., supra*, the action was originally filed in state court and removed by defendant to federal court by KFC under the Class Action Fairness Act ("CAFA"). It was undisputed that removal under CAFA was proper, but plaintiff King sought remand to state court based upon the local controversy or home-state controversy exception to CAFA jurisdiction.  In *King v. Am. Chicken Corp., supra*, the plaintiff was eager to adjudicate the matter in California State Court; by contrast, Plaintiff herein seems desperate to have this matter adjudicated in this Federal Court.

[11] See footnote 8, above.  As in *King v. Am. Chicken Corp., supra*, *Mondragon* also involved removal to Federal Court and a subsequent remand motion.  *Id*. at 883.

person's state of citizenship is established by domicile, not simply residence, and a residential address in California does not guarantee that the person's legal domicile was in California. *Id.* at 879 [citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)]. Further, the Court stated that **"[t]o be a citizen of a state, a natural person must first be a citizen of the United States."** *Id.* [citing *Kanter*, 265 F.3d at 857].

In the instant case, since *King v. Great Am. Chicken Corp., supra* is now controlling, Western Range brings this Motion to Dismiss for lack of subject matter jurisdiction, based upon Plaintiff's own pleading [SAC, Doc #111]. As shown in *King v. Great Am. Chicken Corp., supra*, and further discussed below, the two-thirds "citizenship" of Nevada requirement under 28 USC § 1332(d)(4) cannot be met by Plaintiff in this case.  Defendant therefore submits that this must dismiss this case or grant judgment in Defendant Western Range's favor as a matter of law.

In the case at bar, by Plaintiff's own allegations, Plaintiff cannot meet the two-thirds citizenship requirement of 28 U.S.C. § 1332(d) and this Court therefore lacks subject matter jurisdiction over this action.

3.      ***King v. Great Am. Chicken Corp., Inc., supra* requires this Court to dismiss this matter because the two-thirds "citizens" of Nevada requirement under 28 USC § 1332(d)(4) cannot be met by Plaintiff because his own allegations in the SAC state that all putative class members were non-immigrant H-2A visa holders who were citizens of Nevada for diversity purposes under CAFA.**

As set forth herein, in the case *sub juris*, *King v. Great Am. Chicken Corp., Inc.*, *supra* requires this Court to dismiss this action because the two-thirds "citizenship" of Nevada requirement under 28 USC § 1332(d)(4) cannot be met by Plaintiff;[12] his own allegations in the SAC state that all putative class members were non-immigrant H-2A visa holders who were citizens of Nevada for diversity purposes under CAFA [Doc #111, ¶¶ 121, 122].  Defendant Western Range is therefore entitled to dismissal as a matter of law.

/ / /

/ / /

/ / /

---

[12] Defendant Western Range waited until after Plaintiff's deposition to confirm that Plaintiff Abel Cántaro Castillo had never been a citizen of the United States.

WOODBURN AND WEDGE
6100 Neil Road, Suite 500
Reno, NV 89511
Tel: (775) 688-3000

11

**VI**
**Conclusion**

Based on the foregoing, by Plaintiff's own pleading, one mandatory requirement for imposition of CAFA jurisdiction is absent.  Namely, Plaintiff Abel Cántaro Castillo alleged that the putative class herein at issue is comprised of non-immigrant (foreign) temporary H-2A visa holding sheepherders.  Thus, the citizenship requirement for 28 U.S.C. §1332(d) two-thirds diversity is not and cannot be met by any putative class for which Plaintiff attempts to obtain FRCP 23 class certification.  Accordingly, subject matter jurisdiction is absent as a matter of law and this matter must be dismissed and/or summary judgment be entered in favor of Defendant Western Range Association.

DATED this 13th day of July, 2020.

WOODBURN AND WEDGE

Ellen Jean Winograd
Ellen Jean Winograd, Esq.
State Bar No. 815
6100 Neil Road, Suite 500
Reno, Nevada 89511
**Attorneys for Defendant**
**WESTERN RANGE ASSOCIATION**

WOODBURN AND  WEDGE
6100 Neil Road, Suite 500
Reno, NV 89511
Tel: (775) 688-3000

12

## CERTIFICATE OF SERVICE

It is hereby certified that service of the foregoing **MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1)** was made through the Court's electronic filing and notification or, as appropriate, by sending a copy thereof by first-class mail from Reno, Nevada, addressed as follows:

| Party | | Counsel |
|---|---|---|
| **Abel Cantaro Castillo**<br>and those similarly situated<br><br>*Added: 05/03/2016*<br>*(Plaintiff)* | represented by | **Joshua D Buck**<br>Thierman Buck, LLP<br>7287 Lakeside Drive<br>Reno, NV 89511<br>775-284-1500<br>josh@thiermanbuck.com<br>*Assigned: 08/29/2016*<br>*LEAD ATTORNEY* |
| | | **Brian C Corman**<br>Cohen Milstein Sellers & Toll<br>1100 New York Avenue, NW<br>Ste 500, West Tower<br>Washington, DC 20005<br>202-408-4600<br>202-408-4699 (fax)<br>bcorman@cohenmilstein.com<br>*Assigned: 08/30/2016*<br>*LEAD ATTORNEY, PRO HAC VICE* |
| | | **Alexander Neville Hood**<br>Towards Justice<br>1535 High St., Ste. 300<br>Denver, CO 80218<br>720-239-2606<br>303-957-2289 (fax)<br>alex@towardsjustice.org<br>*Assigned: 05/03/2016*<br>*LEAD ATTORNEY, PRO HAC VICE* |
| | | **Leah Lin Jones**<br>Thierman Buck LLP<br>7287 Lakeside Drive<br>Reno, NV 89511<br>775-284-1500<br>775-703-5027 (fax)<br>leah@thiermanbuck.com<br>*Assigned: 09/06/2016*<br>*LEAD ATTORNEY* |

| Party | Counsel |
|-------|---------|
| | **Mark R. Thierman**<br>Thierman Buck, LLP<br>7287 Lakeside Drive<br>Reno, NV 89511<br>775-284-1500<br>775-703-5027 (fax)<br>laborlawyer@pacbell.net<br>*Assigned: 09/06/2016*<br>*LEAD ATTORNEY* |
| | **Christine E Webber**<br>Cohen Milstein Sellers & Toll<br>1100 New York Avenue, NW<br>Ste 500, West Tower<br>Washington, DC 20005<br>202-408-4600<br>202-408-4699 (fax)<br>cwebber@cohenmilstein.com<br>*Assigned: 08/30/2016*<br>*LEAD ATTORNEY,  PRO HAC VICE* |
| **Alcides Inga Ramos**<br>*Added: 12/16/2016*<br>*(Plaintiff)*     represented by | **Alexander Neville Hood**<br>Towards Justice<br>1535 High St., Ste. 300<br>Denver, CO 80218<br>720-239-2606<br>303-957-2289 (fax)<br>alex@towardsjustice.org<br>*Assigned: 03/07/2018*<br>*ATTORNEY TO BE NOTICED* |
| | **Christine E Webber**<br>Cohen Milstein Sellers & Toll<br>1100 New York Avenue, NW<br>Ste 500, West Tower<br>Washington, DC 20005<br>202-408-4600<br>202-408-4699 (fax)<br>cwebber@cohenmilstein.com<br>*Assigned: 12/16/2016*<br>*ATTORNEY TO BE NOTICED* |

DATED:   July 13, 2020  .


                                    An Employee of Woodburn and Wedge

WOODBURN AND  WEDGE
6100 Neil Road, Suite 500
Reno, NV 89511
Tel: (775) 688-3000