# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ABEL CANTARO CASTILLO, *and those similarly situated*,

    Plaintiffs,

vs.

Western Range Association,

    Defendant.

Case No. 3:16-cv-00237-RCJ-CLB

**ORDER**

    Defendant moves for dismissal claiming that this Court lacks subject-matter jurisdiction under Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA") because Plaintiff and the class members are not citizens of Nevada but citizens of Peru.

    Under CAFA, federal courts have original diversity jurisdiction over class actions where the aggregate amount in controversy exceeds $5,000,000, where the putative class size exceeds 100 persons, and where there is minimal diversity. *King v. Great Am. Chicken Corp, Inc.*, 903 F.3d 875, 877 (9th Cir. 2018) (citing 28 U.S.C. § 1332(d)(2), (d)(5)(B)). Minimal diversity is satisfied by any of the following: "(A) any member of a class of plaintiffs is a citizen of a State different from any defendant; (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or (C) any member of a class of plaintiffs

is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state." § 1332(d)(2). Even if these requirements are satisfied a court must decline to exercise jurisdiction under paragraph 4 if, among other things, "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." § 1332(d)(4)(B). On appeal, the circuit has already held that all but the minimal diversity requirement was satisfied in this case because, at that time, "[m]inimal diversity [was] not at issue." (ECF No. 169.)

Defendant now argues that minimal diversity is not satisfied in this case because Plaintiffs are citizens of Peru and not citizens of a State. Defendant claims that it is a requirement for minimal diversity that "two[-]thirds of the Plaintiffs be[] *citizens* of the state in which they are bringing suit." (ECF No. 214 at 10.) This is a frivolous contention that appears to be based on the mistaken belief that minimal diversity is only satisfied under § 1332(d)(2)(A) and that the exception to jurisdiction under § 1332(d)(4)(B) is a requirement. However, minimal diversity can be found where any plaintiff is a citizen of a foreign state and any defendant is a citizen of a State, § 1332(d)(2)(B), and paragraph 4 does not show requirements for jurisdiction under § 1332(d) but ways in which it is lost, § 1332(d)(4)(B). Defendant's contentions therefore are without merit, and the Court denies its motion.

## CONCLUSION

IT IS HEREBY ORDERED that Motion to Dismiss (ECF No. 214) is DENIED.

IT IS SO ORDERED.

Dated February 24, 2021.

_____
ROBERT C. JONES
United States District Judge