ELLEN JEAN WINOGRAD, ESQ.
Nevada State Bar No. 815
KELSEY E. GUNDERSON, ESQ.
Nevada State Bar No. 15238
JOSE TAFOYA, ESQ.
Nevada State Bar No. 16011
WOODBURN AND WEDGE
6100 Neil Road, Suite 500
Reno, Nevada 89511
Tel:  775-688-3000
Fax: 775-688-3088
ewinograd@woodburnandwedge.com
kgunderson@woodburnandwedge.com
jtafoya@woodburnandwedge.com

ANTHONY HALL, ESQ.
Nevada State Bar No. 5977
SIMONS HALL JOHNSTON, P.C.
690 Sierra Rose Drive
Reno, NV 89511
Tel: (775) 785-0088
ahall@shjnevada.com

*Attorneys for Western Range Association*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ABEL CÁNTARO CASTILLO; ALCIDES INGA RAMOS, and those similarly situated,<br><br>            Plaintiff,<br><br>vs.<br><br>WESTERN RANGE ASSOCIATION; MELCHOR GRAGIRENA; EL TEJON SHEEP COMPANY; MOUNTAIN PLAINS AGRICULTURAL SERVICE; ESTILL RANCHES, LLC; and JOHN ESTILL,<br><br>            Defendants. | Case No. 3:16-cv-00237-RCJ-CLB<br><br>**WESTERN RANGE ASSOCIATION'S MOTION FOR SUMMARY JUDGMENT AS TO COUNTS ONE, THREE, FOUR, FIVE, AND NINE OF THE SECOND AMENDED COMPLAINT**<br><br>**FILED UNDER SEAL** |

/ / /

/ / /

/ / /

/ / /

Defendant WESTERN RANGE ASSOCIATION ("Western Range"), by and through its counsel, WOODBURN AND WEDGE and SIMONS, HALL, JOHNSTON, P.C., files this MOTION FOR SUMMARY JUDGMENT AS TO COUNTS ONE, THREE, FOUR, FIVE, and NINE OF THE SECOND AMENDED COMPLAINT ("Motion for Summary Judgment") pursuant to Federal Rule of Civil Procedure ("FRCP") Rule 56 on the grounds that after extensive discovery there are no genuine issues of material fact and Western Range is entitled to judgment as a matter of law.

This Motion for Summary Judgment is supported by the pleadings and papers on file herein, the Points and Authorities filed herewith, the exhibits attached hereto, Western Range's Opposition to FRCP 23 Class Certification, and such oral arguments as the Court requests.

TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| I | INTRODUCTION | 1 |
| II | THE RELIEF SOUGHT BY DEFENDANT WESTERN RANGE IN THIS SUMMARY JUDGMENT MOTION | 1 |
| III | CASE OVERVIEW | 1 |
| IV | THE PARTIES | 3 |
| V | FACTUAL BACKGROUND AND PLAINTIFF'S CLAIMS | 4 |
| VI | PROCEDURAL BACKGROUND | 5 |
| VII | DISCOVERY COMPLETED | 6 |
| VIII | ARGUMENT | 6 |
|  | A. The Standard for Summary Judgment | 6 |
|  |    1. The Specific Standard for Summary Judgment in a Wage-and-Hour Case | 7 |
|  | B. Plaintiff has Substantive Deficiencies in his Claims that Cannot be Overcome | 8 |
|  |    1. Plaintiff has Submitted No Facts, Material or Otherwise that Would Allow this Matter to Proceed to the Trier of Fact | 8 |
|  |    2. Plaintiff Cannot, as a Matter of Law, Present the Requisite Elements for a Breach of Contract Claim | 11 |
|  |       a. Breach of Contract Claims Cannot Survive Summary Judgment Solely on Plaintiff's Allegations that Western Range Breached a "Legal Duty" | 11 |
|  |    3. Plaintiff Cannot, as a Matter of Law, Present the Requisite Elements for Promissory Estoppel | 13 |
|  |    4. Plaintiff Cannot as a Matter of Law, Present the Requisite Elements for an Unjust Enrichment Claim | 14 |
| IX | CONCLUSION | 15 |

1

TABLE OF AUTHORITIES

2

<u>CASES</u>                                                                                           <u>Page</u>

3      *Anderson v. Liberty Lobby, Inc.,*                                          6,7
       477 U.S. 242 (1986)

4

5      *Celotex Corp. v. Catrett,*                                                      7
       477 U.S. 317 (1986)

6
       *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,*     7,11
7      475 U.S. 574 (1986)

8      *First National Bank v. Cities Serv. Co.,*                               7
       391 U.S. 253 (1968)

9

10     *Hazelett v. Walmart Stores, Inc.*                                      6
       829 F. App'x 197 (9th Cir. 2020)

11
       *Morgan v. Aurora Loan Servs., LLC,*                                13
12     646 F. App'x 546 (9th Cir. 2016)

13     *Ihegword v Harris County Hosp. Dist.,*                           7,8
       555 F. Appx. 372 (5th Cir., 2014)

14
       *Elliot v. Spherion Pac. Work, LLC,*                                   9
15     368 F. App'x 761 (9th Cir. 2010)

16     *Weinberg v. Whatcom Cty.,*                                           9
       241 F.3d 746 (9th Cir. 2001)

17

18     *Triton Energy Corp. v. Square D Co.,*                              7
       68 F.3d 1216 (9th Cir. 1995)

19

20     *Bhan v. NME Hosps., Inc.,*                                             7
       929 F.2d 1404 (9th Cir. 1991)

21
       *T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n,*          6,7
22     809 F.2d 626 (9th Cir. 1987)

23     *Thornhill Pub. Co., Inc. v. GTE Corp.,*                           8
       594 F.2d 730 (9th Cir.1979)

24

25     *Leftenant v. Blackmon*                                                 13
       2019 WL 4247147 (D. Nev. Sept. 6, 2019)

