1  THIERMAN BUCK LLP
   MARK R. THIERMAN, ESQ.
2  Nevada State Bar No. 8285
   mark@thiermanbuck.com
3  JOSHUA D. BUCK, ESQ.
   Nevada State Bar No. 12187
4  josh@thiermanbuck.com
   LEAH L. JONES, ESQ.
5  Nevada State Bar No. 13161
   leah@thiermanbuck.com
6  7287 Lakeside Drive
   Reno, Nevada 89511
7  Telephone: (775) 284-1500
   Facsimile: (775) 703-5027
8
   CHRISTINE E. WEBBER, ESQ.
9  (Admitted Pro Hac Vice)
   cwebber@cohenmilstein.com
10 BRIAN CORMAN, ESQ.
   (Admitted Pro Hac Vice)
11 bcorman@cohenmilstein.com
   COHEN MILSTEIN SELLERS & TOLL PLLC
12 1100 New York Ave., NW, Ste 500
   Washington, DC 20005
13
   TOWARDS JUSTICE
14 ALEXANDER HOOD, ESQ.
   (Admitted Pro Hac Vice)
15 alex@towardsjustice.org
   1535 High Street, Ste. 300
16 Denver, CO  80218

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ABEL CANTARO CASTILLO on behalf of himself and those similarly situated, | CASE NO. 3:16-cv-00237-RCJ-CLB |
| Plaintiff, | |
| vs. | |
| WESTERN RANGE ASSOCIATION<br>Defendant. | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR LEAVE TO FILE UNDER SEAL ITS OPPOSITION TO PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT**

On May 24, 2022, Defendant Western Range Association filed a Request for Leave to File Under Seal its Opposition to Plaintiff's Partial Motion for Summary Judgment.  In support of this

1

1 request, WRA stated simply that its brief, which was filed under seal the previous day *sans* the
2 applicable motion, had been filed under seal because "pursuant to the Court's Second Stipulated
3 Protective Order…the pleading and exhibits are to be filed under seal as they contain personal and
4 confidential information pertaining to members and their herders." Dkt. 312 at 2. Yet none of the
5 exhibits appended to Defendant's Opposition have been marked confidential pursuant to the
6 procedures outlined in the Protective Order. Dkt. 184 ¶¶ 5, 16. Indeed, several of the exhibits have
7 been filed previously on the public record.

8       Furthermore, the Second Stipulated Protective Order explicitly requires a motion for leave to
9 file documents under seal, consistent with this Court's local rules. Dkt. 184 ¶ 14 ("the party seeking
10 to file a paper under seal bears the burden of overcoming the presumption in favor of public access
11 to papers filed in court."). More significantly, the motion must establish that sealing the documents
12 would satisfy the legal standards of *Kamakana v. City & Cty. of Honolulu*, 447 F.2d 1 172 (9th Cir.
13 2006) and *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010). ECF 184, ¶ 14;
14 Local Rule 10-5(a), "papers filed with the Court under seal shall be accompanied by a motion for
15 leave to file those documents under seal […].". Defendant has failed to file a motion or address the
16 governing legal standards.

17       With an exception for grand jury and other criminal investigations that is inapplicable here,
18 there is a strong presumption in favor of public access to judicial records. *Kamakana v. City and
19 County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "A party seeking to seal a judicial record
20 then bears the burden of overcoming this strong presumption by meeting the "compelling reasons"
21 standard." *Kamakana*, 447 F.3d at 1179 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d
22 1122, 1135 (9th Cir. 2006)). Under this standard, the party must "articulate[ ] compelling reasons
23 supported by specific factual findings," that outweigh the general history of access and the public
24 policies favoring disclosure, such as the "'public interest in understanding the judicial process.'" *Id*.
25 Compelling reasons have been recognized as avoiding "the use of records to gratify private spite,
26 promote public scandal, circulate libelous statements, or release trade secrets." *Id*. (citing *Nixon v.
27 Warner Commc'n, Inc.*, 435 U.S. 589 (1978)).

28       Here, Defendant's briefing in opposition to Plaintiff's motion for partial summary judgment

2

is a dispositive motion, so the memorandum and the exhibits filed in support are judicial records, and thus "compelling reasons" must exist for them to be filed under seal. No such reasons have been identified—and none can exist as to a set of materials that were never designated confidential under the procedures set forth in the Protective Order, many of which have already been filed on the public record. It should be noted that Defendant has repeatedly attempted to file materials under seal which do not meet the requirements of the Protective Order or Ninth Circuit law, while Plaintiff has taken pains to only seek leave to file those documents under seal which have actually been designated confidential, and to make actual argument regarding the propriety of sealing such material. Indeed, in his most recent Motion for Leave to File Under Seal, Plaintiff argued that compelling reasons did *not* exist to file his briefing and exhibits under seal, and asked the Court to unseal them. *See* Dkt. 306.

Plaintiff respectfully submits that compliance with governing Ninth Circuit authority, this Court's rules, and the governing Protective Order, all require denying Defendant's request to keep its Opposition to Summary Judgment under seal. For the past year, while the parties have been briefing class certification and summary judgment—highly consequential issues of interest to putative class members and the general public—Defendant has sought to have every brief filed by either party kept under seal. Such conduct is not only inconsistent with governing law, but deleterious to principles of public access to the courts.

Dated: June 1, 2022

Respectfully submitted,

COHEN MILSTEIN SELLERS & TOLL PLLC

 /s/Christine E. Webber
CHRISTINE E. WEBBER, ESQ.
(Admitted Pro Hac Vice)
cwebber@cohenmilstein.com
BRIAN CORMAN, ESQ.
(Admitted Pro Hac Vice)
bcorman@cohenmilstein.com
1100 New York Ave., NW, Ste 500
Washington, DC 20005

THIERMAN BUCK LLP
MARK R. THIERMAN, ESQ.

Nevada State Bar No. 8285
mark@thiermanbuck.com
JOSHUA D. BUCK, ESQ.
Nevada State Bar No. 12187
josh@thiermanbuck.com
LEAH L. JONES, ESQ.
Nevada State Bar No. 13161
leah@thiermanbuck.com
7287 Lakeside Drive
Reno, Nevada 89511
Telephone: (775) 284-1500
Facsimile: (775) 703-5027

TOWARDS JUSTICE
ALEXANDER HOOD, ESQ.
(Admitted Pro Hac Vice)
alex@towardsjustice.org
1535 High Street, Ste. 300
Denver, CO  80218

*Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2022, a true and correct copy of the foregoing was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

By: /s/ Christine E. Webber
Christine E. Webber