UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ABEL CANTARO CASTILLO,<br><br>Plaintiff,<br><br>vs.<br><br>WESTERN RANGE ASSOCIATION,<br><br>Defendant. | 3:16-cv-00237-RCJ-CLB<br><br>ORDER |

Currently before this Court is six motions to seal various briefs and exhibits: (1) Plaintiff's Motion to file Plaintiff's Motion for Class Certification under seal, (2) Defendant's Motion to file Defendant's Motion in Opposition to Class Certification and Plaintiff's Reply in Support of Class Certification under seal, (3) Defendant's Motion to file Defendant's Motion for Summary Judgment under seal, (4) Plaintiff's Motion to file Plaintiff's Motion for Partial Summary Judgment under seal, (5) Plaintiff's Motion to file Plaintiff's Motion in Opposition to Defendant's Motion for Summary Judgment under seal, and (6) Defendant's Motion to file Defendant's Motion in Opposition to Plaintiff's Partial Motion for Summary Judgment under seal. (ECF Nos. 265, 281, 299, 302, 306, and 312)[1]. All the motions are unopposed. For the reasons discussed below, motions

---

[1] Each of these motions are referred to as "Motion #" for the purposes of this Order.

#1, #4, and #5 are **GRANTED**. Motions #2, #3, and #6 are **GRANTED** in part and **DENIED** in part.

**LEGAL STANDARD**

There is a strong presumption in favor of public access to judicial records. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

The standard applicable to a motion to seal turns on whether the underlying materials are submitted in conjunction with a dispositive or a non-dispositive motion. Whether a motion is "dispositive" turns on "whether the motion at issue is more than tangentially related to the merits of a case." *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

Parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180. The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.'" *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The burden to show compelling reasons is not met by conclusory assertions; rather, the movant must "articulate compelling reasons supported by specific factual findings." *Id.* at 1178. For example, the Ninth Circuit has rejected efforts to seal documents under the "compelling reasons" standard based on "conclusory statements about the contents of the documents—that they

are confidential and that, in general," their disclosure would be harmful to the movant. *Id.* at 1182. Such "conclusory offerings do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Id.* In allowing the sealing of a document, the Court must "articulate the basis for its ruling, without relying on hypothesis and conjecture." *See, e.g.*, *Pintos*, 605 F.3d at 679 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

On non-dispositive motions, a party seeking to file under seal a document produced under seal in discovery only needs to establish that there is "good cause" for sealing the record. *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.,* 686 F.3d 1115, 1119 (9th Cir. 2012) ("[A] particularized showing of 'good cause' under Federal Rule of Civil Procedure 26(c) is sufficient to preserve the secrecy of sealed discovery documents attached to non-dispositive motion"); *see also Kamakana*, 447 F.3d at 1180.

Any request to seal must also be "narrowly tailored" to remove from the public sphere only material that warrants secrecy. *E.g., Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016) (citing *Press-Enterp. Co. v. Superior Court*, 464 U.S. 501, 513 (1984)). To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that a redacted version be filed rather than sealing entire documents. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *see also in re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011).

## ANALYSIS

Earlier in this case, the Court entered a Second Stipulated Protective Order to protect Plaintiff's confidential personal information and Defendant's confidential business information. (ECF No. 184.) The protective order mandates that the parties file certain documents under seal. (*Id.*) With that protective order in mind, the Court will turn to each motion in turn.

I.   **Motion #1**

Motion #1 to file Plaintiff's Motion for Class Certification under seal is proper because it correctly identifies what should be filed under seal and what should remain public. (ECF No. 265.) Plaintiff's Motion for Class Certification does not qualify as a "discovery document" and no "compelling reason" exists to file Plaintiff's Motion for Class Certification under seal. *Kamakana*, 447 F.3d at 1180. Exhibits 10, 11, 13, 14, 15, 37, 40, and 41 should be filed under seal because they contain Defendant's confidential business information. (ECF No. 264.) However, exhibits 6, 16, and 64 shall remain public because these exhibits do not meet the "good cause" standard nor are they confidential under the protective order. (ECF Nos. 264 and 184); *In re Midland Nat. Life Ins. Co.,* 686 F.3d at 1119. Accordingly, Motion #1 is **GRANTED**.

