UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ABEL CANTARO CASTILLO, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> WESTERN RANGE ASSOCIATION, ) <br> ) <br> Defendant. ) <br> ) | Case No. 3:16-cv-00237-RCJ-CLB <br><br> **ORDER** |

Pending before the Court are Defendant's Motion to Lift Stay of Case, (Dkt. 332), and Plaintiff's Motion to Withdraw as Counsel, (Dkt. 333). The Court will grant Defendant's motion and lift the stay in this case. And, at this time, the Court conditionally grants withdrawal subject to Plaintiff's counsel providing Defendant's counsel with the identity of any interested nonparties known to them.

**I.   Background**

This lawsuit, in which class certification was denied, (Dkt. 318 at 17), deals with wage and hour claims. At summary judgment stage, the case presented an "unanswered question of law," which was certified to the Nevada Supreme Court in September 2022. (*Id.* at 12–14, 17). The Nevada Supreme Court held oral argument on the question in January 2024. (Dkt. 328 at 2). But, in February 2024, Defendant's counsel "serendipitously became aware that [Castillo] had passed away on July 11, 2023." (Dkt. 332 at 3); (Dkt. 328); (Dkt. 330 at 5–9). After speaking with

Castillo's family,[1] Plaintiff's counsel "confirmed that he has passed away" and that "his surviving wife and son are aware of this pending litigation[.]" (Dkt. 331 at 1–2). While Plaintiff's counsel asserts that they "do not represent [Castillo's] family," (*id.* at 2), they have not provided any details as to the identities of Castillo's successors or the representative of his estate.

Defendants filed a Suggestion of Death Upon the Record in February 2024, which was also provided to the Nevada Supreme Court. (Dkt. 328 at 2). Having received notice of Castillo's death, the Nevada Supreme Court issued an order holding the proceeding "in abeyance until the federal District Court determines whether the underlying action will proceed." (Dkt. 332-2 at 2). Defendant now asserts that, in order to make that determination, it is necessary to "dissolve the stay imposed by this Court," (Dkt. 332 at 4), and the Court agrees.

While the stay was still in place, Plaintiff's counsel[2] filed a motion to withdraw on the basis that they "no longer have a client in this action." (Dkt. 333 at 2). Having already conceded that Rule 25 "should govern further proceedings," (Dkt. 331 at 2); *see also* Fed. R. Civ. P. 25(a), Plaintiff's counsel explain that they have filed their pending motion "in order to clarify their status in this litigation." (Dkt. 333 at 2). In response, Defendants highlight concerning behavior of Plaintiff's counsel—i.e., the failure to inform the Court of the death of their client and decision to

---

[1] Castillo's death certificate was issued by the Peruvian Government. (Dkt. 330 at 5). At this time, both the location of Castillo's heirs and the jurisdiction with authority over his estate are unknown to the Court.

[2] Important to note is that Castillo is represented by out-of-state counsel in this matter who have been admitted pro hac vice. *See* LR IA 11-2 (Admission to Practice in a Particular Case). In Nevada, attorneys who appear pro hac vice agree to "be subject to the jurisdiction of the courts and disciplinary boards of this State with respect to the law of this State governing the conduct of attorneys to the same extent as a member of the State Bar of Nevada" and agrees to "comply with the standards of professional conduct of the State of Nevada and all other standards of professional conduct required of members of the bar of this court." LR IA 11-2(b)(8)–(9).

proceed with oral argument at the Nevada Supreme Court despite the death of their client nearly six months prior. (Dkt. 334 at 2–3). Defendants argue that these constitute violations of the Nevada Rules of Professional Conduct, and, as such, a hearing is necessary to determine the extent these violations "promote the judicial economy espoused under FRCP 1 and prevent the type of time expenditures, expense, cost, attorneys' fees and disruption incurred by Western Range Association." (*Id.* at 3, 5–8). Defendant asks that a hearing be held before Plaintiff's counsel are allowed to withdraw on the unsupported basis that "the Court will lose jurisdiction over those [pro ha vice] counsel" once withdraw has been granted. (*Id.* at 3).

## II. Legal Standard

### A. Motion to Lift Stay

"A district court has discretionary power to stay proceedings in its own court[.]" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). Accordingly, "[t]he corollary to this power is the ability to lift a stay previously imposed." *Johnson v. JP Morgan Chase Bank, N.A.*, 2019 WL 2004140, at *2 (C.D. Cal. Jan. 25, 2019) (quoting *Boyle v. Cty. of Kern*, 2008 WL 220413, at *5 (E.D. Cal. Jan. 25, 2008)).