26
       *In Re Anthem, Inc, Data Breach Litig.,*                           12,13
27     162 F. Supp. 3d 953 (N.D. Cal. 2016)

28

1    TABLE OF AUTHORITIES (CONT.)

2    <u>CASES</u>                                                        <u>Page</u>

3
     *WuMac, Inc. v. Eagle Canyon Leasing, Inc.,*                        14
4    2013 WL 593396 (D. Nev. Feb. 14, 2013)

5    *Dixon v. Wells Fargo Bank, N.A.*                                   12
     2012 WL 4450502 (E.D. Mich. Sept. 25, 2012)
6

7    *Goldwell of N.J., Inc. v. KPSS, Inc.,*                             12
     622 F. Supp. 2d 168 (D.N.J. 2009)

8
     *Berger v. Home Depot U.S.A., Inc.,*                                11,12
9    476 F. Supp. 2d 1174 (C.D. Cal. 2007)

10   *Saini v. Int'l Game Tech.,*                                        11
     434 F. Supp. 2d 913 (D. Nev. 2006)
11

12   *Cleveland v. Groceryworks.com, LLC,*                               9
     200 F. Supp. 3d 924 (N.D. Cal. 2016)

13   *Kruse v. Bank of Am.,*                                             13
     248 Cal. Rptr. 217 (Ct. App. 1988)
14

15   *Pellegrini v. State,*                                              14
     34 P.3d 519 (Nev. 2001)

16   *Leasepartners Corp. v. Robert L. Brooks Tr. Dated Nov. 12, 1975,*  14
     942 P.2d 182 (Nev. 1997)
17

18   *Vancheri v. GNLV Corp.,*                                           13
     777 P.2d 366 (Nev. 1989)

19   *Bernard v. Rockhill Dev. Co.,*                                     12
     734 P.2d 1238 (Nev. 1987)
20

21   *Pink v. Busch,*                                                    13
     691 P.2d 456 (Nev. 1984)
22

23   *Cheqer, Inc. v. Painters & Decorators Joint Comm., Inc.,*          13
     655 P.2d 996 (Nev. 1982)

24   *Lipshie v. Tracy Inv. Co.,*                                        14
     566 P.2d 819 (Nev. 1977)
25

26   *Malone v. Univ. of Kan. Med. Ctr.,*                               12
     552 P.2d 885 (Kan. 1976)

27   *Am. Sav. & Loan Ass'n v. Stanton-Cudahy Lumber Co.,*              13,14
     455 P.2d 39 (Nev. 1969)
28

TABLE OF AUTHORITIES (CONT.)

<u>CASES</u>                                                                                          <u>Page</u>

*Richardson v. Jones,*                                                                            11
1 Nev. 405, 1865 WL 1066 (Nev. 1865)

<u>FEDERAL STATUTES</u>

28 USC § 1332(d)                                                                             1

<u>FEDERAL RULES AND REGULATIONS</u>

FRCP 26                                                                                          6

FRCP 30(b)(6)                                                                               3,6,10

FRCP 56                                                                                          6,15

20 CFR § 655                                                                               2,3,10,11,13,14

<u>NEVADA CONSTITUTIONAL PROVISIONS</u>

Article 15 § 16 of the Nevada Constitution                                   1

**LIST OF EXHIBITS**

**EXHIBIT NO.**

| | | |
|---|---|---|
| 1. | 3/25/2022 | Declaration of Ellen Jean Winograd, Esq. |
| 2. | 6/24/2020 | Excerpts of Plaintiff Abel Cántaro Castillo's Deposition |
| 3. | 11/22/2021 | Declaration of Monica Youree |
| 4. | 2014 | Mandatory Report by Western Range to the United States Immigration and Customs Enforcement (ICE) Agency |
| 5. | 12/08/2014 | U.S. Customs and Border Form I-94 Admission Number |
| 6. | 1/13/2017 | Excerpts of Stipulated Discovery Plan and Scheduling Order |

### POINTS AND AUTHORITIES

### I

### INTRODUCTION

This is a wage-and-hour lawsuit wherein H-2A temporary livestock worker Abel Cántaro Castillo ("Plaintiff") alleges he was underpaid wages pursuant to Nevada's Minimum Wage Amendment (Article 15 § 16 of the Nevada Constitution.)[1] [Doc #111, ¶ 191].[2] Although Plaintiff has failed to establish that he was paid less than the applicable H-2A wage rate for hours <u>actually</u> worked, Plaintiff asserts that because agreements approved by the Department of Labor ("DOL") require H-2A non-immigrant temporary range livestock herders, including Plaintiff, to be "on-call for 24/7", that is what Plaintiff claims he actually "worked".

### II

### THE RELIEF SOUGHT BY DEFENDANT WESTERN RANGE IN THIS SUMMARY JUDGMENT MOTION

As set forth herein, Western Range seeks summary judgment on all remaining claims against it: Counts One, Three, Four, Five, and Nine of the Second Amended Complaint ("SAC"). [Doc #111]. Western Range seeks Summary Judgment on both procedural and substantive grounds. Summary Judgment is justified on either of these grounds. Summary Judgment is fatal to the viability of Plaintiff's SAC; either of these grounds requires Summary Judgment in favor of Western Range.[3]

Most significantly, Plaintiff cannot, and has not, adduced any credible evidence of hours he actually worked or the damages he individually suffered.

### III

### CASE OVERVIEW

Plaintiff was a Peruvian sheep herder on the El Tejon Ranch from "around October 2007," until June 8,

---

[1] Plaintiff is attempting to pursue this as a "class action" case on behalf of all Nevada non-immigrant temporary foreign H-2A Visa Range Livestock herders from 2010 to 2016. [Doc #111, ¶ 191].

[2] This Court is considering Western Range's Summary Judgment Motion as to Plaintiff's most recent Complaint: the SAC. [Doc #111]. The original Complaint was a Fair Labor Standards Act Complaint. [Doc #1]. The next two Complaints, the First Amended Complaint [Doc #45] and the SAC [Doc #111] were based on wage-and-hour and "contract" related claims sounding primarily or exclusively in Nevada State Law.