II. **Motion #2**

Motion #2 to file Defendant's Motion in Opposition to Class Certification and Plaintiff's Reply in Support of Class Certification under seal is improper in part and proper in part. (ECF No. 281.) Both Defendant's Motion in Opposition to Class Certification and Plaintiff's Reply in Support of Class Certification should not be filed under seal because they do not qualify as "discovery document[s]." (ECF Nos. 270 and 273); *see Kamakana*, 447 F.3d at 1180. Rather, these motions are dispositive motions and no "compelling reason" exists to file the motions under seal because, even though the motions *cite*[2] to confidential information, the motions do not "promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179. However, the exhibits cited in both motions contain confidential information covered under the protective order and meet the "good cause" standard to file the exhibits under seal. (ECF Nos. 270 and 273); *In re Midland Nat. Life Ins. Co.*, 686 F.3d at 1119. For these reasons, Motion #2 is **GRANTED** in part and **DENIED** in part.

---

[2] Although these motions cite to confidential information, the motions do not disclose the confidential information contained. (ECF Nos. 270 and 273.)

### III. Motion #3

Motion #3 to file Defendant's Motion for Summary Judgment under seal is improper in part and proper in part for the same reasons discussed in the Motion #2 discussion. (ECF No. 299). The motion itself does not qualify as a "discovery document" because it is a dispositive motion. (ECF No. 300); *see Kamakana*, 447 F.3d at 1180. Defendant must show a "compelling reason" to file the Motion for Summary Judgment under seal. *Id.* at 1179. Defendant did not provide any compelling reason to file the Motion for Summary Judgment under seal. However, the exhibits cited to in that Motion contain confidential information and "good cause" exists to file those exhibits under seal. *In re Midland Nat. Life Ins. Co.*, 686 F.3d at 1119. Therefore, Motion #3 is **GRANTED** in part and **DENIED** in part.

### IV. Motion #4

Motion #4 to file Plaintiff's Motion for Partial Summary Judgment under seal is proper. (ECF No. 302.) Plaintiff's Motion for Partial Summary Judgment is a dispositive motion and the exhibits that it cites to are part of the judicial record, however, there are no "compelling reasons" to file it under seal. (ECF Nos. 303 and 304); *Kamakana*, 447 F.3d at 1179. Accordingly, Motion #4 is **GRANTED**.

### V. Motion #5

Motion #5 to file Plaintiff's Motion in Opposition to Defendant's Motion for Summary Judgment under seal is proper for the same reasons discussed in the Motion #4 discussion. (ECF No. 306.) Plaintiff's Motion in Opposition to Defendant's Motion for Summary Judgment is a dispositive motion and the exhibits that it cites to are part of the judicial record. (*Id.*) Plaintiff correctly alleges that there are no "compelling reasons" to file it under seal. (*Id.*); *Kamakana*, 447 F.3d at 1179. Accordingly, Motion #5 is **GRANTED**.

### VI. Motion #6

Motion #6 to file Defendant's Motion in Opposition to Plaintiff's Partial Motion for Summary Judgment under seal is improper in part and proper in part for the same reasons discussed in the Motion #2 and Motion #3 discussions. (ECF No. 312.) The motion itself does not qualify as a "discovery document" because it is a dispositive motion. (ECF No. 311); *see Kamakana*, 447 F.3d at 1180. Defendant must show a "compelling reason" to file the Motion in Opposition to Partial Summary Judgment under seal. *Id*. at 1179. Defendant did not provide any compelling reason to file the Motion for Summary Judgment under seal. However, the exhibits cited to in that Motion contain confidential information and "good cause" exists to file those exhibits under seal. *In re Midland Nat. Life Ins. Co*., 686 F.3d at 1119. Therefore, Motion #6 is **GRANTED** in part and **DENIED** in part.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion to file Plaintiff's Motion for Class Certification under seal (ECF No. 265) is **GRANTED**.

IT IS FURTHER ORDERED that Defendant's Motion to file Defendant's Motion in Opposition to Class Certification and Plaintiff's Reply in Support of Class Certification under seal (ECF No. 281) is **GRANTED** in part and **DENIED** in part.

IT IS FURTHER ORDERED that Defendant's Motion to file Defendant's Motion for Summary Judgment under seal (ECF No. 299) is **GRANTED** in part and **DENIED** in part.

IT IS FURTHER ORDERED that Plaintiff's Motion to file Plaintiff's Motion for Partial Summary Judgment under seal (ECF No. 302) is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's Motion to file Plaintiff's Motion in Opposition to Defendant's Motion for Summary Judgment under seal (ECF No. 306) is **GRANTED**.

IT IS FURTHER ORDERED that Defendant's Motion to file Defendant's Motion in Opposition to Plaintiff's Partial Motion for Summary Judgment under seal (ECF No. 312) is **GRANTED** in part and **DENIED** in part.

IT IS SO ORDERED.

Dated September 27, 2022.

_____
ROBERT C. JONES
United States District Judge