### B. Motion to Withdraw

"At the outset … it should be noted that an attorney cannot withdraw from a case without the consent of the court." *Lovvorn v. Johnston*, 118 F.2d 704, 706 (9th Cir. 1941). When withdrawal is sought without the client's "affirmative[] consent," as is the case here, "Ninth Circuit law suggests a 'justifiable cause' standard applies[.]" *McGhee v. Chavez*, 2023 WL 2708765, at *1 (D. Ariz. Mar. 30, 2023) (quoting *Lovvorn*, 118 F.3d at 706). This is "not a terribly demanding standard[.]" *Id.* The district court "retains wide discretion in a civil case to grant or deny counsel's

motion to withdraw." *Bohnert v. Burke*, 2010 WL 5067695, at *1 (D. Ariz. Dec. 7, 2010) (citing *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998)). But, even so, courts generally consider the following four factors when ruling upon a motion to withdraw: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *Gagan v. Monroe*, 2013 WL 1339935, at *4 (D. Ariz. Apr. 1, 2013) (citing *Bohnert*, 2010 WL 5067695, at *3).

Courts also consider relevant standards specific to the jurisdiction when determining whether withdrawal is appropriate under the circumstances.[3] *See Decker v. Zonic*, 2023 WL 7002678, at *1–2 (D. Ariz. Oct. 24, 2023). Under this Court's Local Rules, "[e]xcept for good cause shown, no withdrawal or substitution will be approved if it will result in delay of discovery, the trial, or any hearing in the case." LR IA 11-6(e). This means that "[w]here delay would result, the papers seeking leave of the court for the withdrawal or substitution must request specific relief" because withdrawal "of an attorney will not alone be reason for delay … in the case." LR AI 11-6(d), (e). Also relevant is Rule 1.16 of the Nevada Rules of Professional Conduct, which allows a lawyer to seek to withdraw from a case where good cause exists and if withdraw can be accomplished without any adverse impact on the interests of the client. Rule 1.16(b)(1) ("[A]

---

[3] When an attorney practicing pro hac vice in Nevada files a motion to withdraw, review of his withdrawal is equally governed by Nevada's Local Rules and Rules of Professional Conduct. *See Vahora v. Valley Diagnostics Lab'y Inc.*, 2018 WL 4292237, at *2 n.1 (E.D. Cal. Sept. 7, 2018) (collecting cases); *Lotus Mgmt., LLC v. Shulman*, 2013 WL 5734893, at *1 (N.D. Cal. Oct. 22, 2013); *see also* LR IA 11-2(b)(8)–(9); LR IA 11-2(f) ("The Court may revoke the authority of the attorney permitted to appear under this rule."); *Robles v. In the Name of Human., We REFUSE to Accept a Fascist Am.*, 2018 WL 2329728, at *4 (N.D. Cal. May 23, 2018), *aff'd sub nom. Robles v. City of Berkeley*, 820 F. App'x 529 (9th Cir. 2020).

lawyer may withdraw from representing a client if . . . [w]ithdrawal can be accomplished without material adverse effect on the interests of the client[.]").

### III. Analysis

#### A. Motion to Lift Stay

It is evident that a stay is currently a hinderance to this case, making it necessary to lift the stay for the time being. As such, the Court sees it fit to grant Defendant's unopposed motion[4] with little discussion.

#### B. Motion to Withdraw

As to the motion for withdrawal, the Court will only grant withdrawal should Plaintiff's counsel fulfill one condition considering the unusual circumstances in this case. Given that Plaintiff's counsel no longer have a living client in this case who can consent to withdrawal, the Court will consider counsel's request under the justifiable cause standard. Withdrawal at this time is only appropriate once Plaintiff's counsel resolve these following concerns.

As a procedural matter, Rule 25(a) provides the mechanics of how the Court should proceed under the circumstances. *Las Vegas Sun*, 2021 WL 2073812, at *1; *see also Com. Solvents Corp. v. Jasspon*, 92 F. Supp. 20, 26 (S.D.N.Y. 1950); *Gen. Battery Corp. v. Globe-Union, Inc.*, 100 F.R.D. 258, 261 (D. Del. 1982). Assuming that Castillo's claims have not be extinguished,[5]

---

[4] Technically, the motion is unopposed only because the sole party in this case who could oppose the motion, Castillo, is deceased. A deceased party's attorney "is not a party to the action and the attorney's authority to represent the decedent terminated upon death." *Smith v. Planas*, 151 F.R.D. 547, 549–50 (S.D.N.Y. 1993). Therefore, Plaintiff's counsel no longer has authority to respond to the motion on Castillo's behalf. § 1955 Death—Time for Substitution, 7C Fed. Prac. & Proc. Civ. § 1955 (3d ed.).