[3] This is true whether or not Plaintiff attains FRCP 23 Class Certification as sought. In fact, if FRCP 23 certification is denied, this Court loses subject matter jurisdiction over this matter. This case is before the Court on 28 USC § 1332(d) Class Action Fairness Act ("CAFA") jurisdiction. It is axiomatic that if there is no "class" there can be no subject matter jurisdiction under CAFA.

1 2014, after which he left the El Tejon operation in violation of his H-2A Visa.[4]  [Doc #111, ¶ 13]; *see also,*

2 Excerpts of Plaintiff Abel Cántaro Castillo's Deposition, pp. 27-28, 87, and Declaration of Monica Youree, filed

3 herewith as Exhibits 2 and 3. Plaintiff left in the middle of the night in 2014, without notice when he still had a

4 month remaining on the H-2A agreement that gave rise to his ability to work within the United States under his

5 H-2A visa. [Doc #111, ¶ 59]; *see also,* Declaration of Monica Youree, filed herewith as Exhibits 3; *see also,*

6 Mandatory Report by Western Range to the United States Immigration and Customs Enforcement (ICE)

7 Agency, filed herewith as Exhibit 4.

8        While it is unknown exactly how long Plaintiff remained in the United States without a valid visa, it

9 appears that he was here in 2016, when he filed suit. According to Plaintiff's counsel, Plaintiff was here until at

10 least November 2016. *See,* 12/08/2014, U.S. Customs and Border Form I-94 Admission, filed herewith as

11 Exhibit 5. As of November 1, 2016, Plaintiff was still in the United States as indicated by his own counsel in the

12 Stipulated Discovery Plan and Scheduling Order. [Doc #91, p. 7].[5] *See,* Excerpts of Stipulated Discovery Plan

13 and Scheduling Order filed herewith as Exhibit 6.

14        At issue in this litigation, is the applicable federally defined wage rates paid to Plaintiff as a non-

15 immigrant temporary labor range herder in the H-2A labor program pursuant to 20 CFR § 655. This lawsuit is a

16 putative class action against Western Range pertaining to Nevada H-2A Member Ranches from June 10,

17 2010, to May 3, 2016, when Plaintiff filed his original Complaint. [Doc #1]. Some of the prior Nevada member

18 ranches have subsequently gone out of business, however, Plaintiff is still desperately attempting to include

19 the H-2A herders who worked for now non-existent Nevada Members in his putative "class" against Western

20 Range.[6] Not a single Member Ranch is a party to this litigation, only Western Range.

21

22

23
_____

24 [4] El Tejon was previously a named Defendant in this matter, having been dismissed following this Court's approval of resolution. [Doc

25 #196 & 198]. Plaintiff left the El Tejon Ranch without notice during the term of his then-valid H-2A Visa. *See,* Mandatory Report to
U.S. Immigration and Customs Agency (ICE), filed herewith as Exhibit 4.

26 [5] November 2016 was already two years and six months after the expiration of Plaintiff's H-2A Visa. *See,* Mandatory Report to U.S.
Immigration and Customs Agency (ICE), filed herewith as Exhibit 4.

27

28 [6] Plaintiff ignores that the different ranches themselves (within and outside of Nevada) control the actions, job duties, payroll, and
work procedures of the members. The base wage rates, however, are dictated by the DOL Regulations, which have also changed
overtime. *See,* Declaration of Monica Youree, filed herewith as Exhibit 3.

IV

THE PARTIES

Western Range is a California non-profit association with its principal place of business in Twin Falls, Idaho; it was formerly located in Salt Lake City, Utah. [Doc #111, ¶ 16]. Western Range is not a direct employer of H-2A non-immigrant temporary foreign sheep herders,[7] but rather facilitates the recruitment and employment of skilled guest workers under H-2A visas from countries primarily within South and Central America. During 2010 to 2016 Western Range had approximately one hundred and ninety-five ("195") members ranches that are located in thirteen ("13") states which included: Arizona, California, Colorado, Idaho, Montana, Nebraska, Nevada, Oklahoma, Oregon, South Dakota, Utah, Washington, and Wyoming. *See*, Declaration of Monica Youree, filed herewith as Exhibit 3.

"Representative" Plaintiff himself alleged that he was a H-2A herder at Western Range Member Ranch El Tejon, dividing his time between California and Nevada. [Doc #111, ¶ 13]. Plaintiff claims to have worked from about October to mid-April (approximately seven months out of the year) <u>in California</u>, and from mid-April to September or early October (approximately five months of the year) <u>in Nevada</u>. [Doc #111, ¶ 47]. **Previously named Defendant El Tejon, a Western Range member, paid Plaintiff the <u>higher</u> California H-2A rate of $1,422 per month during Plaintiff's entire course of employment. [Doc #45, ¶ 97]. This $1,422 monthly rate Plaintiff received was significantly higher than the applicable *Nevada* wage rate at the time, pursuant to the then-current, Federally Imposed monthly Adverse Effect Wage Rate ("AEWR"). [Doc #111, ¶ 105]; *see also*, 20 CFR § 655.** This higher California rate was paid, despite the fact that Plaintiff divided his time between California and Nevada during his work as a herder. [Doc #111, ¶¶ 13, 15].[8] Other ways in which this Plaintiff's employment differs from other Nevada putative "class members" are discussed and briefed in full in Western Range's Opposition to Plaintiff's FRCP

---

[7] For purposes of the H-2A visa program (<u>only</u>), Western Range is deemed a joint employer for purposes of the H-2A non-immigrant temporary foreign worker visa program that is administered by numerous federal agencies, most significantly, the DOL. As set forth in the Declarations of Monica Youree and the various Member Ranch FRCP 30(b)(6) witnesses, each Nevada Member Ranch maintains its own payroll records (in different manners), each maintains its own workers' compensation insurance for the herders and each Member Ranch has different pay and internal procedures it implemented in compliance with Federal and State Law and regulatory provisions. *See,* Declaration of Monica Youree, filed herewith as Exhibit 3.