[5] Defendants have submitted, without argument, that Castillo's death "extinguished his alleged wage underpayment claim[.]" (Dkt. 328 at 1). If his wage claim is extinguished, then the Court should dismiss the case with prejudice.

"[a] motion for substitution may be made by any party or by the decedent's successor or representative … within 90 days after service of a statement noting the death[.]" Fed. R. Civ. P. 25(a)(1). After those 90 days, the Court may either dismiss the case or extend the 90-day deadline. *Id.*; *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1094–96 (9th Cir. 2017) ("This 90-day deadline may be extended by Rule 6(b), including after its expiration if the party failed to act due to 'excusable neglect.'"); *see also* 7C Fed. Prac. & Proc. Civ. § 1955 (3d ed.) ("Dismissal is not mandatory, despite the use of the word 'must' in the amended rule.").

The 90-day period to move for substitution begins to run once a party[6] in the case (1) "formally suggest[s] the death of the party on the record," and (2) "serve[s] other parties *and nonparty successors or representatives of the deceased* with a suggestion of death[.]" *Gilmore v. Lockard*, 936 F.3d 857, 865 (9th Cir. 2019) (emphasis in original). The second step illuminates the Rule's purpose: to ensure that all interested persons, having been informed of the party's death, can take appropriate action in the case. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994) (citation omitted). So, "where a party files a suggestion of death, it must do so in a manner that puts all interested parties and nonparties on notice of their claims in order to trigger the 90-day window." *Gilmore*, 936 F.3d at 866–67. Accordingly, the 90-day period is not triggered if the

---

[6] Because a deceased party's attorney "is not a party to the action," that attorney "has no authority to suggest the death of his or her client upon the record." *Smith v. Planas*, 151 F.R.D. 547, 549–50 (S.D.N.Y. 1993). "For a suggestion of death to be valid, a representative of a deceased party and not that party's attorney, must make the suggestion of death." *Morales v. CT Holdings, Inc.*, 2001 WL 1204011, at *1 (S.D.N.Y. Oct. 10, 2001). And a deceased's party's attorney prior to death "is not a 'representative of the deceased party' in the sense contemplated by Rule 25(a)(1)." *Rende v. Kay*, 415 F.2d 983, 985 (D.C. Cir. 1969).

party suggesting death fails to serve the notice on nonparties whose identities are "easily ascertainable[.]" *Gilmore*, 936 F.3d at 865.

In this case, those identities are easily ascertainable. Plaintiff's counsel are not Rule 25 representative of Castillo who could be served as a nonparty. *Rende v. Kay*, 415 F.2d 983, 985 (D.C. Cir. 1969) (explaining that a deceased's party's attorney prior to death "is not a 'representative of the deceased party' in the sense contemplated by Rule 25(a)(1)"). But the record indicates that counsel have been in contact with Castillo's family, indicating their ability to ascertain the identities of Castillo's successor-in-interest or personal representative. *See Bailey*, 2020 WL 5763825, at *4 (explaining that among the court's considerations was the fact that "it is clear from the supplemental briefings and supporting evidence submitted by the parties that defense counsel has an existing relationship with [the decedent's] family, whereas Plaintiff does not"). Therefore, in the interest of justice and to avoid unnecessary delay, before Plaintiff's counsel may withdraw, they are ordered to provide Defendant with all necessary information—known to them or accessible to them—needed to identify and properly serve Castillo's nonparty successors or representatives.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's Motion to Lift Stay of Case, (Dkt. 332), is **GRANTED**. The Clerk of the Court is **INSTRUCTED** to remove the stay in this case.

IT IS FURTHER ORDERED that Plaintiff's Motion to Withdraw as Counsel, (Dkt. 333), is **CONDITIONALLY GRANTED** subject to Plaintiff's counsel providing Defendant with all necessary information—known to them or accessible to them—needed to identify and properly serve Castillo's nonparty successors or representatives according to Fed. R. Civ. P. 25(a). Plaintiff's counsel are **ORDERED** to file all provided information in the record and provide proof of service to Defendant. The Clerk of the Court is **INSTRUCTED** to **GRANT** withdrawal once Plaintiff's counsel have complied with the Court's Order.

IT IS SO ORDERED.

Dated March 30, 2024.

_____
ROBERT C. JONES
United States District Judge