[8] Employer El Tejon could have prorated between the California AEWR and the lower Nevada AEWR. Employer El Tejon chose <u>not</u> to do so.

3

23 Motion for Class Certification and Defendant Western Range's exhibits thereto. [Doc #270, filed under seal].

V

**FACTUAL BACKGROUND AND PLAINTIFF'S CLAIMS**

The action before this Court unrealistically seeks to be a "class action" lawsuit, on behalf of Plaintiff and "all of those similarly situated." [Doc #111]. Plaintiff had sued Western Range and former Defendants El Tejon Sheep Company ("El Tejon") and Melchor Gragirena ("Gragirena"); former Plaintiff Ramos sued former Defendants Mountain Plains Agricultural Service ("MPAS") and Estill Ranches, LLC ("Estill Ranches"); and former Plaintiff De La Cruz sued former Defendant MPAS for alleged wage underpayment. [Doc #111]. The action now is brought solely by Plaintiff, not against his actual member ranch employer El Tejon, but against Western Range <u>only</u>. As set forth herein, the Complaint currently before the Court is the Plaintiff's SAC. The SAC [Doc #111], contains several causes of action that only involved dismissed parties, both Plaintiffs and Defendants. [Doc #196,198].[9] **What remains against Western Range, are five claims that sound in contract and/or derive entirely from Plaintiff's claim that Western Range allegedly failed to comply with the Nevada State Minimum Wage Amendment (Nevada Constitution Article 16, § 15)**. [Doc #111]. The causes of action specifically pertaining to or against <u>Western Range</u> are only the following:

COUNT ONE:
Failure to pay minimum wages in violation in the Nevada Constitution [Doc #111, ¶¶ 185-188].

COUNT THREE:
Breach of Contract or Quasi Contract [Doc #111, ¶¶ 193-197].[10]

COUNT FOUR:
Promissory Estoppel [Doc #111, ¶¶ 198-201].

---

[9] The Joint Motion for Approval of Good Faith Settlement [Doc #160, 162, 167], was never approved by this Court, but apparently all other Defendants were dismissed by Stipulation (not signed by Western Range) and subsequent Order. [Doc #198].
Another (dismissed) association, Mountain Plains Agricultural Service ("MPAS"), was also alleged to "have a policy and practice of only paying the adverse employment wage rate ("AEWR") established by the DOL, regardless of whether a higher wage rate is required under State law, the H-2A program, or Federal law. [Doc #111, ¶ 98]. Plaintiff and former Plaintiffs Alcides Inga Ramos and Rafeal DeLaCruz alleged a total 18 counts against several Defendants, including El Tejon Sheep Company, Melchor Gragirena, Mountain Plains Agricultural Service, and Estill Ranches, LLC, as well as Western Range. [Doc #111], only five of which remain.

[10]  Plaintiff's breach of contract claim is curious, at best. Conspicuously absent from Plaintiff's breach of contract claim is his actual employment contract which he claimed was with Western Range, but which he failed to attach. Plaintiff and his counsel apparently <u>did not</u> have a copy of the contract that he claims to have signed or that he claims that El Tejon signed. Rather, the contract attached to the SAC as Exhibit B purports to be a contract between Pines Vivas Moreno and Colorado member James Craig Bair Ranch, in Greenwood Springs, Colorado. [Doc #111, Exhibit B].

4

COUNT FIVE:
Unjust Enrichment and Quantum Meruit [Doc #111, ¶¶ 202-207].

COUNT NINE:
 Failure to pay separated employees' wages when due [Doc #111, ¶¶ 223-232].

The remainder of the 18 causes of action were against other former Defendants El Tejon Sheep Company, Melchor Gragirena, Mountain Plains Agricultural Service and Estill Ranches. These claims and parties were dismissed by Stipulation, to which Western Range was not a signatory. [Doc #196, 198].

Defendant El Tejon was also a party to this DOL form approved contract.

VI

PROCEDURAL BACKGROUND

Initially, Plaintiff filed a FLSA suit against Western Range, El Tejon, and Gragirena on May 3, 2016. [Doc #1]. On September 10, 2016, Western Range, Gragirena, and El Tejon all filed Motions to Dismiss. [Doc #35, 37]. On October 13, 2016, Plaintiff, plus newly named Plaintiff Ramos filed the First Amended Complaint ("FAC"), wherein additional Defendants were added and seventeen ("17") new causes of action also appeared. [Doc #45]. The FAC omitted the FLSA cause of action previously. [Doc #45].

On Defendants' Motions, [Doc #55, 65, 66], this Court dismissed Plaintiffs' FAC and granted leave to amend again. [Doc #107]. Plaintiff then filed the SAC on May 15, 2017 [Doc #111], and after extensive oral argument on October 23, 2017, the case was <u>again</u> dismissed by this Court on February 13, 2018, in another opinion that addressed many elements of CAFA jurisdiction. [Doc #140].

Plaintiff appealed the District Court's dismissal to Ninth Circuit Court of Appeals on March 9, 2018. [Doc #147]. On June 19, 2019, in a 2-1 decision, with a dissenting opinion, the Ninth Circuit Court of Appeals reversed the District Court dismissal (based on the jurisdictional issues) and remanded this action back to this Court. [Doc #168, 169]. Extensive written and deposition discovery has now been conducted by both parties, set forth in detail. *See*, Declaration of Ellen Jean Winograd, filed herewith as Exhibit 1.

Following discovery, Plaintiff moved for FRCP 23 Class Certification on October 29, 2021. Western Range opposed that motion, it is fully briefed and ripe for adjudication by this Court. [Doc #264, 270, 273].

5

VII

DISCOVERY COMPLETED

Western Range has responded to numerous sets of Interrogatories and Requests for Production of Documents and has, in the context of numerous supplements, produced to Plaintiff over 110,000 pages of documents. Plaintiff also took depositions of 15 Member Ranches and Western Range's Executive Director, Monica Youree.  *See*, Declaration of Ellen Jean Winograd, filed herewith as Exhibit 1.

Even with all the completed discovery, Plaintiff **has not** and **cannot** meet his burden of proving the requisite elements necessary for his claims. Conspicuously absent from Plaintiff's discovery, is any non-speculative testimony or other evidence of alleged underpayment. [Doc # 270].  The following is a brief synopsis of discovery provided to Plaintiff. A full roster of discovery is included in the Declaration of Ellen Jean Winograd, filed herewith as Exhibit 1.

- Western Range produced or supplemented Thirteen FRCP 26.1 Disclosures;
- Western Range responded to Plaintiff's First Set of Interrogatories;
- Western Range responded and supplemented 32 times to Plaintiff's Second Set of Interrogatories;
- Western Range responded and supplemented responses twice to Plaintiff's Third Set of Interrogatories;
- Western Range responded and supplemented responses 17 times to Plaintiff's First Set of Request for Production; and
- Western Range responded to Plaintiff's Request for Admission.
- Plaintiff has taken fifteen FRCP 30(b)(6) Member Ranch depositions, one Western Range FRCP 30(b)(6) deposition and one Western Range Expert Deposition.

VIII

ARGUMENT

A.    The Standard for Summary Judgment

As this Court is aware, pursuant to FRCP 56 summary judgment is appropriate whenever there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  "An issue is 'genuine' if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is 'material' if it could affect the outcome of the suit under the governing law.  *Hazelett v. Wal-Mart Stores, Inc.*, 829 F. App'x 197, 200 (9th Cir. 2020) [citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)].  Further, a "material" fact is one that is <u>relevant</u> to an element of a claim or defense, and whose existence might affect the outcome of the suit. *See, T.W. Elec. Serv.*

1  *v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir. 1987). The party asserting the existence of a

2  material fact must show "sufficient evidence supporting the claimed factual dispute... to require a jury or judge

3  to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n,*

4  *supra*; *First National Bank v. Cities Serv. Co.,* 391 U.S., 253 (1968). Rule 56 (c) mandates the entry of

5  Summary Judgment against a party who fails to make a showing sufficient to establish the existence of an

6  element essential to the party's case, and on which that party will bear the burden of proof at Trial. *Celotex*

7  *Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Disputes over irrelevant or unnecessary facts will not defeat

8  Summary Judgment. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, supra.* In the instant case

9  Western Range has done "both".

10       Once the moving party meets his burden, <u>the burden shifts to the nonmoving party to "set out specific</u>

11  <u>facts showing a genuine issue for trial."</u> *Celotex Corp. v. Catrett, supra at* 324. The non-moving party may not

12  rely on [the pleadings] but must produce specific evidence. . . <u>admissible material evidence</u> to show that the

13  dispute exists. *See, e.g., Bhan v. NME Hosps., Inc.,* 929 F.2d 1404, 1409 (9th Cir. 1991). A mere scintilla of

14  evidence is insufficient to establish a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S.

15  242, 252 (1986). The nonmoving party cannot defeat summary judgment merely by demonstrating "that there

16  is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,*

17  475 U.S. 574, 586 (1986); *Triton Energy Corp. v. Square D Co.,* 68 F.3d 1216, 1221 (9th Cir. 1995). The

18  nonmoving party must go beyond the pleadings . . . to designate specific facts showing that there is a genuine

19  issue for trial." *Celotex v. Catrett, supra.*

20         **1.**    **The Specific Standard for Summary Judgment in a Wage-and-Hour**
21               **Case**

22       Specifically in an alleged underpayment case, the Court in *Ihegword v Harris County Hosp. Dist.,* 555

23  Fed.Appx. 372 (5th Cir. 2014), explained the burden of proof necessary to survive a defense Motion for

24  Summary Judgment on the FLSA wage and hour issues. Discussing both the analysis and the public policy,

25  the Court in *Ihegword v. Harris County, supra,* affirmed the lower District Court's summary judgment in favor of

26  Defendant and dismissed Plaintiff's claims with prejudice and stated:

27         Plaintiff-Appellant Edith Ihegword brought suit under the Fair Labor Standards
       Act ("FLSA") against Defendant Appellee Harris County Hospital District ("HCHD").
28         The district court granted summary judgment in favor of HCHD and dismissed
       Ihegword's claims with prejudice. **We affirm.**

* * *

Ihegword contends that the district court erred in finding that she had failed to produce sufficient evidence for a jury to find that she performed uncompensated overtime work and that HCHD was aware that Ihegword had performed the uncompensated overtime work. **We disagree.**

* * *

Moreover, the district judge noted the complete lack of evidence, other than Ihegword's unsubstantiated assertions speculated from memory, to prove she <u>actually</u> worked overtime for which she was not compensated. . . . As noted by the district judge, "an unsubstantiated and speculative estimate of uncompensated overtime does not constitute evidence sufficient to show the amount and extent of that work as a matter of just and reasonable inference." *Ihegword v. Harris Cnty. Hosp. Dist.,* 929 F.Supp.2d 635, 668 (S.D. Tex. 2013) (citing *Harvill,* 433 F.3d at 441); *see also* 29 U.S.C. § 207(a)(1). Accordingly, we hold that the district court did not err in granting summary judgment in favor of HCHD.

* * *

After considering the parties' arguments as briefed on appeal, and after reviewing the record, the applicable statutory and case law, and the district court's judgment and reasoning, we AFFIRM the district court's summary judgment in favor of Defendant-Appellee Harris County Hospital District and adopt its analysis in full.

*Id.* at 375, *emphasis added.*

### B.   Plaintiff has Substantive Deficiencies in His Claims that Cannot be Overcome

Without weighing facts or credibility, Plaintiff's case is fatally deficient in that it lacks merit as a matter of law on claims One, Three, Four, Five, and Nine, the only claims currently pending against Western Range. [Doc #111].   As this Court will recall, there is no class in this case. This Motion is not addressing the arguments for class certification.   Instead, this Motion is addressing Plaintiff's failure to satisfy his individual burden for his claims. As to Plaintiff individually, he failed to demonstrate evidence of his damages other than broad speculative assertions.   As a result, Western Range is entitled to Summary Judgment as to Plaintiff's claims, separate and apart from a decision being made as to class certification.

#### 1.   Plaintiff has Submitted No Facts, Material or Otherwise That Would Allow This Matter to Proceed to the Trier of Fact

Conclusory or speculative allegations are insufficient to create genuine issues of fact and defeat summary judgment. *See, Thornhill Pub. Co., Inc. v. GTE Corp.,* 594 F.2d 730, 738 (9th Cir.1979). District Courts with the Ninth Circuit have followed this rule in wage and hour cases, granting summary judgment in favor of employer-defendants when there is no evidence in the record supporting the Plaintiff's wage and hour

claims or when the evidence supporting the wage and hour claims is based on speculation and conjecture. *See, Elliot v. Spherion Pac. Work, LLC*, 368 F. App'x 761, 763 (9th Cir. 2010); *see also, Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 945 (N.D. Cal. 2016).

Awarding summary judgment when a party has not shown credible or competent evidence of damages is rooted in Ninth Circuit precedent. In *Weinberg v. Whatcom Cty.*, 241 F.3d 746, 751 (9th Cir. 2001), the Court stated Plaintiff's failure to offer competent evidence of damages made summary judgment appropriate because the Plaintiff had the burden of proving the amount of harm suffered. The evidence provided by Plaintiffs must be such that the jury does not have to speculate or guess the amount of damages to award. *Ibid.*

In *Cleveland v. Groceryworks.com, supra*, Plaintiff claimed the defendant-employer failed to pay him for work. Plaintiff claimed he gave the employer constructive knowledge as to his work "off-the-clock". *Cleveland*, 200 F. Supp. 3d at 943. However, the Court rejected Plaintiff's argument and rejected the evidence proffered by the Plaintiff. The Court found the "evidence" amounted to "little more than speculation and conjecture" and granted Defendant's motion for Summary Judgment against Plaintiff. *Id.* at 945.

In the case at bar, Plaintiff's SAC allegations are unsupported by non-evidence in the record. From the onset of this litigation, through two amendments, multiple motions, and extensive discovery, Plaintiff has still failed to introduced any non-speculative evidence that would create a genuine issue of material fact as to his alleged wage "underpayment". The undisputed facts don't even rise to the level of conjecture regarding damages, because Plaintiff was paid the higher California H-2A rate. *Cleveland v. Groceryworks, supra.*.

Despite many months of discovery, Plaintiff has still failed to provide direct testimony from any source other than himself. As incredible as it seems, Plaintiff himself stated:

**By Plaintiff:**
A:      I have always worked the 24 hours

**By Ms. Winograd:**
Q:      Every single day?
A:      Every day. Every day, yes.

                                *   *   *

Q:      While you were sleeping at El Tejon, were you working?
A:      Yes
Q:      When you were eating meals as an employee of El Tejon, were you working?
A:      Yes

                                *   *   *

9

1
2

> Q:      At the time you were establishing your Facebook account, were you working?
>
> A:      Yes

3

*See,* Excerpts of Plaintiff Abel Cántaro Castillo's Deposition, pp. 144-45, filed herewith as Exhibit 2.

4

Plaintiff's testimony constitutes the sole "evidence" of his claims. Plaintiff further testified:

5

**By Ms. Winograd:**

6

> Q:      Do you have any documents that indicate what hours you were working?

7

**By Plaintiff:**

8

> A:      I think it's enough with my testing - - I think it's enough with my testimony that I
> say I worked 24 hours.

9

> Q:      I'm not questioning that that is your testimony. I'm asking whether you have
> documents that show how many hours you actually worked.

10

> A.      Documents, no.

> Q.      Do you know of any witnesses who can testify as to how many hours you
> actually worked at El Tejon?

11
12

> A.      All the workers are witnesses of the hours that we worked.

13

*See,* Excerpts of Plaintiff Abel Cántaro Castillo's Deposition, p. 207, filed herewith as Exhibit 2.[11]

14

Based on the foregoing and given that Plaintiff testified in a way stretching all bounds of credibility, the

15

record is devoid of any credible evidence that would create a genuine issue of material fact or otherwise, upon

16

which a reasonable jury could rely on to find in favor of Plaintiff that he worked 24 hours every day and Plaintiff

17

was paid under the applicable wage rate.

18

Plaintiff further <u>cannot</u> even provide evidence of his damages that would support his theory of wage

19

underpayment. Nor can his experts. At this juncture, after receiving over 110,000 pages of documents from

20

Western Range and after receiving herder payroll records from Nevada Member Ranches, taking Western

21

Range Member Ranches' FRCP 30(b)(6) depositions and retaining two experts, Plaintiff has still <u>failed to</u>

22

<u>establish evidence of his</u> damages that would support his claim of wage underpayment.

23

Furthermore, even if Plaintiffs have introduced some evidence of damages, Western Range is still

24

entitled to summary judgment as a matter of law. 20 CFR §§ 655.210(g) and 655.211 outline the rates of pay

25

for H-2A sheep herders, including Plaintiff. Section 255.210(g) states:

26
27

> The employer must pay the worker at least the monthly AEWR, as specified in § 655.211,
> the agreed-upon collective bargaining wage, or the applicable minimum wage imposed by
> Federal or State law or judicial action, in effect at the time work is performed, whichever is
> highest, for every month of the job order period or portion thereof.

28

---

[11] To date, Plaintiff has not produced or identified a single worker to state, let alone testify to the "24-hour" workday Plaintiff claims.

10

20 CFR § 655.210.

The DOL, not Western Range, sets the applicable H-2A wage floor (AEWR) for each state, while accounting for state wage differences. Even though Plaintiff is asserting unpaid wages under Nevada's Minimum Wage Amendment, Plaintiff was paid the higher prevailing California rate of $1,422.00 rather than the $800.00 prevailing rate Nevada had in 2015, even though Plaintiff divided his work between both Nevada and California. [Doc #45, ¶ 102]. Plaintiff's claim that Western Range failed to pay Nevada's applicable wage rate is facially implausible based upon Plaintiff's own Complaint, wherein he admits he was paid California's higher rate of $1,422.00. [Doc #111, ¶ 106,107]. Plaintiff's claim of differences between wages allegedly "due" for hours actually completed versus the wages actually "paid" have not been calculated, which is Plaintiff's burden. Therefore, any alleged underpayment is a mere unsubstantiated allegation, it's speculation, and it is nothing more than a "metaphysical" estimate. *See, generally, Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., supra.*

Plaintiff has individually failed to demonstrate with evidence that he was underpaid. As a factual matter, the only thing supporting Plaintiff's claims are his own conclusory allegations, Plaintiff has failed to introduce other evidence supporting his claim for damages. Accordingly, Western Range is entitled to summary judgment as a matter of law against Plaintiff's claims.

**2. Plaintiff Cannot, as a Matter of Law, Present the Requisite Elements for a Breach of Contract Claim**

**a. Breach of Contract Claims Cannot Survive Summary Judgment Solely on Plaintiff's Allegations that Western Range Breached a "Legal Duty"**

Plaintiff's THIRD COUNT alleges a breach of contract and/or quasi contract. Nevada law requires the plaintiff in a breach of contract action to show: (1) the existence of a valid contract; (2) a breach by the defendant; and (3) damage as a result of the breach. *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919-20 (D. Nev. 2006) [*citing Richardson v. Jones*, 1 Nev. 405, 1865 WL 1066 (Nev. 1865)]. "An alleged violation of any purportedly applicable law does not constitute a breach of contract." *Berger v. Home Depot U.S.A., Inc.*, 476 F. Supp.2d 1174, 1176 (C.D. Cal. 2007).

In *Berger v. Home Depot, supra,* the Plaintiff alleged that the Home Depot's contract, which incorporated consumer protection laws, rendered any alleged violation of those laws a breach of contract.

The Court rejected the Plaintiff's argument, stating:

> "[I]t is not evident that the statutes allegedly violated in this case . . . were
> intended to provide a basis for a Breach of Contract action." *Id.* at 1177.
> If the court found otherwise, such a holding would create two claims for relief,
> something that is not provided by the statute. Plaintiff's novel theory would
> create a new Breach of Contract claim in all circumstances where a statute
> was allegedly violated. Plaintiff's claim would thus significantly change the
> core principles of contract law. This expansion of liability is not and should
> not be part of our jurisprudence. While the [statutes do[] not necessarily
> provide plaintiffs with an exclusive remedy, plaintiffs must be required to
> do something more to allege a breach of contract claim than merely point
> to allegations of a statutory violation.

*Berger v. Home Depot, supra* at 1177; *see also, Goldwell of N.J., Inc. v. KPSS, Inc.*, 622 F. Supp. 2d 168, 195 (D.N.J. 2009).

In Nevada generally, a violation of a statutory right is considered a tort, independent of contract. *See, e.g., Bernard v. Rockhill Dev. Co.*, 734 P.2d 1238 (Nev. 1987). Therein the Court noted that a breach of contract may be said to be a "material failure of performance of a duty arising under or imposed by agreement. A tort, on the other hand, is a <u>violation of a duty imposed by law</u> .... independent of contract." *Id.* at 1240; *see also, Malone v. Univ. of Kan. Med. Ctr.*, 552 P.2d 885 (Kan. 1976) [quoted by the Nevada Supreme Court in *Bernard v. Rockhill Dev. Co., supra*].

In *In Re Anthem, Inc, Data Breach Litig.*, 162 F. Supp. 3d 953, 982 (N.D. Cal. 2016), the Court held that a breach of contract claim based solely upon a pre-existing legal obligation to comply with HIPAA cannot survive dismissal. *Id.; see also, Dixon v. Wells Fargo Bank, N.A.*, 2012 WL 4450502, at *8 (E.D. Mich. Sept. 25, 2012).

Plaintiff's breach of contract claim against Western Range in this case fails as a matter of law. The SAC [Doc #111] premises the breach of contract claim upon Western Range's alleged failure to comply with the CFR or more specifically, Nevada's Minimum Wage Amendment. As to the alleged wage-violations, Plaintiff's breach of contract claim is duplicative of his Nevada's Minimum Wage Amendment claims. In fact, it is not even clear whether the Nevada's Minimum Wage Amendment claim, as alleged by Plaintiff, is an appropriate private civil cause of action. [Doc #111]. To wit: Nevada's Minimum Wage Amendment does not provide for a breach of contract cause of action. *See,* Nev. Const. art. 15, § 16. Plaintiff's breach of contract claim based on the unpaid wages theory, is an inappropriate attempt to seek duplicative compensation for the

same alleged harm—such bootstrapping of claims is not allowed. *Goldwell of N.J., Inc. v. KPSS, Inc., supra.* As was the case in *In re Anthem*, supra, a breach of contract does not occur based on a preexisting duty to comply with 20 CFR. § 655.135.

Accordingly, for both theories underlying the breach of contract claim, Plaintiff is simply alleging a tort claim under the guise of a breach of contract. Accordingly, Plaintiff cannot bootstrap a "breach of contract claim" onto a cause of action based on a violation of a statute, particularly when the statute does not provide for private remedies.

### 3. Plaintiff Cannot, as a Matter of Law, Present the Requisite Elements for Promissory Estoppel

Plaintiff's claim for relief against Western Range for promissory estoppel, which as the Court knows, is a *consideration* substitute, not a contract substitute. *See, Vancheri v. GNLV Corp.*, 777 P.2d 366, 369 (Nev. 1989) ["The doctrine of promissory estoppel, which embraces the concept of detrimental reliance, is intended as a substitute for consideration, and not as a substitute for an agreement between the parties,"] [citing *Kruse v. Bank of Am.*, 248 Cal. Rptr. 217 (Ct. App. 1988); *Pink v. Busch*, 691 P.2d 456, 459 (Nev. 1984)].

To establish a claim of promissory estoppel, a plaintiff must prove four elements: (1) the party to be estopped must be apprised of the true facts; (2) he must intend that its conduct shall be acted upon, or must so act that the party asserting estoppel has the right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; (4) he must have relied to his detriment on the conduct of the party to be estopped. *Pink v. Busch*, *supra* at 459-60 [quoting *Cheqer, Inc. v. Painters & Decorators Joint Comm., Inc.*, 655 P.2d 996, 998-99 (Nev. 1982)]. A claim for promissory estoppel must be pled with particularity. *Leftenant v. Blackmon*, No. 2019 WL 4247147, at *6 (D. Nev. Sept. 6, 2019) (observing "promissory estoppel must be pled with specificity in compliance with Fed. R. Civ. P. 9(b)") (citations omitted).

By contrast, if an express agreement exists between the parties promissory estoppel is not applicable. *See, Morgan v. Aurora Loan Servs., LLC*, 646 F. App'x 546, 551 (9th Cir. 2016) ["Promissory estoppel applies only in the absence of an express agreement between the parties."]. *See also, Am. Sav. & Loan Ass'n v. Stanton-Cudahy Lumber Co.*, wherein the Court held that the doctrine of promissory estoppel may be applicable in a case where traditional consideration is lacking, reliance which is foreseeable, reasonable, and requires enforcement to avoid injustice cannot otherwise be avoided. 455 P.2d 39, 41 (Nev. 1969). In the

instant case, the allegation of an express agreement between the parties defeats Plaintiff's cause of action for promissory estoppel. Although pleaded in the alternative, Plaintiff cannot have it both ways. It appears that Plaintiff's promissory estoppel claim is based on Western Range's alleged promise to Plaintiff to adhere to the supposed implied incorporation of the CFR into the Agreement. [Doc #111, ¶ 199, 200, 201].

Importantly, Plaintiff failed to plead justifiable and reasonable reliance, which is necessary to maintain a claim for promissory estoppel. *See, Pellegrini v. State*, 34 P.3d 519, 531 (Nev. 2001); *Am. Sav. & Loan Ass'n v. Stanton-Cudahy Lumber Co.*, *supra*.In the instant case, Plaintiff's reliance is neither justifiable nor reasonable, since the alleged unarticulated promise was based upon Western Range's DOL language and Western Range is intent to comply with all applicable laws. Plaintiff never pleaded that Western Range's compliance with 20 CFR. §§ 655.122, 655.210, 655.135, constituted a "promise" upon which he actually relied. In fact, as to Western Range, it is undisputed that it works with its members ranches to maximize State and Federal compliance. *See*, Declaration of Monica Youree, filed herewith as Exhibit 3.

As promissory estoppel is required to be pleaded with <u>particularity</u>, Plaintiff's unsupported and vague allegations of detrimental reliance are conclusory. As a result, summary judgment is proper against Plaintiff's promissory estoppel claim in favor of Western Range.

**4.    Plaintiff Cannot as a Matter of Law, Present the Requisite Elements for an Unjust Enrichment Claim**

As with Plaintiff's claim of promissory estoppel, his claim for unjust enrichment/quantum meruit also fails because a DOL written agreement is alleged by Plaintiff. In *WuMac, Inc. v. Eagle Canyon Leasing, Inc.*, 2013 WL 593396, at *4 (D. Nev. Feb. 14, 2013) the Court dismissed Plaintiff's quantum meruit claim and held that a claim for quantum meruit is <u>not</u> actionable when the claim is based on an express contract. An action based on a theory of unjust enrichment is unavailable when there is an express, written contract, because no agreement can be implied when there is an express agreement. *Leasepartners Corp. v. Robert L. Brooks Tr. Dated Nov. 12, 1975*, 942 P.2d 182, 187 (Nev. 1997) ["The doctrine of unjust enrichment or recovery in quasi contract applies to situations where there is <u>no</u> legal contract. . . "]; *see also*, 66 Am. Jur. 2d Restitution § 11 (1973); *see also*, *Lipshie v. Tracy Inv. Co.*, 566 P.2d 819, 824 (Nev. 1977). In this instant case, Plaintiff has pleaded an express contract exists. [Doc #111, ¶ 36].

Again, Plaintiff cannot have it both ways. Either there is a contract or there isn't. Plaintiff's unjust enrichment/quantum meruit claim fails as a matter of law and must be dismissed.

1

# IX

2

## CONCLUSION

3      Based on the foregoing, therefore, Western Range respectfully submits that Plaintiff has no genuine

4 issues of material fact and pursuant to FRCP 56 Western Range is entitled to judgment as a matter of law.

5

6      The undersigned does hereby affirm pursuant to NRS 239B.030 that the preceding document

7 does not contain the social security number of any person.

8      DATED this _13_ day of April, 2022.

9                                                              Respectfully submitted.
                                                             WOODBURN and WEDGE
10

11                                                  By: _____
                                                       Ellen Jean Winograd, Esq.
12                                                     Kelsey Gunderson, Esq.
                                                       Jose Tafoya, Esq.
13
                                                                    and
14
                                                       SIMONS HALL JOHNSTON, PC
15                                                     Anthony Hall, Esq.
                                                       Jonathan McGuire, Esq
16
                                                       *Attorneys for Western Range Association*
17

18

19

20

21

22

23

24

25

26

27

28

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 13ᵗʰ day of April, 2022, a true and correct copy of the foregoing was

served via the United States District Court CM/ECF system on all parties or persons requiring notice.


Christine E. Webber
Megan Reif
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave., NW, Suite 500
Washington, DC 20005
cwebber@cohenmilstein.com
mreif@cohenmilstein.com


An Employee of Woodburn and Wedge